KELLY, TROTTER & FRANZEN
John C. Kelly (SBN 125609)
111 West Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785
**jckelly@kellytrotter.com**

Attorneys for Defendants, EISNER HEALTH, CATHERINE L. JACOBS, C.N.M., KENDRA L. SEGURA, M.D.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANTS EISNER HEALTH, CATHERINE JACOBS, C.N.M., KENDRA SEGURA, M.D.'S NOTICE OF REMOVAL PURSUANT TO 42 U.S.C. § 233(*l*)(2), and 28 U.S.C. § 1442**<br><br>**[FEDERAL DEFENDANTS]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442, and on the grounds set forth below, Defendant Eisner Health (a registered trade name of Eisner Pediatric & Family Medical Center), Catherine L. Jacobs, C.N.M., and Kendra L. Segura, M.D., (collectively, "Eisner Defendants") hereby remove to this Court the civil action *VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA v. CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive*, Case No. 23STCV01190, commenced on or about January 19, 2023 in the Superior Court of the State of California for the County of Los

1  Angeles.  A copy of the complaint and state court filings are attached hereto as Exhibit 1.  In

2  support of this Notice of Removal, the Eisner Defendants state the following:

**INTRODUCTION**

3

4      1.      Pediatric & Family Medical Center, d/b/a Eisner Health (referred to herein as

5  "Eisner Health"), is a California-based nonprofit organization that receives federal funding under

6  Section 330 of the PHS Act (42 U.S.C. § 254b) to operate a community-based health center project

7  that provides primary and related health care services to medically underserved residents of

8  specific geographic areas the Secretary of the United States Department of Health and Human

9  Services (HHS) has designated as "medically underserved," regardless of any individual's ability

10  to pay for the services. *See* 42 U.S.C. § 254b(a), (b), (j), (k).

11      2.      The HHS Secretary deemed Eisner Health, along with its employees, to be Public

12  Health Service (PHS) employees for all relevant periods and for purposes of the protection

13  afforded by 42 U.S.C. § 233(a) and (g). Their federal status for calendar year 2022 is confirmed in

14  a Notice of Deeming Action. Ex. 2 (Notice of Deeming Action for CY 2022).

15      3.      The protection afforded to the Eisner Defendants, by virtue of their deemed federal

16  status, is an absolute immunity from any civil action or proceeding resulting from their

17  performance of (or alleged failure to perform) "medical, surgical, dental or related functions"

18  within the scope of their deemed federal employment. 42 U.S.C. § 233(a), (g), and (h).

19      4.      This action falls squarely within that immunity. The complaint plainly alleges that

20  the Eisner Defendants were negligent in rendering medical services from January 20 to 23, 2022,

21  when Plaintiff Aguilar delivered a nonviable baby. Ex. 1 (Compl.) at ¶¶ 4, 10–15. As a health

22  center grantee, Eisner Health is required to provide primary health services, including "prenatal

23  and perinatal services," through either its own staff or other contractual or cooperative

24  arrangements. 42 U.S.C. § 254b(a), (b)(1)(A)(i)(I) ("health services related to . . . obstetrics [and]

25  gynecology that are furnished by physicians and where appropriate, physician assistants, nurse

26  practitioners, and nurse midwives"), (b)(1)(A)(i)(III)(aa) ("prenatal and perinatal services").

27      5.      Moreover, Eisner Health specifically sought and obtained HHS approval to

28  operate—as a Section 330 grant-supported activity—a 24-hour per day, 7 days per week (24/7)

1    call panel for hospital-based and emergency obstetrical and gynecological (OB-GYN) care under

2    a Professional Services Agreement with California Hospital Medical Center. In health center

3    parlance, this action is covered because it resulted from the deemed defendants' "acts or omissions

4    related to grant-supported activity." 42 C.F.R. § 6.6(d). *See, e.g., N.B. by Bray v. Bon Secours*

5    *Mercy Health, Inc.*, 649 F.Supp.3d 631, 639 (S.D. Ohio January 6, 2023) (recognizing—at the

6    urging of the United States—that § 233(a) immunity covers a claim arising out of the deemed

7    health center's grant-supported operation of an "evening and weekend" OB-GYN call-panel at a

8    local hospital pursuant to a Professional Services Agreement between the deemed health center

9    and the non-deemed hospital), *aff'd*, 97 F.4th 403, 416 (6th Cir. 2024) (noting requirement in the

10   Professional Services Agreement between deemed health center and hospital that health center

11   employee-provider obtain "membership on [the hospital's] medical staff prior to providing

12   services at the hospital).

13                                    **JURISDICTION**

14            **Deemed Federal Employee Removal—42 U.S.C. § 233(*l*)(2)**

15            6.      The Court has jurisdiction under 42 U.S.C. § 233(*l*)(2), a federal officer removal

16   statute enacted specifically for the benefit of deemed PHS employees (such as the Eisner

17   Defendants). Section 233(*l*)(2) provides any deemed individual or entity the right to a federal

18   forum for a judicial determination as to the availability of a federal immunity defense. *See*

19   *Friedenberg v. Lane County*, 68 F.4th 1113, 1120 (9th Cir. 2023) ("Section 233 provides that upon

20   removal predicated on § 233(*l*)(2), 'the action shall be stayed ... until such court conducts a hearing,

21   and makes a determination, as to the appropriate forum or procedure for the assertion of the claim

22   for damages ... and issues an order consistent with that determination.'") (citing 42 U.S.C. §

23   233(*l*)(2)); *see also Blumberger v. Tilley*, --- F.4th ----, 2024 WL 4113840, at *20 (9th Cir. Sept.

24   9, 2024) (holding that § 233(*l*)(1) obligates the Attorney General to report the Secretary's

25   prospective "ex-ante" deeming decision to the state court within fifteen days of notice, and, on that

26   timely report, requires removal, regardless of the Attorney General's "litigation specific" coverage

27

28

decision)[1]; *Agyin v. Razmzan*, 986 F. 3d 168, 180 (2d Cir. 2021) ("a party who removed pursuant to § 233(*l*)(2) is entitled to an automatic stay of proceedings"); *Campbell v. S. Jersey Med. Ctr.*, 732 F. App'x 113 (3d Cir. 2018) ("For section 233(*l*)(2) to have any effect, a district court must at least have jurisdiction to substitute the United States when it is appropriate to do so."); *see also Booker v. United States*, Case No. 13–1099, 2015 WL 3884813 *7 (E.D. Pa. June 24, 2015) (recognizing "removal pursuant to § 233(*l*)(2) serves the same purpose as procedure contemplated by [28 U.S.C.] § 2679(d)(3)"]).

7.      The PHS Act imposes no time limit on § 233(*l*)(2) removals. *Estate of Booker v. Greater Philadelphia Health Action*, 10 F.Supp.3d 656, 665-66 (E.D. Pa. 2014) ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves"); *Campbell*, 732 F. App'x 113 (42 U.S.C. § 233(*l*)(2) removal is not permitted *after* entry of default judgment as that is no longer "before trial" within the meaning of § 233(c)); 42 U.S.C. § 233(c) (permits Attorney General to remove state actions on behalf of actual and deemed PHS employees "any time before trial"). Given the commanding language and unmistakable thrust of § 233(*l*), this provision should be broadly construed to facilitate the removal, hearing, and judicial determination expressly contemplated therein. *Cf. Willingham v. Morgan,* 395 U.S. 402, 406–407 (1969) (construing federal officer removal statute, 42 U.S.C. § 1442, broadly in favor of a federal forum to ascertain the availability of a federal defense arising out of official conduct). Section 233(*l*)(2), like the general officer removal statute (28 U.S.C. § 1442), operates as an exception to the well-pleaded complaint rule. *Campbell*, 732 Fed. Appx. at 117.

8.      Where, as here, the claim is covered by the deemed defendant's § 233(a) immunity, § 233(*l*)(2) ensures that the United States is substituted as the only proper defendant its place. *El*

---

[1] The cases often cited in opposition to deemed PHS defendant's removal petitions under § 233(*l*)(2) were either reversed (*i.e.*, *Blumberger v. California Hosp. Med. Ctr.*, No. 22-cv-6066, 2022 WL 16698682 (C.D. Cal. Nov. 2, 2022)), abrogated (*i.e.*, *Sherman v. Sinha*, 843 F. App'x 870 (9th Cir. 2021)), or distinguished (*i.e.*, *Allen v. Christenberry*, 327 F.3d 1290 (11th Cir. 2003)) by the Ninth Circuit's recent decision in *Blumberger*.

NOTICE OF REMOVAL

1    *Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d

2    1265, 1272 (D.C. Cir. 2005); *see also Booker*, 10 F.Supp.3d at 656.

3    **Federal Officer Removal—28 U.S.C. § 1442**

4    9.    The Court also has jurisdiction under 28 U.S.C. § 1442(a)(1), the general officer

5    removal statute. Section 1442(a)(1) affords a right of removal to "any officer (or any person acting

6    under that officer) of the United States or of any agency thereof, sued in an official or individual

7    capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute permits

8    removal even when the underlying federal question arises only as a defense to a state-law claim.

9    *See Jefferson County v. Acker*, 527 U.S. 423, 431 (1999); *Kircher v. Putnam Funds Trust*, 547

10   U.S. 633, 644 n.12 (2006) (noting federal officer removal statute operates as an exception to the

11   "well-pleaded complaint" rule). The general officer removal statute protects important federal

12   interests and must be broadly construed in favor of a federal forum. *See Colorado v. Symes*, 286

13   U.S. 510, 517 (1932) ("It scarcely need be said that such measures [allowing for federal officer

14   removal] are to be liberally construed to give full effect to the purposes for which they were

15   enacted."); *Willingham*, 395 U.S. at 406–07.

16   10.    Pursuant to 42 U.S.C. § 1442(a)(1), the Eisner Defendants are federal officers.

17   When broadly construed, as required, the phrase "any officer" in § 1442 can be read to include the

18   Eisner Defendants as they are each "deemed to be an employee of the Public Health Service" under

19   a federal statute that not only affords them a federal immunity defense but affords an additional

20   removal right as well.

21   11.    Alternatively, Eisner Defendants qualify as persons acting under a federal officer.

22   *Agyin*, 986 F.3d at 177 (holding that (1) an individual deemed PHS employee's removal under 42

23   U.S.C. § 1442 was proper because, as an employee of a deemed health center entity, he was acting

24   under a federal officer with respect to medical and related functions performed on behalf of the

25   health center entity, and (b) a deemed PHS employee enjoyed "the same legal immunity that is

26   extended to employees of the Public Health Service")); *see also* H.R. Rep. 104-398, reprinted in

27   1995 U.S.C.C.A.N. 767, 774 (indicating congressional intent that deemed PHS employees be

28   "covered for malpractice claims under the [FTCA] in the same manner as are employees of the

Public Health Service"); *see also Friedenberg*, 68 F.4th at 1124, 1126-32 (reversing district court's denial of substitution in a state court action that deemed PHS employees removed to federal court pursuant to 28 U.S.C. § 1442 and 42 U.S.C. § 233) (citing H.R. Rep. No. 104-398, at 4, for the point that "Congress intended for deemed PHS employees to receive protection 'in the same manner' as traditional PHS employees during the coverage period").

12.    To invoke § 1442(a)(1), a defendant who is not a federal officer must demonstrate that (1) he or she or it is a "person" under the statute (2) who acted 'under color of federal office' and (3) has a "colorable federal defense." 42 U.S.C. § 1442(a)(1). As a nonprofit corporation, which operates a federal grant project on behalf of HHS, Eisner Health qualifies as a person within the meaning of § 1442. *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008) (finding that the "term 'person' includes corporate persons"). Eisner Health, along with and through its personnel, "acted under" an office of HHS to "assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 149 (2007); 42 U.S.C. § 254(*o*) (the central office of the Health Resources and Services Administration administers Health Center grant program on behalf of the HHS Secretary). In particular, Eisner Health (through its personnel) is statutorily obligated to serve an area or population that the HHS Secretary designated as "medically underserved." *Id.* at 254b(a)(1). Eisner Health and its personnel are therefore supporting the mission of the actual PHS by performing functions that would otherwise fall within PHS responsibilities.

13.    Eisner Health is subject to detailed federal requirements, oversight, and control. *See* H.R. Rep. No. 102-823 at 5 ("Federal requirements associated with the grants are administratively burdensome and address all areas of operation."); *accord Agyin*, 986 F.3d at 177 (concluding community health center was "subject to federal oversight and control" sufficient to render health center physician "acting under" a federal officer for 28 U.S.C. § 1442(a)(1)). Among these requirements is the obligation to provide "prenatal and perinatal services" (among others) to residents of its federally designated service area.

14.    The Eisner Defendants' deemed federal status is irrevocable as to the period at issue and affords "the same" federal immunity that actual PHS employees enjoy under 42 U.S.C. §

233(a). 42 U.S.C. § 233(g)(1)(A) (making remedy against United States "exclusive of any other civil action or proceeding *to the same extent* as the remedy against the United States is exclusive pursuant to subsection (a)") (emphasis added), (F) (providing that deemed status is "final and binding" on the Secretary, the Attorney General, and all parties to litigation). For purposes of § 1442, Eisner Defendants' federal defense is "colorable," to the say the least. *See Blumberger v. Tilley*, --- F.4th ----, 2024 WL 4113840, at *20 (9th Cir. Sept. 9, 2024) (remanding case to federal district court to determine whether deemed PHS employee's removal pursuant to § 1442 was timely and, if it was timely, whether he "was acting under a federal officer for purposes of § 1442").

15.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because the Ninth Circuit issued its decision in *Blumberger*, which constitutes a change in the law clarifying the Eisner Defendants' statutory removal rights, within 30 days of the Eisner Defendants' filing of this Notice. *See Rea v. Michaels Stores Inc.,* 742 F.3d 1234, 1236–37 (9th Cir. 2014); *Garcia v. Walmart Stores Inc.*, 207 F.Supp.3d 1114, 1126 n.12 (C.D. Cal. 2016).

## STATUTORY FRAMEWORK

16.     Under the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870-71 (1970), codified at 42 U.S.C. § 233, PHS personnel are absolutely immune from any civil action or proceeding arising out of their performance of medical, surgical, dental or related functions within the scope of their employment. 42 U.S.C. § 233(a). Section 233(a) extends absolute immunity to PHS personnel by making the remedy for damages against the United States under the FTCA the *exclusive* remedy for such actions. *Id.*

17.     To facilitate the legislative objective of ensuring medical services in underserved areas, 42 U.S.C. § 233(a) shields PHS personnel from personal liability arising out of their performance of medical, surgical, dental, and related functions. Without such protection, reports suggest that the cost of professional liability insurance would greatly hinder or altogether preclude the performance of those duties. *See* § 2, 84 Stat. 1868; H.R. Rep. No. 1662, 91st Cong., 2d Sess. 1 (1970); 116 Cong. Rec. 42,543 (1970) (Rep. Staggers, the House of Representatives sponsor, stating that PHS physicians "cannot afford to take out the customary liability insurance as most doctors do," "because of the low pay that so many of those who work in the [PHS] receive."). To

1   achieve its purpose, the grant of absolute immunity to PHS personnel under 42 U.S.C. § 233(a) is

2   "broad" and "comprehensive." *Hui v. Castaneda*, 559 U.S. 799, 806, 810 (2010).

3       18.    The Federally Supported Health Centers Assistance Act of 1992 (and as amended

4   in 1995) (the "FSHCAA"), codified at 42 U.S.C. § 233(g) *et seq.*, authorizes the Secretary of the

5   U.S. Department of Health and Human Services (HHS) to extend to certain federally funded health

6   centers and their officers, directors, and employees (and certain contractors) the same protection

7   that § 233(a) affords to actual PHS employees. That protection is an "*absolute immunity . . . for*

8   actions arising out of the performance of medical or related functions within the scope of their

9   employment by barring all actions against them for such conduct." *Hui*, 559 U.S. at 806 (emphasis

10  added); 42 U.S.C. § 233(g)(1)(B) (extending 233(a) immunity to deemed PHS employees "to the

11  same extent" as it is afforded to actual PHS employees).

12      19.    To qualify as a deemed entity for § 233(a) immunity, a health center grantee must

13  submit an application with detailed information and supporting documentation sufficient for the

14  HHS Secretary to verify that the coverage should apply to all services provided by the health center

15  to patients and in certain circumstances non-patients of the center. The applicant is also required

16  to demonstrate that the health center meets four requirements listed in § 233(h), including a

17  requirement to "implement[] appropriate policies and procedures to reduce the risk of malpractice

18  *and the risk of* lawsuits *arising out of any health or health-related functions performed by the*

19  *entity.*" 42 U.S.C. § 233(g)(1)(D) and (h) (emphasis added).

20      20.    The statute requires the Secretary to make a deeming determination for health

21  centers and their personnel within 30 days of receipt of such an application. *Id.* at § 233(g)(1)(E).

22  The application seeks § 233(a) immunity in advance of and with respect to a specific prospective

23  period (*i.e.*, calendar year). A favorable deeming determination by the Secretary (which confers

24  immunity) is "final and binding" (42 U.S.C. § 233(g)(1)(D)-(F)) on HHS, the Attorney General,

25  and "other parties to *any* civil action or proceeding." 42 U.S.C. § 233(g)(1)(F) (emphasis added),

26  with respect to the designated period.

27      21.    By requiring a prompt and advance deeming determination, which constitutes a

28  final and binding determination on all parties for a specified and prospective period, and conferring

NOTICE OF REMOVAL

absolute immunity from any action or proceeding resulting from covered conduct for that period, the FSHCAA is designed to eliminate a federally-funded health center's need to purchase (expensive) private professional liability insurance for actions arising out of the performance of medical or related functions within the scope of their employment and in so doing allows centers to devote their federal grant funds to patient services (rather than insurance premiums). *See* H.R. Rep. 102-823, pt. 1, at 3 (1992).

22. When a civil action or proceeding is brought against a deemed PHS employee, the entity or individual has a duty to deliver the pleadings to the grantor agency's designated representative, which is HHS's Office of General Counsel (OGC). HHS OGC is, in turn, required to "promptly" provide copies of the pleadings to the Attorney General and appropriate local U.S. Attorney. 42 U.S.C. § 233(b).

23. Upon notification of a state court action against a deemed individual or entity (which is confirmed by a Notice of Deeming Action), the Attorney General has a mandatory (non-discretionary) duty to appear in that court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding." *Id.* at § 233(*l*)(1). The report to the state or local court of the HHS Secretary's deeming determination is—for § 233(*l*)(1)'s removal purpose—also "deemed to satisfy the provisions of [42 U.S.C. § 233(c)] that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility." *Id.* at § 233(*l*)(1); *see Blumberger*, 2024 WL 4113840, at *15 (finding that "removal is necessary" once the Attorney General reports "the Secretary's prospective deeming decision" to the state court); *Cf.* 28 U.S.C. § 2679(d)(3). "Naturally, the availability of a judicial hearing does not mean that the Government's view of the rights and responsibilities of the parties will be determined to have been in error, but it does mean that the issue will be determined by a judge and subject to appellate review." *Kezer v. Penobscot Cmty. Health Ctr.*, No. 15-cv-00225-JAW, 2016 BL 516708, at *7 (D. Me. Aug. 15,

1    2016) (citing *Hui*, 559 U.S. at 811) ("To be sure, [§ 233(a)] immunity is contingent upon the

2    alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant

3    may make that proof subject to the ordinary rules of evidence and procedure.").

4         24.    As the Ninth Circuit recently recognized, § 233(*l*)(1) requires the Attorney General

5    to report the HHS Secretary's prospective deeming determination—which is made in advance of

6    any litigation—rather than his own scope-of-employment determination. *Blumberger*, 2024 WL

7    4113840, at *11–12, *15. For purposes of § 233(*l*)(1), a defendant is "deemed . . . with respect to

8    the actions or omissions" giving rise to a lawsuit "if he was deemed for the relevant time period

9    and was providing services for which § 233 would supply immunity." *Id.* at *12. The Attorney

10   General may only inform the state court that a defendant is not deemed if "if the acts or omissions

11   identified in the complaint fall outside the category of services for which the defendant is deemed,

12   such as a part-time contractor sued for negligent dental care" or "if the defendant was not deemed

13   for the time period encompassing the relevant acts or omissions." *See id.* Full- and part-time

14   employees of a deemed entity "are generally covered for all 'medical, surgical, dental, or related

15   functions'" arising during the deemed time period. *Id.* Accordingly, to report whether a defendant

16   was deemed—and thereby to trigger removal—the Attorney General "requires access to only two

17   documents—the deeming notice issued by HHS and the complaint." *Id.* at 14.

18        25.    If, despite that mandatory duty, the Attorney General (or his or her authorized

19   representative) fails to appear in the state court action or proceeding within 15 days of notice of

20   the state action for the purpose of removing it to federal court, 42 U.S.C. § 233(*l*)(1) (mandatory

21   appearance serves a singular purpose), the deemed entity or individual has an absolute right to

22   remove the matter to the appropriate federal district court, without any time limit for doing so. *Id.*

23   at § 233(*l*)(2). Section 233(*l*)(2) provides "supplemental removals rights to persons in a specific

24   situation, even though such persons also may sometimes remove under [28 U.S.C.] § 1442," which

25   is the general officer removal statute. *Agyin*, 986 F.3d at 180.

26        26.    Upon removal, the state court proceeding is stayed by operation of law until the

27   federal district court conducts a "hearing" to determine the proper forum or procedure and issues

28   an order consistent with its determination. 42 U.S.C. § 233(*l*)(2).

27.     The hearing in federal district court following § 233(*l*)(2) removal allows a deemed entity or individual to challenge the federal government's failure or refusal to certify that the deemed defendant was performing medical or related functions within the scope of its (his or her) employment as a deemed Public Health Service employee with respect to claims against it (him or her) and substitute the United States as the only proper defendant in its (his or her) place.

## FACTUAL AND PROCEDURAL BACKGROUND PERTINENT
## TO THE GROUNDS FOR REMOVAL

28.     On or about January 19, 2023, Plaintiffs filed this action in Los Angeles County Superior Court.

29.     On July 19, 2023, after receiving notice of this action, the United States Attorney for the Central District of California filed a "Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1)" reporting that whether the Eisner Defendants "are 'deemed' to be 'employee[s] of the Public Health Service' for purposes of 42 U.S.C. § 233, with respect to the actions or omissions that are the subject of this civil action" was "under consideration."

30.     Nearly nine months later, on April 17, 2024, the United States Attorney for the Central District of California filed an "Amended Notice to State Court Pursuant to 42 U.S.C. § 233(*l*)(1)" alleging that the Eisner Defendants "are not 'deemed' to be [] 'employee[s] of the Public Health Services" for the actions or omissions at issue in this case.

31.     On September 9, 2024, the Ninth Circuit issued its published opinion in *Blumberger v. Tilley*, --- F.4th ----, 2024 WL 4113840. Relevant to this action, *Blumberger* holds that 42 U.S.C. § 233(*l*)(1) requires the Attorney General (or his designee) to report the HHS Secretary's "ex-ante deeming decision"—*i.e.*, the decision made in advance of any litigation and reflected in a Notice of Deeming Action—rather than the Attorney General's (or Secretary's) ex-post determination as to whether that deeming provides immunity in a particular case. *Id.* at *14–15. Once the Attorney General reports that a defendant was "deemed" to be a PHS employee for the period at issue— even if he simultaneously reports that the defendant "was not acting within the scope of its employment during the allegedly tortious conduct"—the Attorney General is required to remove the case to federal court. *Id.* at *15.

32.    Accordingly, pursuant to *Blumberger*, the Attorney General failed to comply with his mandatory duty (under § 233(*l*)(1)) to report the Secretary's deeming determination within 15 days of receiving notice. He also later *incorrectly* informed the state court that the Eisner Defendants *are not deemed* with respect to this lawsuit. Thirty days after the Ninth Circuit issued its decision in *Blumberger*, the Attorney General has failed to correct his erroneous notice to the state court and to remove this case to federal court.

## EISNER DEFENDANTS' ABSOLUTE IMMUNITY
## COVERS THIS ACTION

33.    As previously stated, § 233(a) provides absolute immunity to deemed PHS employees "for damage for personal injury, including death, *resulting from the performance of medical*, surgical, dental, *or related functions*, [...] while acting within the scope of his office or employment." 42 U.S.C. § 233(a), (g); *Hui*, 559 U.S. at 806 (immunity is broad enough to "easily accommodate both known and unknown causes of action"); *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1128 (9th Cir. 2023) ("the scope of § 233 immunity does not depend on whether the claim is framed as one of medical malpractice, but rather whether the claim is the result of the defendant's "performance of medical, surgical, dental, or related functions") (citing 42 U.S.C. § 233(a) and (g)).

34.    The Eisner Defendants satisfy the fundamental elements of § 233(a) immunity: (1) they were irrevocably deemed to be PHS employees for the calendar year in which the events giving rise to this action occurred, (2) the action against them "resulted from" their "performance of medical, surgical, ... or related functions," and (3) those acts or omissions were performed within the scope of their employment as deemed PHS employees. 42 U.S.C. § 233(a).

35.    The Secretary deemed Eisner and its employees (including the individually named defendants) to be PHS employees for the period (i.e., calendar year 2022) in which the events giving rise to this civil action occurred. *See* Ex. 2 (Notice of Deeming Action). That deemed status—and the § 233(a) immunity it affords—is irrefutable and irrevocable as a matter of law. 42 U.S.C. § 233(g)(1)(F) (deemed status is "final and binding" on the government and all parties to litigation for the specified period, with one exception that is inapplicable here).

36.    Plaintiffs' claims resulted from the Eisner Defendants' performance of medical, surgical, or related functions within the meaning of 42 U.S.C. § 233(a). *See* Ex. 1 (Compl.) at ¶¶ 4, 5, 12–13 (identifying Eisner Defendants as medical providers providing medical services to Plaintiff Aguilar. Plaintiffs claim that the Eisner Defendants "failed to provide proper care" for Plaintiff Aguilar in connection with delivery of her baby from January 20 to 23, 2022. *Id.* ¶ 13.

37.    Labor and delivery services are not only commonly understood as medical (and sometimes surgical) functions, but they are "required primary health services" under the statute that makes the Eisner Defendants eligible for a federal immunity in the first place. 42 U.S.C. § 233(g)(4) (receipt of funding under 42 U.S.C. § 254b is a prerequisite for deemed status and immunity).

38.    42 U.S.C. § 254b(b)(1) defines and authorizes the services a federally supported health center (like Eisner Health) may provide to residents of its service area. 42 U.S.C. § 254b(a) (health center must provide required services through its own "staff and supporting resources" or "through contracts or cooperative arrangements"), (b)(1)(A)(i)(I) ("health services related to . . . obstetrics [and] gynecology that are furnished by physicians and where appropriate, physician assistants, nurse practitioners, and nurse midwives"), (b)(1)(A)(i)(III)(aa) ("prenatal and perinatal services"), (b)(2) ("additional health services . . . that are appropriate to meet the health needs of the population served by the health center involved"). Moreover, the FSHCAA expressly contemplates deemed PHS employees providing—and having immunity from claims arising out of—hospital-based, inpatient "services in the fields of ... obstetrics [and] gynecology." 42 U.S.C. § 233(g)(5); *id.* at § 233(j) (enforcing "hospital admitting privileges" for deemed PHS employees).

39.    Because the allegations against the Eisner Defendants either concern or relate directly to their performance of medical functions and clinical decision-making, their underlying conduct (that resulted in this lawsuit) easily falls within the protected ambit of the "medical, surgical . . . or related functions" described in § 233(a). *Agyin*, 986 F. 3d at 185 (recognizing prenatal and perinatal services as "medical" functions within the scope of § 233(a) immunity); *Smith v. Harbison*, No. 19-cv-152-CDL, 2020 WL 6216758 *3–4 (M.D. Ga. Oct. 22, 2020) (recognizing § 233(a) immunity for deemed physician's OB-GYN cross-coverage arrangement

1    with non-health center physicians and deliveries of non-health center patients); *Obispo v. Bronx*

2    *Lebanon Hosp.*, No. 19-cv-2815, 2019 BL 481561 (S.D.N.Y. Dec. 17, 2019) (ordering United

3    States substituted in suit arising from allegedly negligent induction of labor); *Rosenblatt v. St.*

4    *John's Episcopal Hosp.*, No. 11-cv-1106, 2012 BL 26421 (E.D.N.Y. Jan. 31, 2012) (ordering

5    substitution in suit arising from OB-GYN's allegedly negligent provision of labor and delivery

6    services); *Ortiz ex rel. Ortiz v. United States*, No. 03-cv-6541-AWI-SMS, 2007 WL 404899 *1

7    (E.D. Ca. Feb. 2, 2007) (recognizing that United States substituted itself for deemed PHS physician

8    who "was acting in the course and scope of her duties" when performing delivery services for an

9    established patient of a deemed health center).

10        40.    The question of whether a deemed PHS employee acted within the scope of his or

11    her (or its) employment is determined through a holistic, fact-based inquiry in keeping with the

12    law of the place where the alleged acts and omissions occurred. 42 U.S.C. § 233(a) (referencing

13    28 U.S.C. § 1346(b)); *Kashin v. Kent*, 457 F.3d 1033 (9th Cir. 2006) ("[t]he law applicable to

14    determine whether a government employee was acting within the scope of employment is 'the law

15    of the place where the act or omission occurred'") (citing 28 U.S.C. § 1346(b)(1)); *see also Agyin*,

16    986 F. 3d at 171, 184 (recognizing that deemed PHS defendant's "scope of employment" is

17    unambiguously governed by the "'law of the place'") (citing and quoting 28 U.S.C. § 1346(b)(1)).

18        41.    Under California law, scope of employment is "interpreted broadly under the

19    respondeat superior doctrine." *McLachian v. Bell*, 261 F.3d 908, 912 (9th Cir. 2001) (citing

20    *Farmers Ins. Group v. Cnty of Santa Clara*, 906 P.2d 440, 448 (1995)). As the Supreme Court of

21    California has explained: an employer is liable for risks "arising out of the employment." *Perez v.*

22    *Van Groningen & Sons, Inc.*, 719 P.2d 676, 678–79 (1986) (citations omitted). "A risk arises out

23    of the employment when 'in the context of the particular enterprise an employee's conduct is not

24    so unusual or startling that it would seem unfair to include the loss resulting from it among other

25    costs of the employer's business . . . the inquiry should be whether the risk was one 'that may fairly

26    be regarded as typical of or broadly incidental' to the enterprise undertaken by the employer." *Id.*

27    (citations omitted).

28        42.    Here, there is no genuine dispute that Eisner Health hired Catherine L. Jacobs,

1    C.N.M., and Kendra L. Segura, M.D., as employees, to provide hospital-based and emergency OB-

2    GYN and midwife services to residents of its catchment area. With respect to Plaintiffs'

3    allegations, the individual defendants were doing precisely what Eisner Health hired them to do

4    on its behalf—*i.e.*, performing labor and delivery services at California Hospital Medical Center

5    for residents of Eisner Health's federally-designated service area. Plaintiffs Aguilar, as a resident

6    of Eisner's service area, presented to California Hospital Medical Center in need of labor and

7    delivery services on or about January 20 to January 23, 2022. Thus, the Eisner Defendants, during

8    a period in which they were deemed to be PHS employees, carried out Eisner Health's grant-

9    supported duty to provide "prenatal and perinatal services" to her. 42 U.S.C. § 254b(a),

10   (b)(1)(A)(i)(I) and (III), (b)(2).

11        43.    In exchange for their respective Eisner salary and compensation, each individual

12   defendant assigned to Eisner Health any right to payment for their services, including their services

13   to Plaintiffs. This compensation arrangement reflects and confirms the fact that they were acting

14   on behalf of Eisner Health, and Eisner Health alone, with respect to the acts and omissions alleged

15   in the Complaint. Because they were paid by Eisner Health to provide required medical and related

16   services to Plaintiffs, as residents of its service area and pursuant to a contractual arrangement for

17   which Eisner Health sought and obtained HHS approval, it is only natural (not the least bit

18   "unusual or startling") to view the Eisner Defendants' conduct "as typical of or broadly incidental

19   to the enterprise undertaken by [Eisner]," *Perez*, 719 P.2d at 678-79 (internal quotations and

20   citations omitted).

21        44.    In the agency's own words, the acts or omissions of the Eisner Defendants "related

22   to grant-supported activity" of Eisner Health. 42 C.F.R. § 6.6(d). Whether activity of a deemed

23   entity (or its employees) is "related to grant-supported activity" is not a separate hurdle constructed

24   of agency policies and guidance, but part and parcel of the scope of employment inquiry the

25   statutes demand. *See* 42 U.S.C. § 233(a), (l)(1)-(2); 28 U.S.C. § 1346(b); *see also* FTCA Manual

26   at 7 (July 21, 2014) (evincing agency position that scope of project is an aspect of scope of

27   employment).

28        45.    Eisner Health's grant-related activities—its "enterprise" in California's respondeat

superior lexicon—includes, at a minimum and from HRSA's own perspective, "the performance of medical, surgical, dental, or related functions within the scope of the approved Federal section 330 grant project, which includes sites, services, and other activities or locations, as defined in the covered entity's grant application and any subsequently approved change in scope requests." FTCA Manual at 8 (emphasis added); *see also* HRSA, Health Center Program Requirements Manual, Ch. 17 (asserting agency view that activity is "grant-supported" if associated expenses and revenue are included within center's annually-submitted "total budget"); *see also* HRSA PIN 2008-01 at 1 (defining "scope of project" as "the activities that the total approved grant-related project budget supports").

46.    Eisner Health specifically sought and obtained HHS approval to operate—as a Section 330 grant-supported activity—a 24-hour per day, 7 days per week (24/7) call panel for hospital-based and emergency obstetrical and gynecological (OB-GYN) care under a Professional Services Agreement with California Hospital Medical Center. That request—which was approved in 2008 (with a 2007 effective date)—not only described the activities in significant detail but it attached a complete copy of Eisner Health's "Professional Services Agreement" with California Hospital Medical Center, which delineated their respective roles and responsibilities.

47.    Although HRSA, eight years later (in July 2015), took action to remove the California Hospital site from Eisner's scope of project, that action was declared unlawful and vacated in 2022. *See* Pediatric and Family Medical Foundation, 2021 WL 3878647, at *2, on remand at No. 17-cv-00732-FLA (C.D. Ca.). The vacatur afforded Eisner a status quo ante remedy—that is, it put Eisner into a position as if HRSA's July 2015 action had never happened. *Nat. Res. Def. Council v. EPA*, 38 F.4th 34, 51 (9th Cir. 2022) ("Vacatur is the traditional remedy for erroneous administrative decisions"); *Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 854–855 (D.C. Cir. 1987) (noting that vacatur of agency action restores conditions to status quo ante); 5 U.S.C. 706(2)(A) ("the reviewing court shall decide all relevant questions of law" and "shall...set aside agency action...found to be...arbitrary [or] capricious"). Because it is as if HRSA never acted to remove the California Hospital site from Eisner's scope of project, that site must be viewed (along with its other approved sites, services, activities) as having been included

in and a part of Eisner's annual grant applications. When a site is included in a health center's scope of project, there is, thereafter, no reason or occasion for the health center to ask to re-include the site within its scope of project, assuming (as is the case here) the health center's Section 330 grant funding has been continuous.

48.    *N.B. by Bray v. Bon Secours Mercy Health, Inc.*, 649 F.Supp.3d 631 – Dist. Court, SD Ohio, is an example of an analogous arrangement in which the court (and the government) recognized a deemed health center's OB-GYN call panel activities as covered by § 233(a) immunity. In *Bray*, the health center, through its physician employees, operated an "evening and weekend" OB-GYN call-panel at a local hospital to address a shortage of primary care providers— *i.e.*, the local hospital "lacked 'an OB/GYN residency program to cover the hospital." *Id.* at *2. The named physician-defendant (Dr. Thress) was employed by the health center. As condition of his employment, and pursuant to the health center's Professional Services Agreement with the hospital, Dr. Thress had to take on-call shifts. Because he was working an on-call shift at the time of the alleged malpractice and both required and paid to do so by health center, the Bray court had no trouble finding that Dr. Thress was acting within his health center scope of employment. *Id.* at *5 ("there is no question that Dr. Thress was acting within the scope of his employment with [the deemed health center] when providing services to [the plaintiff,] Ms. Bray").

49.    Even though the *Bray* health center's Section 330 grant application made no mention of its Professional Services Agreement to provide OB/GYN call coverage and professional medical services to a local hospital or even the name of the hospital, the court "nonetheless" found that the health center's grant application had adequately notified HHS of its intention to provide OB-GYN services in local hospitals (as a grant supported activity). The court also recognized that "the question is not whether the act itself is grant-supported, but rather whether the act 'relates to grant-supported activities." *Id.* at *6 (citing 42 U.S.C. § 6.6(d)) (emphasis in original). Accordingly, the court concluded that Dr. Thress's performance of on-call duties at the local hospital was "conduct related to the grant supported activities" of the deemed health center. *Id.* at *5-6 (citing *Smith v. Harbison*, No. 4:19-cv-152-CDL, 2020 WL 6216758 (M.D. Ga. Oct. 22, 2020)); *Harbison*, 2020 WL 6216758, at *3–4 (reading "as a whole" deemed health center's

1  grant application as having adequately notified HHS of its intention to provide services to the
2  underserved at non-health center hospital sites in its service area); see also Health Center
3  Compliance Manual, at 36 (recognizing, as "related considerations," that health centers have
4  "discretion" in deciding "the most appropriate means" to ensure that "the patient population
5  served, and the service area" have access to the health center's required services).

6      50.    In contrast, *Thomas v. Phoebe Putney Health Sys., Inc.*, No. 18-cv-096 (LAG),
7  2019 WL 6039976 at *3–5 (M.D. Ga. Mar. 6, 2019) illustrates a call-panel activity of a health
8  center that is financially "completely separate" from a health center's scope of project, and thus
9  not grant supported. In *Thomas*, the deemed health center had a contractual arrangement by which
10  it provided 24 hour per day, 7 days per week pediatric inpatient medical services to a hospital. The
11  malpractice claim arising out of those activities was not covered by § 233(a) immunity because
12  the activity was financially "completely separate" from its grant project. *Id.* at *1 ("the income
13  [the health center] derives from the [Agreement for Pediatric Inpatient Medicine Services] is
14  completely separate from the income derived from the [health center] Grant" project). Where, as
15  in Thomas, a health center's activity is financially carved out of the "total budget" and thus
16  "completely separate from the Grant," the activity is known as an "other line of business" in terms
17  of HRSA policy. Health Center Program Compliance Manual, Ch. 17: Budget ("If the health center
18  organization conducts other lines of business (i.e., activities that are not part of the HRSA-
19  approved scope of project), the costs of [and revenue from] these other activities are not included
20  in   the   annual   budget   for   the   Health   Center   Program   project),   available   at
21  https://bphc.hrsa.gov/compliance/compliance-manual/chapter17.

22      51.    At the time of the alleged incident and as deemed PHS employees, the Eisner
23  Defendants were carrying out Eisner Health's Section 330 obligation to provide "perinatal" and
24  related services to residents of its service area in need of such services, and acting in accordance
25  with a HRSA-approved Professional Services Agreement with California Hospital Medical Center
26  to do so. There is simply no question that their "conduct related to the grant-supported activities"
27  of Eisner Health's Section 330 project. *Bray*, 2023 WL 117495, at *5–6. Accordingly, certification
28  and substitution are necessary to effectuate and vindicate their federal status and immunity under

42 U.S.C. § 233 *et seq.*

52.    In other words, because § 233(a) immunity operates like an occurrence-based insurance policy, covering actions arising out of covered conduct (*i.e.*, grant supported activities) that occurred in a deemed period, regardless of when the claim is made, the alleged conduct (*i.e.*, the performance of labor and delivery services) of the Eisner Defendants at California Hospital Medical Center site is inescapably grant-supported for the past period in which the alleged events occurred—i.e., CY 2022. 42 U.S.C. § 233(a); FTCA Manual at 7 ("FTCA coverage is analogous to an occurrence form of malpractice insurance").

## OTHER PROCEDURAL REQUIREMENTS

53.    Venue before this court is proper because this Notice of Removal is filed in the federal district court that embraces the place where the local state court matter is pending. *See* 28 U.S.C. §§ 1441(a), 84(c)(2).

54.    In addition, a copy of this Notice of Removal is being contemporaneously filed with the clerk of the local state court where this action was filed, and notice is being given to Plaintiffs and the United States Attorney for the Central District of California. 28 U.S.C. § 1446(d).

55.    Pursuant to 42 U.S.C. § 233(*l*)(2), all proceedings in this case are automatically stayed pending the Court's hearing and threshold immunity determination. 42 U.S.C. § 233(*l*)(2) (upon removal, "[t]he civil action … shall be stayed in ["the appropriate United States district court"] until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination"); *Estate of Campbell*, 732 Fed. Appx. at 118.

## CONCLUSION

For the forgoing reasons, the Court should, after conducting a hearing pursuant to 42 U.S.C. § 233(*l*)(2), substitute the United States as the only proper defendant in place of Eisner Health (a registered trade name of Pediatric & Family Medical Center), Catherine L. Jacobs, C.N.M., and Kendra L. Segura, M.D., in the above-captioned action.

Dated:  October 9, 2024                              Respectfully submitted,

                                                    KELLY, TROTTER & FRANZEN

                                                    _____
                                                    John C. Kelly (SBN 125609)
                                                    111 West Ocean Boulevard, 14th Floor
                                                    Post Office Box 22636
                                                    Long Beach, California 90801-5636
                                                    Tel: 562.432.5855
                                                    jckelly@cktflaw.com

                                                    *Counsel for Defendants Eisner Health,
                                                    Catherine L. Jacobs, C.N.M., and Kendra L. Segura,
                                                    M.D.*

NOTICE OF REMOVAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Nicholas J. Leonard,Esq \| SBN:  260322<br>IKUTA HEMESATH LLP<br>1327 North Broadway   Santa Ana, CA 92706<br>TELEPHONE NO.: (949) 229-5654 \| FAX NO. (949) 203-2162 \| E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):*  Plaintiff(s): Veronica Paz Aguilar, et al. | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/19/2023 4:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miro, Deputy Clerk** |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 N. HILL STREET

CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117

BRANCH NAME: STANLEY MOSK

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.

DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>23STCV01190 |
| | Ref. No. or File No.:<br>Paz Aguilar |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ other *(specify documents):*  **Notice of Case Management Conference; Notice of Case Assignment - Unlimited Civil Case; Civil Case Cover Sheet Addendum and Statement of Location; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)**

3. a.  Party served *(specify name of party as shown on documents served):*

   **Kendra L. Segura, M.D.**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:  **3834 S Western Ave**
                                             **Los Angeles, CA 90062-1104**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* 3/22/2023  at  *(time):* 1:27 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

     **Cindy Hernandez - Authorized to Accept**

     Age: 31 - 35 | Weight: 161-180 Lbs | Hair: Black | Sex: Female | Height: 5'7 - 6'0 | Eyes: Brown | Race: Asian

     (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

     (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

     (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

     (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*     **or** ☑ a declaration of mailing is attached.

     (5) ☑ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/OC126687**

PETITIONER: Veronica Paz Aguilar, et al.

RESPONDENT: Catherine L. Jacobs, CNM, et al.

23STCV01190

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                              (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☑ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Robert Brooks - Nationwide Legal, LLC REG: 12-234648**

b. Address: **901 W. Civic Center Drive, Suite# 190  Santa Ana, CA 92703**

c. Telephone number: **(714) 558-2400**

d. **The fee** for service was: **$ 159.85**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:
   (i) ☐ owner   ☐ employee   ☑ independent contractor.
   (ii) Registration No.: **2018032404**
   (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/22/2023**

**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

_____          ▶          _____
            **Robert Brooks**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)
Nicholas J. Leonard,Esq | SBN:  260322
IKUTA HEMESATH LLP
1327 North Broadway  Santa Ana, CA 92706

TELEPHONE NO.: (949) 229-5654 | FAX NO. (949) 203-2162 | E-MAIL ADDRESS
ATTORNEY FOR *(Name):* Plaintiff(s): Veronica Paz Aguilar, et al.

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 N. HILL STREET

MAILING ADDRESS:

CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117

BRANCH NAME: STANLEY MOSK

PLAINTIFF/PETITIONER:  Veronica Paz Aguilar, et al.

DEFENDANT/RESPONDENT:  Catherine L. Jacobs, CNM, et al.

CASE NUMBER:
23STCV01190

| | |
|---|---|
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:  Paz Aguilar |

I, Robert Brooks , declare: I am a Registered Process Server and was retained to serve process in the above-referenced matter on the following person or entity: Kendra L. Segura, M.D. as follows:
Documents:

**Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Notice of Case Management Conference; Notice of Case Assignment - Unlimited Civil Case; Civil Case Cover Sheet Addendum and Statement of Location; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)**

I attempted personal service on the following dates and times with the following results:

| Date | Time | Location | Results |
|---|---|---|---|
| 3/20/2023 | 10:36 AM | Business | Per Cindy Hernandez, receptionist, Dr not available. 3834 S Western Ave,  Los Angeles, CA 900621104 |
| 3/21/2023 | 4:15 PM | Business | Per receptionist Dr is not available. 3834 S Western Ave,  Los Angeles, CA 900621104 |
| 3/22/2023 | 1:27 PM | Business | Substituted service on: Kendra L. Segura, M.D.; 3834 S Western Ave, Los Angeles, CA 90062-1104; by serving: Cindy Hernandez - Authorized to Accept, Asian Female 31 - 35 161-180 Lbs Black 5'7 - 6'0 Brown. |

Fee for Service: **$ 159.85**


County:  **Los Angeles**
Registration No.: **2018032404**
**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 22, 2023.

Signature:

**Robert Brooks**

**AFFIDAVIT OF REASONABLE DILIGENCE**

Order#: OC126687

| | |
|---|---|
| Attorney or Party without Attorney:<br>Nicholas J. Leonard, Esq, SBN: 260322<br>IKUTA HEMESATH LLP<br>1327 North Broadway<br>Santa Ana, CA 92706<br>TELEPHONE No.: (949) 229-5654    FAX No. (Optional): (949) 203-2162 | FOR COURT USE ONLY |

E-MAIL ADDRESS (Optional):

Attorney for: Plaintiff(s) Veronica Paz Aguilar, et al.

| Ref No. or File No.: |
|---|
| Paz Aguilar |

Insert name of Court, and Judicial District and Branch Court:

**LOS ANGELES COUNTY SUPERIOR COURT - STANLEY MOSK**

Petitioner: Veronica Paz Aguilar, et al.

Respondent: Catherine L. Jacobs, CNM, et al.

| **PROOF OF SERVICE BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>23STCV01190 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action.  I am employed in the county where the mailing occured.

2. I served copies of the Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Notice of Case Management Conference; Notice of Case Assignment - Unlimited Civil Case; Civil Case Cover Sheet Addendum and Statement of Location; First Amended General Order; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Santa Ana, California, addressed as  follows:

    a. Date of Mailing:        March 24, 2023
    b. Place of Mailing:      Santa Ana, CA
    c. Addressed as follows:   Kendra L. Segura, M.D.
                            3834 S Western Ave
                            Los Angeles, CA 90062-1104

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Santa Ana, California in the ordinary course of  business.

Fee for Service: **$ 159.85**
**Nationwide Legal, LLC REG: 12-234648**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **March 22, 2023**.

Signature: _____

                               **Sheri Nadari**

**PROOF OF SERVICE BY MAIL**

Order#: OC126687/mailproof

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Leonard,Esq \| SBN: 260322<br>IKUTA HEMESATH LLP<br>1327 North Broadway  Santa Ana, CA 92706<br><br>TELEPHONE NO.: (949) 229-5654 \| FAX NO. (949) 203-2162 \| E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff(s): Veronica Paz Aguilar, et al. | *Electronically FILED by*<br>*Superior Court of California,*<br>*County of Los Angeles*<br>*4/19/2023 4:57 PM*<br>*David W. Slayton,*<br>*Executive Officer/Clerk of Court,*<br>*By A. Miro, Deputy Clerk* |

**LOS ANGELES COUNTY SUPERIOR COURT**

STREET ADDRESS: 111 N. HILL STREET

CITY AND ZIP CODE: LOS ANGELES, CA 90012-3117

BRANCH NAME: STANLEY MOSK

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.<br>DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Paz Aguilar |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ other *(specify documents):* **Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Management Conference; First Amended General Order; Notice of Case Assignment-Unlimited Civil Case; Voluntary Efficient Litigation Stipulations; Order Pursuant to CCP 1054(a)**

3. a. Party served *(specify name of party as shown on documents served):*

   **EISNER HEALTH**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **Jorge Banuelos - Director/ Human Resources, Authorized to Accept Service**

   **Age: 51-55 \| Weight: 241-260 Lbs \| Hair: Gray /White \| Sex: Male \| Height: 5'7 - 6'0 \| Eyes: Brown \| Race: Caucasian**

4. Address where the party was served:  **1530 S Olive St**
   **Los Angeles, CA 90015-3023**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/29/2023**  (2) at *(time):* **9:50 AM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*  **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/OC126841** |

PETITIONER: Veronica Paz Aguilar, et al.

RESPONDENT: Catherine L. Jacobs, CNM, et al.

23STCV01190

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **EISNER HEALTH**
under the following Code of Civil Procedure section:

☐ 416.10 (corporation)                       ☐ 415.95 (business organization, form unknown)
☐ 416.20 (defunct corporation)               ☐ 416.60 (minor)
☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
☐ 416.50 (public entity)                     ☐ 415.46 (occupant)
                                             ☑ other: **business entity form unknown**

7. **Person who served papers**
   a. Name:  **Dion Jones - Nationwide Legal, LLC REG: 12-234648**
   b. Address:  **901 W. Civic Center Drive, Suite# 190  Santa Ana, CA 92703**
   c. Telephone number:  **(714) 558-2400**
   d. **The fee** for service was: **$ 154.85**
   e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☑ independent contractor.
      (ii) Registration No.: **2013128925**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/29/2023**

**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

───────────────────
**Dion Jones**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          ▶

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Leonard,Esq | SBN: 260322<br>IKUTA HEMESATH LLP<br>1327 North Broadway   Santa Ana, CA 92706<br><br>TELEPHONE NO.: (949) 229-5654 | FAX NO. (949) 203-2162 | E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiffs: VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/19/2023 4:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miro, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 NORTH HILL STREET

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA<br>DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM; et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Paz Aguilar |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ other *(specify documents):* **See attached Document List**

3. a. Party served *(specify name of party as shown on documents served):*

   **California Hospital Medical Center**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **CT Corporation System, Registered Agent, by serving Daisy Montenegro - Agent For Service Of Process**

   Age: 31-35 | Weight: 181-200 Lbs | Hair: Black | Sex: Female | Height: 5'7 - 6'0 | Eyes: Brown | Race: Latino

4. Address where the party was served:  **330 N Brand Blvd**
   **Glendale, CA 91203-2308**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **3/21/2023**   (2) at *(time):* **12:30 PM**

   b. ☐ **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):* from *(city):*                        **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**Nationwide Legal, LLC**
901 W. Civic Center Drive, Suite# 190
Santa Ana, CA 92703
Phone: (714) 558-2400   Fax: (714) 558-2401

Continued from Proof of Service

**CLIENT:** IKUTA HEMESATH LLP

**CLIENT FILE #:** Paz Aguilar                    **DATE:** March 21, 2023

**SUBJECT:** California Hospital Medical Center

**SERVED:** - Process Specialist

`Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Voluntary Efficient Litigation Stipulations; Notice of Case Management Conference; Civil Case Cover Sheet Addendum And Statement Of Location; First Amended General Order Re Mandatory Electronic Filing For Civil; Order Pursuant To CCP 1054(A), Extending Time To Respond By 30 Days When Parties Agree To Early Organizational Meeting Stipulation; Notice Of Case Assignment - Unlimited Civil Case`



Order#: OC126839/DocAtt2010

PETITIONER: VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CARDOSA

RESPONDENT: Catherine L. Jacobs, CNM; et al.

23STCV01190

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                 (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify)*:
c. ☐ as occupant.
d. ☑ On behalf of **California Hospital Medical Center**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                  ☑ other: **business entity form unknown**

7. **Person who served papers**
   a. Name: **Dion Jones - Nationwide Legal, LLC REG: 12-234648**
   b. Address: **901 W. Civic Center Drive, Suite# 190  Santa Ana, CA 92703**
   c. Telephone number: **(714) 558-2400**
   d. **The fee** for service was: **$ 99.60**
   e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner   ☐ employee   ☑ independent contractor.
      (ii) Registration No.: **2013128925**
      (iii) County: **Los Angeles**

8. ☑ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/21/2023**

**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

             **Dion Jones**         ▶
     (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Nicholas J. Leonard,Esq \| SBN: 260322<br>IKUTA HEMESATH LLP<br>1327 North Broadway   Santa Ana, CA 92706<br><br>TELEPHONE NO.: (949) 229-5654 \| FAX NO. (949) 203-2162 \| E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiffs: VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA | *Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/19/2023 4:57 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miro, Deputy Clerk* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

STREET ADDRESS: 111 NORTH HILL STREET

CITY AND ZIP CODE: LOS ANGELES, CA 90012

BRANCH NAME: STANLEY MOSK COURTHOUSE

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA<br>DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM; et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:  Paz Aguilar |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents)*: **See attached Document List**

3. a. Party served *(specify name of party as shown on documents served)*:

   **DIGNITY COMMUNITY CARE**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **CT Corporation System, Registered Agent, by serving Daisy Montenegro - Agent For Service Of Process**

   Age: 31-35 \| Weight: 181-200 Lbs \| Hair: Black \| Sex: Female \| Height: 5'7 - 6'0 \| Eyes: Brown \| Race: Latino

4. Address where the party was served:   **330 N Brand Blvd**
   **Glendale, CA 91203-2308**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **3/21/2023**    (2) at *(time)*: **12:30 PM**

   b. ☐ **by substituted service.**  On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or
   in the presence of *(name and title of person indicated in item 3)*:

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him of her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/OC126838

**Nationwide Legal, LLC**
901 W. Civic Center Drive, Suite# 190
Santa Ana, CA 92703
Phone: (714) 558-2400   Fax: (714) 558-2401

Continued from Proof of Service

**CLIENT:**   IKUTA HEMESATH LLP

**CLIENT FILE #:**   Paz Aguilar                                       **DATE:**   March 21, 2023

**SUBJECT:**   DIGNITY COMMUNITY CARE

**SERVED:**   - Process Specialist

`Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet; Voluntary Efficient Litigation Stipulations; Notice of Case Management Conference; Civil Case Cover Sheet Addendum And Statement Of Location; First Amended General Order Re Mandatory Electronic Filing For Civil; Notice Of Case Assignment – Unlimited Civil Case; Order Pursuant To CCP 1054(A), Extending Time To Respond By 30 Days When Parties Agree To Early Organizational Meeting Stipulation`



c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt*.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of **DIGNITY COMMUNITY CARE**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: **business entity form unknown** |

7. **Person who served papers**
a. Name: **Dion Jones - Nationwide Legal, LLC REG: 12-234648**
b. Address: **901 W. Civic Center Drive, Suite# 190  Santa Ana, CA 92703**
c. Telephone number: **(714) 558-2400**
d. **The fee** for service was: **$ 164.85**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: **2013128925**
        (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **3/21/2023**

**Nationwide Legal, LLC**
**901 W. Civic Center Drive, Suite# 190**
**Santa Ana, CA 92703**
**(714) 558-2400**
**www.nationwideasap.com**

_____
**Dion Jones**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)
▶

ROBERT B. PACKER, (SBN: 72175)
JOHN AITELLI, ESQ. (SBN: 122390)
**PACKER, O'LEARY & CORSON**
505 North Brand Boulevard, Suite 1025
Glendale, CA 91203
(818) 796-4100 Telephone
(818) 796-4920 Facsimile

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/20/2023 11:41 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

Attorneys for Defendant,
DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER
(erroneously sued and served as "CALIFORNIA HOSPITAL MEDICAL CENTER"
and "DIGNITY COMMUNITY CARE")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZAPEDA CORDOBA, <br><br> Plaintiffs, <br><br> vs. <br><br> CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive, <br><br> Defendants. | CASE NO.  23STCV01190 <br><br> [Assigned to the Hon. James P. Cooper, III Dept. 73] <br><br> **ANSWER TO COMPLAINT** <br><br><br><br><br><br> **Trial Date: None** <br> Complaint filed: January 19, 2023 |

COMES NOW defendant, DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER (erroneously sued and served as "CALIFORNIA HOSPITAL MEDICAL CENTER" and "DIGNITY COMMUNITY CARE"), and for itself alone and severing itself from all other defendants, and in answer to plaintiffs' Complaint herein, admits, denies and alleges as follows:

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, defendant denies generally and specifically each, every and all of the allegations contained in said Complaint, and denies that plaintiffs were injured or damaged in any amount or at all by reason of any act or omission on the part of this answering defendant.

**<u>AS A FIRST, SEPARATE AND DISTINCT</u>**

**<u>AFFIRMATIVE DEFENSE, THIS ANSWERING</u>**

**<u>DEFENDANT ALLEGES:</u>**

1.      That the pleading, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering defendant.

**<u>AS A SECOND, SEPARATE AND DISTINCT</u>**

**<u>AFFIRMATIVE DEFENSE, THIS ANSWERING</u>**

**<u>DEFENDANT ALLEGES:</u>**

2.      That the pleading, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action for Medical Negligence against this answering defendant.

**<u>AS A THRID, SEPARATE AND DISTINCT</u>**

**<u>AFFIRMATIVE DEFENSE, THIS ANSWERING</u>**

**<u>DEFENDANT ALLEGES:</u>**

3.      That the pleading, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action for Loss of Consortium against this answering defendant.

**<u>AS A FOURTH, SEPARATE AND DISTINCT</u>**

**<u>AFFIRMATIVE DEFENSE, THIS ANSWERING</u>**

**<u>DEFENDANT ALLEGES:</u>**

4.      That injuries and damages, if any be proven, were proximately contributed to and caused by the contributory (comparative) negligence and fault of plaintiffs and by the failure of plaintiffs to exercise ordinary care, caution or prudence on their own behalf during and following the examination and treatment given by this defendant, barring and/or reducing recovery herein.

**<u>AS A FIFTH, SEPARATE AND DISTINCT</u>**

**<u>AFFIRMATIVE DEFENSE, THIS ANSWERING</u>**

**<u>DEFENDANT ALLEGES:</u>**

5.      That at all times herein mentioned, plaintiff VERONICA PAZ AGUILAR knew, or in the exercise of ordinary care was charged with the knowledge, that she was submitting herself to medical technique, treatment and medication, which because of her existing condition, rendered

herself susceptible to potential complication, injury or damage, and that by submitting herself to such medical technique, treatment and medication, which was of an elective nature, freely, voluntarily and expressly assumed all risks attendant thereto and freely and fully consented thereto, thereby barring any recovery herein.

### AS A SIXTH, SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, THIS ANSWERING
### DEFENDANT ALLEGES:

6.      That any and all events and happenings in connection with the allegations as set forth in plaintiffs' Complaint were proximately caused and contributed to by the negligence and other legal fault of said plaintiffs and was further proximately caused and contributed to by negligence and other legal fault of persons or entities other than the plaintiffs; and that if plaintiffs recover any sum whatsoever herein, such amount must be reduced in proportion to the extent that plaintiffs' own negligence and other legal fault proximately caused or contributed to plaintiffs' claimed injuries and damages; and that if there is a verdict in favor of said plaintiffs against this answering defendant, said verdict should be in proportion to this answering defendant's pro-rata responsibility and to the extent that it is necessary, this answering defendant requests a declaration as to the degrees of fault of all parties hereto and asks partial indemnity from others on a comparative fault basis.

### AS AN SEVENTH, SEPARATE AND DISTINCT
### AFFIRMATIVE DEFENSE, THIS ANSWERING
### DEFENDANT ALLEGES:

7.      That the pleading fails to state facts sufficient to constitute a cause of action, and any alleged cause of action is barred by reason of plaintiffs' violation and failure to comply with California Code of Civil Procedure, Section 364, with regard to serving a 90-day notice prior to institution of the subject action.

///

///

///

## AS AN EIGHTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THIS ANSWERING

## DEFENDANT ALLEGES:

8.      That the pleading fails to state facts sufficient to constitute a cause of action, and any alleged cause of action is barred by reason of plaintiffs' failure to comply with the applicable statute of limitations, including, but not limited to, <u>California Code of Civil Procedure</u>, Section 340.5.

## AS A NINTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THIS ANSWERING

## DEFENDANT ALLEGES:

9.      That at the time of trial, defendant may elect to limit or diminish plaintiffs' alleged damages or losses as provided and authorized by California <u>Civil Code</u>, Section 3333.1, California <u>Civil Code</u>, Section 3333.2 and <u>California Code of Civil Procedure</u>, Section 667.7.

## AS A TENTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THIS ANSWERING

## DEFENDANT ALLEGES:

10.     The pleading, and each cause of action thereof, is barred by reason of The Good Samaritan Statutes (see, for example, <u>Business and Professions Code</u>, Sections 2144.5, 2395, 2396 and 2397 and <u>Civil Code</u>, Section 1714.8).

## AS AN ELEVETH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THIS ANSWERING

## DEFENDANT ALLEGES:

11.     That the pleading, and each cause of action thereof, is barred and/or reduced by reason of the limitations on joint and several liability established by Proposition 51, an Initiative passed by the People of the State of California on June 3, 1986, also known as the Fair Responsibility Act of 1986 (see <u>Civil Code</u>, Section 1431, et seq.).

///

///

**AS A TWELFTH, SEPARATE AND DISTINCT**

**AFFIRMATIVE DEFENSE, THIS ANSWERING**

**DEFENDANT ALLEGES:**

12.     The pleading, and each cause of action thereof, is barred by reason of plaintiffs' improper service of defendant as a Doe respondent under, without limitation, Code of Civil Procedure, Section 474.

**AS A THIRTEENTH, SEPARATE AND DISTINCT**

**AFFIRMATIVE DEFENSE, THIS ANSWERING**

**DEFENDANT ALLEGES:**

13.     The pleading, and each cause of action thereof, is barred by reason of the immunity set forth in Health and Safety Code, Section 1317, et seq.

**AS A FOURTEENTH, SEPARATE AND DISTINCT**

**AFFIRMATIVE DEFENSE, THIS ANSWERING**

**DEFENDANT ALLEGES:**

14.     Plaintiffs are equitably estopped from asserting any cause of action to against this defendant.

**AS A FIFTEENTH, SEPARATE AND DISTINCT**

**AFFIRMATIVE DEFENSE, THIS ANSWERING**

**DEFENDANT ALLEGES:**

15.     Plaintiffs are barred by the doctrine of judicial estopped from asserting any cause of action against this defendant.

WHEREFORE, having fully answered the Complaint on file herein, defendant prays:

1.     That plaintiffs take nothing by way of their Complaint;

2.     That if plaintiffs are awarded damages, those damages be apportioned among all parties, persons, or entities whose negligence contributed to and/or caused said incident;

///

///

///

3.      That defendant recover its costs of suit incurred herein; and

4.      For such further relief as the Court may deem just and proper.

DATED:  April 19, 2023                              **PACKER, O'LEARY & CORSON**

By_____

ROBERT B. PACKER, ESQ.
JOHN AITELLI, ESQ.
Attorneys for Defendant,
DIGNITY COMMUNITY CARE dba
CALIFORNIA HOSPITAL MEDICAL
CENTER (erroneously sued and served as
"CALIFORNIA HOSPITAL MEDICAL
CENTER" and "DIGNITY
COMMUNITY CARE")

1

## **PROOF OF SERVICE**

2

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

5

6
     On April 19, 2023, I served the foregoing document described as:

7
    **ANSWER TO COMPLAINT**

8
on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

9
       **SEE ATTACHED MAILING LIST**

10
[  ]  BY MAIL:

11
   [  ]    I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.

12
   [  ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14
Executed on ****, 2023, at Glendale, California.

15

16
[  ]  BY FACSIMILE:

17
   [  ]    In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.

Executed on   , at Glendale, California.

18
[X]  BY ELECTRONIC MAIL:

19
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

20

21
[  ]  BY PERSONAL SERVICE:

I delivered such envelope by hand to the offices of the addressee.

Executed on   , at Glendale, California.

22

23
[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24
[  ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26

27
Heidi Gray

28

ANSWER TO COMPLAINT

SERVICE LIST

Re:  Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.
       Case No.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
(949) 229-5654 Telephone
(949) 203-2162 Facsimile
E: nick@ih-llp.com
E: service@ih-llp.com

Joseph J. Huprich, Esq.
HUPRICH | VEGA
959 East Colorado Boulevard, Suite 217
Pasadena, CA 91106
(626) 797-0275 Telephone
(866) 456-4759 Facsimile
E: joe@huprichlaw.com

**Attorneys for Plaintiffs,**
**VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

ANSWER TO COMPLAINT

1  ROBERT B. PACKER, (SBN: 72175)
   JOHN AITELLI, ESQ. (SBN: 122390)
2  **PACKER, O'LEARY & CORSON**
   505 North Brand Boulevard, Suite 1025
3  Glendale, CA 91203
   (818) 796-4100 Telephone
4  (818) 796-4920 Facsimile

5  Attorneys for Defendant,
   DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER
6  (erroneously sued and served as "CALIFORNIA HOSPITAL MEDICAL CENTER"
   and "DIGNITY COMMUNITY CARE")
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 VERONICA PAZ AGUILAR and ERNESTO     ) CASE NO.  23STCV01190
   ZAPEDA CORDOBA,                      )
12                                      ) [Assigned to the Hon. James P. Cooper, III
                Plaintiffs,             ) Dept. 73]
13                                      )
          vs.                           ) **DEMAND FOR JURY TRIAL**
14                                      )
   CATHERINE L. JACOBS, CNM; KENDRA     )
15 L. SEGURA, M.D.; EISNER HEALTH;      )
   CALIFORNIA HOSPITAL MEDICAL          )
16 CENTER; DIGNITY COMMUNITY CARE;      )
   and DOES 1 through 100, Inclusive,   )
17                                      )
                Defendants.             ) **Trial Date: None**
18                                      ) Complaint filed: January 19, 2023
                                        )
19 _____)

20        TO  THE  COURT  AND  TO  ALL  PARTIES  AND  TO  THEIR  ATTORNEYS  OF

21 RECORD:

22        PLEASE  TAKE  NOTICE  that  defendant,  DIGNITY  COMMUNITY  CARE  dba

23 CALIFORNIA HOSPITAL MEDICAL CENTER (erroneously sued and served as

24 ///

25 ///

26 ///

27 ///

28 ///

                                    1
                        DEMAND FOR JURY TRIAL

1  "CALIFORNIA HOSPITAL MEDICAL CENTER" and "DIGNITY COMMUNITY CARE"),

2  hereby demands a trial by jury in the above-entitled matter.

3  DATED:  April 19, 2023                          **PACKER, O'LEARY & CORSON**

4

5                                                  By_____

6                                                     ROBERT B. PACKER, ESQ.

7                                                     JOHN AITELLI, ESQ.
                                                      Attorneys for Defendant,

8                                                     DIGNITY COMMUNITY CARE dba
                                                      CALIFORNIA HOSPITAL MEDICAL

9                                                     CENTER (erroneously sued and served as
                                                      "CALIFORNIA HOSPITAL MEDICAL

10                                                    CENTER" and "DIGNITY
                                                      COMMUNITY CARE")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

5

6       On April 19, 2023, I served the foregoing document described as:

7

       **DEMAND FOR JURY TRIAL**

8

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

9

                    **SEE ATTACHED MAILING LIST**

10  [  ]   BY MAIL:
      [  ]     I deposited such envelope in the mail at Glendale, California.  The envelope was
11  mailed with postage thereon fully prepaid.
      [  ]     As follows:  I am "readily familiar" with the firm's practice of collection and
12  processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in
13  the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after
14  date of deposit for mailing in affidavit.
      Executed on ****, 2023, at Glendale, California.

15
      [  ]   BY FACSIMILE:
16      [  ]     In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
17      Executed on     , at Glendale, California.

18  [X]   BY ELECTRONIC MAIL:
      The foregoing document(s) was transmitted to the interested parties thorough electronic
19  transmission, to the email addressed listed below (CCP §1010.6 (a),
      CRC 2.251).
20
      [  ]   BY PERSONAL SERVICE:
21      I delivered such envelope by hand to the offices of the addressee.
      Executed on     , at Glendale, California.
22
      [X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the
23      above is true and correct.

24  [  ]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26                                        _____

27                                        Heidi Gray
                                              _____

28

                                        3
                          DEMAND FOR JURY TRIAL

SERVICE LIST

Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
    Case No.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
(949) 229-5654 Telephone
(949) 203-2162 Facsimile
E: nick@ih-llp.com
E: service@ih-llp.com

Joseph J. Huprich, Esq.
HUPRICH | VEGA
959 East Colorado Boulevard, Suite 217
Pasadena, CA 91106
(626) 797-0275 Telephone
(866) 456-4759 Facsimile
E: joe@huprichlaw.com

**Attorneys for Plaintiffs,**
**VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

DEMAND FOR JURY TRIAL

1 | ROBERT B. PACKER, (SBN: 72175)
JOHN AITELLI, ESQ. (SBN: 122390)
2 | **PACKER, O'LEARY & CORSON**
505 North Brand Boulevard, Suite 1025
3 | Glendale, CA 91203
(818) 796-4100 Telephone
4 | (818) 796-4920 Facsimile

5 | Attorneys for Defendant,
DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER
6 | (erroneously sued and served as "CALIFORNIA HOSPITAL MEDICAL CENTER"
and "DIGNITY COMMUNITY CARE")
7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 |

11 | VERONICA PAZ AGUILAR and ERNESTO ZAPEDA CORDOBA,

12 | Plaintiffs,

13 |

14 | vs.

15 | CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH;
16 | CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE;
17 | and DOES 1 through 100, Inclusive,

18 | Defendants.

19 |

CASE NO.  23STCV01190

[Assigned to the Hon. James P. Cooper, III Dept. 73]

**NOTICE OF POSTING JURY FEES**

**Trial Date: None**
Complaint filed: January 19, 2023

20 | TO THE CLERK OF THE COURT:

21 | PLEASE TAKE NOTICE that defendant, DIGNITY COMMUNITY CARE dba

22 | CALIFORNIA HOSPITAL MEDICAL CENTER (erroneously sued and served as

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1
NOTICE OF POSTING JURY FEES

1   "CALIFORNIA HOSPITAL MEDICAL CENTER" and "DIGNITY COMMUNITY CARE"),

2   hereby posts jury fees in the amount of $150.00 for trial in the above-captioned matter.

3   DATED:  April 19, 2023                                    **PACKER, O'LEARY & CORSON**

4

5                                              By_____

6                                                ROBERT B. PACKER, ESQ.
                                                 JOHN AITELLI, ESQ.
7                                                Attorneys for Defendant,
                                                 DIGNITY COMMUNITY CARE dba
8                                                CALIFORNIA HOSPITAL MEDICAL
                                                 CENTER (erroneously sued and served as
9                                                "CALIFORNIA HOSPITAL MEDICAL
                                                 CENTER" and "DIGNITY
10                                               COMMUNITY CARE")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF POSTING JURY FEES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

On April 19, 2023, I served the foregoing document described as:

**NOTICE OF POSTING JURY FEES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

[ ]  BY MAIL:
[ ]     I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.
[ ]     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on ****, 2023, at Glendale, California.

[ ]  BY FACSIMILE:
[ ]     In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
Executed on     , at Glendale, California.

[X]  BY ELECTRONIC MAIL:
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

[ ]  BY PERSONAL SERVICE:
I delivered such envelope by hand to the offices of the addressee.
Executed on     , at Glendale, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Heidi Gray

<u>SERVICE LIST</u>

Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
      Case No.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
(949) 229-5654 Telephone
(949) 203-2162 Facsimile
E: nick@ih-llp.com
E: service@ih-llp.com

Joseph J. Huprich, Esq.
HUPRICH | VEGA
959 East Colorado Boulevard, Suite 217
Pasadena, CA 91106
(626) 797-0275 Telephone
(866) 456-4759 Facsimile
E: joe@huprichlaw.com

**Attorneys for Plaintiffs,**
**VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

NOTICE OF POSTING JURY FEES

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA  92706

TELEPHONE NO.: (949) 229-5654          FAX NO. *(Optional):* (949) 203-2162
E-MAIL ADDRESS: Service@ih-llp.com
ATTORNEY FOR *(Name):* Plainffs VERONICA PAZ AGUILAR, et al.

*FOR COURT USE ONLY*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2023 5:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Panganiban, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 16, 2023          Time: 8:30 a.m.          Dept.: 73          Div.:          Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Nicholas J. Leonard, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Plaintiffs Veronica Paz Aguilar and Ernesto Zepeda Cordoba
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 19, 2023
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☒  The following parties named in the complaint or cross-complaint
      (1) ☒  have not been served *(specify names and explain why not):*
            Catherine L. Jacobs, CNM (Cannot locate valid address-waiting for employer Eisner Health to appear to accept service on her behalf)
      (2) ☒  have been served but have not appeared and have not been dismissed *(specify names):*
            Kendra L. Segura, M.D. and Eisner Health
      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☒  complaint  ☐  cross-complaint  *(Describe, including causes of action):* Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | 23STCV01190 |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   11/28-12/15/23 (Trial); 3/26-4/5/24 (Trial); 4/22-5/3/24 (Trial)

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

   a. ☒ days *(specify number):* 8

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

   a. Attorney:

   b. Firm:

   c. Address:

   d. Telephone number:                                    f. Fax number:

   e. E-mail address:                                       g. Party represented:

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel  ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party  ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
   CRC 3.811(b)(6) and (b)(8)

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Depositions of Defendants' Employees | Sept 2023 |
| Plaintiffs | Depositions of Defendants Jacobs and Segura | Oct 2023 |
| Plaintiffs | Additional Discovery | Oct. 2023 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

---

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
   Will do so prior to the Case Management Conference with parties that have appeared.

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* None

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 1, 2023

Nicholas J. Leonard, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

On May 1, 2023**,** I served the foregoing document(s) described as **CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

| | |
|---|---|
| Joseph J. Huprich, Esq.<br>HUPRICH | VEGA<br>959 East Colorado Blvd., Suite 217<br>Pasadena, CA  91106<br>Tel: (626) 797-0275<br>Fax: (866) 456-4759<br>joe@huprichlaw.com | Co-Counsel for Plaintiffs<br>VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER |

☐    BY FIRST CLASS MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    BY FACSIMILE: I caused such document to be transmitted by facsimile. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and the transmission was reported as complete and without error.

☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2023 at Santa Ana, California.

By:    Angie Oremus

1  Benjamin T. Ikuta, Esq. (SBN: 260878)
2  Nicholas J. Leonard, Esq. (SBN: 260322)
   IKUTA HEMESATH LLP
3  1327 North Broadway
   Santa Ana, CA  92706
4  Tel: (949) 229-5654
   Fax: (949) 203-2162
5  Nick@ih-llp.com
   EService: Service@ih-llp.com

6  Joseph J. Huprich, Esq. (SBN: 195231)
7  HUPRICH | VEGA
   959 East Colorado Blvd., Suite 217
8  Pasadena, CA  91106
   Tel: (626) 797-0275
9  Fax: (866) 456-4759
   joe@huprichlaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/01/2023 5:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Panganiban, Deputy Clerk

10  Attorneys for Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA

11

12             SUPERIOR COURT OF THE STATE OF CALIFORNIA

13        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT (STANLEY MOSK)

14  VERONICA PAZ AGUILAR and ERNESTO          CASE NO: 23STCV01190
    ZEPEDA CORDOBA,
15                                            [UNLIMITED CIVIL]
                 Plaintiffs,
16                                            ASSIGNED FOR ALL PURPOSES TO:
           vs.                                JUDGE TIMOTHY PATRICK DILLON
17                                            DEPT. 73
    CATHERINE L. JACOBS, CNM; KENDRA L.
18  SEGURA, M.D.; EISNER HEALTH;
    CALIFORNIA HOSPITAL MEDICAL CENTER;
19  DIGNITY COMMUNITY CARE; and DOES 1       **PLAINTIFFS' NOTICE OF POSTING JURY
    through 100, Inclusive,                  FEES**
20
                 Defendants.
21

22                                           Complaint Filed:  1/19/23
                                             Trial Date:  Not Set
23

24  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

25        PLEASE  TAKE  NOTICE  THAT  Plaintiffs  VERONICA  PAZ  AGUILAR  and  ERNESTO

26  ZEPEDA CORDOBA hereby post jury fees in the amount of $150.00 for trial in the above-captioned

27  / / /

28  / / /

– 1 –

1  matter.

2   Dated: May 1, 2023                                    IKUTA HEMESATH LLP

3

4                                              By:

5                                                   Nicholas J. Leonard, Esq.
                                                    Attorneys for Plaintiffs
6                                                   VERONICA PAZ AGUILAR and
                                                    ERNESTO ZEPEDA CORDOBA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

On May 1, 2023, I served the foregoing document(s) described as **PLAINTIFFS' NOTICE OF POSTING JURY FEES** on the party or parties named below as follows:

| | |
|---|---|
| Joseph J. Huprich, Esq.<br>HUPRICH \| VEGA<br>959 East Colorado Blvd., Suite 217<br>Pasadena, CA  91106<br>Tel: (626) 797-0275<br>Fax: (866) 456-4759<br>joe@huprichlaw.com | Co-Counsel for Plaintiffs<br>VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER |

☐  BY FIRST CLASS MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (l) day after date of deposit for mailing in affidavit.

☒  BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☐  BY OVERNIGHT DELIVERY I caused such envelope to be sent via overnight delivery service. The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

☒  STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 1, 2023 at Santa Ana, California.

By:  _Angie Oremus_
Angie Oremus

– 3 –

PLAINTIFFS' NOTICE OF POSTING JURY FEES

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Aitelli, Esq. (SBN 122390)<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 830, Glendale, CA 91203<br><br>TELEPHONE NO.: (818) 796-4910    FAX NO. *(Optional):* (818) 796-4920<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Dignity Community Care DBA California Hospital Med Ctr. | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/04/2023 12:56 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Panganiban, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.

DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

| | | CASE NUMBER: |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 16, 2023    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court *(if different from the address above):*

☑  Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑  This statement is submitted by party *(name):* Dignity Community Care DBA California Hospital Medical Center
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☑  complaint   ☐  cross-complaint    *(Describe, including causes of action):*
      Alleged medical negligence.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
       See plaintiffs statement.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☑ a jury trial. ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
    c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
       Please see attachment 6c.

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☑ days *(specify number):* 7-10
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
    a.   Attorney: Robert B. Packer
    b.   Firm: Packer, O'Leary & Corson
    c.   Address: 505 N. Brand Boulevard, Suite 1025, Glendale, CA 91203
    d.   Telephone number: (818) 796-4100        f.   Fax number: (818) 796-4920
    e.   E-mail address:                         g.   Party represented:
    ☐   Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b.   **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):* First Initiatives Insurance, Ltd.

b. Reservation of rights: ☐ Yes ☑ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendant expects to file a Motion for Summary Judgment and Motions to Compel, if necessary.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Dignity Community Care | Written Discovery | Per Code |
| Defendant, Dignity Community Care | Subpoena of Medical Records | Per Code |
| Defendant, Dignity Community Care | Deposition of Plaintiff | Per Code |
| Defendant, Dignity Community Care | Additional Written Discovery | Per Code |
| Defendant, Dignity Community Care | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

      Attached please find Robert B. Packer's dates of unavailability.

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):*    1

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 3, 2023

John Aitelli, Esq.
_____
(TYPE OR PRINT NAME)

 

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

Attachment 6C

Counsel will be engaged in the following Trials

2023: 5/5/23, 5/31/23, 6/14/23,6/16/23, 6/19/23, 6/20/23, 6/27/23, 7/14/23,
7/17/23, 7/20/23,8/8/23, 8/14/23, 8/28/23, 9/18/23, 9/20/23, 10/3/23, 10/5/23,
10/19/23, 10/31/23, 11/6/23, 11/13/23, 12/1/23, 12/4/23

2024: 1/26/24, 1/8/24, 2/5/24, 2/13/24, 2/15/24, 3/18/24, 3/25/24,
3/27 /24, 4/10/24, 4/26/24, 9/23/24

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

    On May 4, 2023, I served the foregoing document described as:

**CASE MANAGEMENT STATEMENT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

[  ]  BY MAIL:
[  ]  I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.
[  ]  As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on ****, 2023, at Glendale, California.

[  ]  BY FACSIMILE:
[  ]  In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
Executed on     , at Glendale, California.

[X]  BY ELECTRONIC MAIL:
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

[  ]  BY PERSONAL SERVICE:
I delivered such envelope by hand to the offices of the addressee.
Executed on     , at Glendale, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[  ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Heidi Gray

1  <u>SERVICE LIST</u>

2  Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
       Case No.: 23STCV01190

3

4  Benjamin T. Ikuta, Esq.
   Nicholas J. Leonard, Esq.

5  IKUTA HEMESATH LLP
   1327 North Broadway

6  Santa Ana, CA 92706
   (949) 229-5654 Telephone

7  (949) 203-2162 Facsimile
   E: nick@ih-llp.com

8  E: service@ih-llp.com

9

10 Joseph J. Huprich, Esq.
   HUPRICH | VEGA

11 959 East Colorado Boulevard, Suite 217
   Pasadena, CA 91106

12 (626) 797-0275 Telephone
   (866) 456-4759 Facsimile

13 E: joe@huprichlaw.com

14 **Attorneys for Plaintiffs,**
   **VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                                     May 16, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                                     8:30 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M.Y. Carino                  ERM: None
Courtroom Assistant: E. Villanueva               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nicholas Leonard for Benjamin T. Ikuta via LA Court Connect

For Defendant(s): John Kelly for Eisner Health via LA Court Connect; Diana Ramirez Vielman
for Robert B. Packer via LA Court Connect

**NATURE OF PROCEEDINGS:**
Case Management Conference

The matter is called for hearing.

Case Management Conference is held and continued pending possible removal to Federal Court
by defendant.

Case Management Conference is continued to 08/22/2023 at 08:30 AM in Department 73 at
Stanley Mosk Courthouse.

Notice is waived.

**CARROLL, KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**DANIEL Z. WEINBERG (SBN 322156)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
jckelly@cktflaw.com / dzweinberg@cktflaw.com

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/05/2023 1:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Hung, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>　　　　　Defendants. | CASE NO.: 23STCV01190<br><br>**DECLARATION OF EDYTH ACUNA**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE: TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed:　January 19, 2023<br>Trial Date:　　　None |

### <u>DECLARATION OF EDYTH ACUNA</u>

I, Edyth Acuna, declare:

1.　　I am an employee of Eisner Health and work in its Human Resources Department. My title is Associate HR Generalist. Except as otherwise stated, I make this declaration based on my personal knowledge, and, if called to testify thereto, would competently do so.

///

///

1       2.      In the entire month of January 2022, including January 20 to January 23, 2022, both

2  defendants Kendra Segura, M.D. and Catherine L. Jacobs, CNM were employees of defendant

3  Eisner Health. In January 2022, for a salary, Dr. Segura and Ms. Jacobs provided OBGYN/related

4  services on behalf of Eisner Health at California Hospital Medical Center.

5       I declare, under penalty of perjury under the laws of the State of California, that the above

6  is true and correct.

7       Executed this _____30_____ day of June 2023 in _____Los Angeles_____, California.

8

9                    EDYTH ACUNA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is mrotico@cktflaw.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On July 5, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

### **DECLARATION OF EDYTH ACUNA**

☒   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒   **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 5, 2023, at Long Beach, California.

_Matthew Otico_

MATTHEW OTICO

1

## **PROOF OF SERVICE LIST**

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

5

Benjamin T. Ikuta, Esq.

Nicholas J. Leonard, Esq.

6

IKUTA HEMESATH, LLP

1327 North Broadway

7

Santa Ana, CA 92706

*Attorneys for Plaintiffs*

Office: (949) 229-5654

Fax: (949) 203-2162

Email: nick@ih-llp.com

Service@ih-llp.com

8

Joseph J. Huprich, Esq.

9

HUPRICH ┃ VEGA

959 East Colorado Blvd., Suite 217

10

Pasadena, CA 91106

*Attorneys for Plaintiffs*

Office: (626) 797-0275

Fax:  (866) 456-4759

Email: joe@huprichlaw.com

11

E. Martin Estrada

12

U.S. Attorney

312 North Spring Street

13

Suite 1200

Los Angeles, California 90012

14

Central District of California

15

Merrick Garland

16

Attorney General of the United States

950 Pennsylvania Avenue, NW

17

Washington, DC 20530-001

U.S. Department of Justice

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF EDYTH ACUNA

1  |  **KELLY, TROTTER & FRANZEN**
2  |  **JOHN C. KELLY (SBN 125609)**
   |  **BETSEY J. JEFFERY (SBN 134650)**
3  |  **111 West Ocean Boulevard, 14th Floor**
   |  **Post Office Box 22636**
4  |  **Long Beach, California 90801-5636**
   |  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  |  **jckelly@kellytrotter.com / bjjeffery@kellytrotter.com**

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/14/2023 4:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Abraham, Deputy Clerk

6  |  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, | CASE NO.: 23STCV01190 |
| Plaintiffs, | **NOTICE OF CHANGE OF FIRM NAME** |
| vs. | ASSIGNED FOR ALL PURPOSES TO: JUDGE: TIMOTHY PATRICK DILLON DEPARTMENT: 73 |
| CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive, | Complaint Filed:    January 19, 2023 Trial Date:           None |
| Defendants. | |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE the firm name of Carroll, Kelly, Trotter & Franzen has changed effective immediately to **KELLY, TROTTER & FRANZEN, a Law Corporation**. The address and phone numbers remain unchanged. The email address domain will change to **@kellytrotter.com.** The firm will continue to receive emails addressed to @cktflaw.com and @cktfmlaw.com for a period of time.

E:\44\7077-01\PLDG\NOTICE OF CHANGE OF FIRM NAME.docx 1
NOTICE OF CHANGE OF FIRM NAME

1

2  DATED:  July 14, 2023                          KELLY, TROTTER & FRANZEN

3

4                                                 By: _____
                                                     JOHN C. KELLY
5                                                    BETSEY J. JEFFERY
                                                     Attorneys for Defendants,
6                                                    EISNER HEALTH, KENDRA L. SEGURA,
                                                     M.D. and CATHERINE L. JACOBS, CNM
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\44\7077-01\PLDG\NOTICE OF CHANGE OF FIRM NAME.docx 2

NOTICE OF CHANGE OF FIRM NAME

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is gestevez@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636. On July 14, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

**NOTICE OF CHANGE OF FIRM NAME**

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 14, 2023, at Long Beach, California.

George Estevez

E:\44\7077-01\PLDG\NOTICE OF CHANGE OF FIRM NAME.docx 3

NOTICE OF CHANGE OF FIRM NAME

## PROOF OF SERVICE LIST

RE: AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH, LLP
1327 North Broadway
Santa Ana, CA 92706

*Attorneys for Plaintiffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email: nick@ih-llp.com
        service@ih-llp.com

Joseph J. Huprich, Esq.
HUPRICH | VEGA
959 East Colorado Blvd., Suite 217
Pasadena, CA 91106

*Attorneys for Plaintiffs*
Office: (626) 797-0275
Fax: (866) 456-4759
Email: joe@huprichlaw.com

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025
Glendale, CA 91203

*Attorneys for Defendant
DIGNITY COMMUNITY CARE
dba CALIFORNIA HOSPITAL
MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email: rpacker@poc-law.com
jaitelli@poc-law.com

Benjamin T. Ikuta, Esq. (SBN: 260878)
Nicholas J. Leonard, Esq. (SBN: 260322)
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
Tel: (949) 229-5654
Fax: (949) 203-2162
Nick@ih-llp.com
EService: Service@ih-llp.com

Joseph J. Huprich, Esq. (SBN: 195231)
HUPRICH | VEGA
959 East Colorado Blvd., Suite 217
Pasadena, CA 91106
Tel: (626) 797-0275
Fax: (866) 456-4759
joe@huprichlaw.com

Attorneys for Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT (STANLEY MOSK)

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO: 23STCV01190<br><br>[UNLIMITED CIVIL]<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE TIMOTHY PATRICK DILLON<br>DEPT. 73<br><br>**PLAINTIFFS' NOTICE OF NON-OPPOSITION TO DEFENDANTS EISNER HEALTH; KENDRA L. SEGURA, M.D.; AND CATHERINE L. JACOBS, CNM'S MOTION FOR CERTIFICATION AND SUBSTITUTION**<br><br>Date: September 19, 2023<br>Time: 8:30 a.m.<br>Dept.: 73<br>Res ID: 568781753535<br><br>Complaint Filed: 1/19/23<br>Trial Date: Not Set |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORDS:

PLEASE TAKE NOTICE THAT Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA do not oppose and take no position as to Defendants EISNER HEALTH;

1  KENDRA L. SEGURA, M.D.; AND CATHERINE L. JACOBS, CNM'S Motion for Certification and

2  Substitution.

3    Dated: August 2, 2023                                IKUTA HEMESATH LLP

4

5                                            By:    _____

6                                                   Nicholas J. Leonard, Esq.
                                                    Attorneys for Plaintiffs
7                                                   VERONICA PAZ AGUILAR and
                                                    ERNESTO ZEPEDA CORDOBA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

On August 2, 2023, I served the foregoing document(s) described as **PLAINTIFFS' NOTICE OF NON-OPPOSITION TO DEFENDANTS EISNER HEALTH; KENDRA L. SEGURA, M.D.; AND CATHERINE L. JACOBS, CNM'S MOTION FOR CERTIFICATION AND SUBSTITUTION** on the party or parties named below as follows:

| | |
|---|---|
| Joseph J. Huprich, Esq.<br>HUPRICH \| VEGA<br>959 East Colorado Blvd., Suite 217<br>Pasadena, CA  91106<br>Tel: (626) 797-0275<br>Fax: (866) 456-4759<br>joe@huprichlaw.com | Co-Counsel for Plaintiffs<br>VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA  90801-5636<br>Tel: (562) 432-5855<br>Fax: (562) 432-8785<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA, M.D.; and CATHERINE L. JACOBS, CNM |

☐      BY FIRST CLASS MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (l) day after date of deposit for mailing in affidavit.

☐      BY FACSIMILE: I caused such document to be transmitted by facsimile. The facsimile

1    machine I used complied with California Rules of Court, Rule 2003(3) and the transmission
     was reported as complete and without error.

2    ☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail
          transmission to the email addresses listed on the service list pursuant to Code of Civil
3         Procedure section 1010.6.(e)(1).

4    ☐    BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of
          the addressee(s).
5

6    ☐    BY OVERNIGHT DELIVERY I caused such envelope to be sent via overnight delivery
          service. The envelope was deposited in or with a facility regularly maintained by the express
7         service carrier with delivery fees paid or provided for.

8    ☒    STATE: I declare under penalty of perjury under the laws of the State of California that the
          above is true and correct. Executed on August 2, 2023 at Santa Ana, California.

9

10                                               _Angie Oremus_____

11                               By:    Angie Oremus

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin T. Ikuta, Esq. (SBN: 260878)
Nicholas J. Leonard, Esq. (SBN: 260322)
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
Tel: (949) 229-5654
Fax: (949) 203-2162
Nick@ih-llp.com
EService: Service@ih-llp.com

Joseph J. Huprich, Esq. (SBN: 195231)
HUPRICH | VEGA
959 East Colorado Blvd., Suite 217
Pasadena, CA 91106
Tel: (626) 797-0275
Fax: (866) 456-4759
joe@huprichlaw.com

Attorneys for Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT (STANLEY MOSK)

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>        Plaintiffs,<br><br>      vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>        Defendants. | CASE NO: 23STCV01190<br><br>[UNLIMITED CIVIL]<br><br>ASSIGNED FOR ALL PURPOSES TO: JUDGE TIMOTHY PATRICK DILLON DEPT. 73<br><br>**PLAINTIFFS' NOTICE OF DISASSOCIATION OF COUNSEL**<br><br><br>Complaint Filed: 1/19/23<br>Trial Date: Not Set |

TO THE COURT, ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:

     PLEASE TAKE NOTICE that Joseph J. Huprich, Esq. of HUPRICH | VEGA, attorneys of record

for Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, hereby disassociates

/ / /

/ / /

– 1 –

1   as co-counsel in this matter.  Please remove from all Proofs of Service.

2   Dated: August 2, 2023                          HUPRICH | VEGA

3                                                  *Joseph J. Huprich*

4                                         By:    _____
5                                                  Joseph J. Huprich
                                                   Co-Counsel for Plaintiffs
6                                                  VERONICA PAZ AGUILAR and
                                                   ERNESTO ZEPEDA CORDOBA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

On August 2, 2023**,** I served the foregoing document(s) described as **PLAINTIFFS' NOTICE OF DISASSOCIATION OF COUNSEL** on the party or parties named below as follows:

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH LLP<br>1327 North Broadway<br>Santa Ana, CA  92706<br>Tel: (949) 229-5654<br>Fax: (949) 203-2162<br>Nick@ih-llp.com<br>EService: Service@ih-llp.com | Co-Counsel for Plaintiffs<br>VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL MEDICAL CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA  90801-5636<br>Tel: (562) 432-5855<br>Fax: (562) 432-8785<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA, M.D.; and CATHERINE L. JACOBS, CNM |

☐    BY FIRST CLASS MAIL as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (l) day after date of deposit for mailing in affidavit.

☐    BY FACSIMILE: I caused such document to be transmitted by facsimile. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and the transmission was reported as complete and without error.

☒  BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☐  BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐  BY OVERNIGHT DELIVERY I caused such envelope to be sent via overnight delivery service. The envelope was deposited in or with a facility regularly maintained by the express service carrier with delivery fees paid or provided for.

☒  STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 2, 2023 at Santa Ana, California.

By: _____
     Angie Oremus

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| John C. Kelly / Betsey J. Jeffery    SBN: 125609 / 134650<br>Kelly, Trotter & Franzen<br>P.O. Box 22636<br>Long Beach, California 90801<br>TELEPHONE NO.: 5624325855    FAX NO. *(Optional)*: 5624328785<br>E-MAIL ADDRESS: jckelly@kellytrotter.com; bjjeffery@kellytrotter.com<br>ATTORNEY FOR *(Name)*: Eisner Health; Kendra L. Segura, MD; Catherine L. Jacobs, CNM | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/04/2023 4:14 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Panganiban, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. |
|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**         [ ] **LIMITED CASE**<br>(Amount demanded         (Amount demanded is $25,000<br>exceeds $25,000)         or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 22, 2023    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court *(if different from the address above)*:

[X]  **Notice of Intent to Appear by Telephone,** by *(name)*: Betsey J. Jeffery

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) [ ] have had a default entered against them *(specify names)*:

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint    *(Describe, including causes of action)*:
      1. MEDICAL NEGLIGENCE; 2. LOSS OF CONSORTIUM

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

Westlaw Doc & Form Builder®

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

The Case Management Conference (CMC) is premature given defendants' pending Motion for Certification and Substitution, set for hearing on September 19, 2023. Defendants have filed this statement in observance of court rules, without waiving the merits of the pending motion, and will appear at the CMC.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial       ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial).* The CMC is premature given the pending Motion for Certification and Substitution. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

6. **Trial date**

a. ☐ The trial has been set for *(date)*:

b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

The CMC is premature given the pending Motion for Certification and Substitution hearing on 9/19/23. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*:

a. ☐ days *(specify number)*:

b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                              f. Fax number:

e. E-mail address:                                g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

11. **Insurance**

  a.   ☒   Insurance carrier, if any, for party filing this statement *(name):* Hudson Insurance Group

  b.   Reservation of rights: ☐ Yes ☐ No

  c.   ☒   Coverage issues will significantly affect resolution of this case *(explain):*
      The Case Management Conference is premature given defendants' pending Motion for Certification and Substitution, set for hearing on September 19, 2023. Defendants have filed this statement in observance of court rules, without waiving the merits of the pending motion, and will appear at the CMC.

12. **Jurisdiction**

  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

  Status:

13. **Related cases, consolidation, and coordination**

  a.   ☐   There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

    ☐ Additional cases are described in Attachment 13a.

  b.   ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

  ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Motion for pro hac vice re Matthew Freedus
    Possible appeal if defendants are not deemed immune
    Possible motion to disqualify plaintiffs' counsel

16. **Discovery**

  a.   ☐ The party or parties have completed all discovery.

  b.   ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | Plaintiffs and defendants herein have agreed to stay discovery pending disposition on Motion for Certification and Substitution. | |

  c.   ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

### 18. Other issues

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*: The Case Management Conference is premature given defendants' pending Motion for Certification and Substitution, set for hearing on September 19, 2023. Defendants have filed this statement in observance of court rules, without waiving the merits of the pending motion, and will appear at the CMC.

### 19. Meet and confer

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. ☒ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*: Plaintiffs and defendants herein have agreed to stay discovery pending disposition on Motion for Certification and Substitution, for which plaintiffs have filed a non-opposition.

20. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 4, 2023

John C. Kelly / Betsey J. Jeffery
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On August 4, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

### **CASE MANAGEMENT STATEMENT**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

    I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

    Executed on August 4, 2023, at Long Beach, California.

_Valerie Q. Plotkin_

Valerie Q. Plotkin

E:\44\7077-01\PLDG\CMS (8.22.23) POS.Docx

6

**PROOF OF SERVICE LIST**

RE: AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH, LLP
1327 North Broadway
Santa Ana, CA 92706

*Attorneys for Plaintiffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025
Glendale, CA 91203

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
mperez@poc-law.com
hgray@poc-law.com

**FELDESMAN TUCKER LEIFER FIDELL LLP**
**MATTHEW S. FREEDUS**
**1129 20ᵀᴴ Street, NW, Suite 400**
**Washington, DC 20036**
**(202) 466-8960**
mfreedus@feldesmantucker.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/23/2023 12:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By V. Sino-Cruz, Deputy Clerk

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 23STCV01190<br><br>**APPLICATION TO BE ADMITTED PRO HAC VICE**<br><br>[Cal. Rules of Court, rule 9.40]<br><br>Date:    September 19, 2023<br>Time:    8:30 a.m.<br>Dept.:    73<br>Res. ID: 825014532240<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed: January 19, 2023<br>Trial Date:        None |

I, Matthew Freedus, Esq., seeking to appear as counsel pro hac vice, hereby declare as follows:

1.    I request permission pursuant to the Cal. Rules of Court, Rule 9.40, to appear as counsel for defendants EISNER HEALTH CATHERINE L. JACOBS, CNM, and KENDRA L. SEGURA, M.D., in the above-entitled action now pending before this court.

//

2.    My residence and office addresses are as follows:

My residence address is:

1610 N Taylor Street

Arlington, VA 22207

My office address is:

Feldesman Tucker Leifer Fidell LLP

1129 20th Street, NW, Suite 400

Washington, DC 20036

3.    I am a member in good standing for the bar associations in which I hold membership, including the State Bar of New York (admitted January 8, 1998) and the District of Columbia (admitted January 8, 1998).

4.    I have been admitted to practice before the following courts:

D.C. Bar (admitted January 11, 2002)

NY State Bar (admitted January 8, 1998)

Federal appellate and district courts:

United States Supreme Court (admitted July 30, 2007)

U.S. Court of Appeals, First Circuit (admitted February 10, 2003)

U.S. Court of Appeals, Second Circuit (admitted May 31, 2007)

U.S. Court of Appeals, Third Circuit (admitted December 29, 2016)

U.S. Court of Appeals, Fourth Circuit (admitted December 16, 2022)

U.S. Court of Appeals, Fifth Circuit (admitted August 25, 2016)

U.S. Court of Appeals, Ninth Circuit (admitted June 6, 2008)

U.S. Court of Appeals, Federal Circuit (admitted May 6, 2003)

U.S. Court of Federal Claims (admitted December 10, 2002)

U.S. District Court, District of Columbia (admitted January 6, 2003)

State Courts:

State of New York Supreme Court, Appellate Division Third Judicial Department (Highest Court in NYS) (admitted January 8, 1998)

1     District of Columbia Court of Appeals (admitted January 11, 2002)

2     Military appellate courts:

3     U.S. Court of Appeals for the Armed Forces (admitted October 7, 1998)

4     U.S. Navy Marine-Corps Court of Criminal Appeals (admitted July 19, 2002)

5     5.    I am a member in good standing in all of the aforementioned courts.

6     6.    I have never been suspended or disbarred, or denied admission or readmission by

7     any court.

8     7.    In the preceding two years I filed an application to appear as counsel pro hac vice

9     in matters pending in the following California court: United States District Court Northern District

10    of California application filed on July 29, 2023 and granted on July 31, 2023 (Johnson v. Petaluma

11    Health Center, Inc.: #3:23-cv-03777) and in another case in this court, application was filed on

12    August 2, 2023 and granted on August 2, 2023 (Gerson, et al. v. Petaluma Health Center, Inc.:

13    #3:23-cv-03879).

14    8.    The California attorneys of record for defendants EISNER HEALTH,

15    CATHERINE L. JACOBS, CNM, and KENDRA L. SEGURA, M.D., are:

16    John C. Kelly (SBN: 125609)

17    Kelly, Trotter & Franzen

18    111 West Ocean Blvd.

19    14th Floor

20    Long Beach, CA 90801

21    Phone: (562) 432-5855 Telephone

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**VERIFICATION:**

I am the applicant in this matter. I have read the foregoing application and the matters stated therein are true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing statements are true and correct.

_____
Matthew Freedus, Esq.

Dated: This 23rd day of August, 2023, in Washington, DC.

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On August 23, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

APPLICATION TO BE ADMITTED PRO HAC VICE

☐   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒   **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on August 23, 2023, at Long Beach, California.

Valerie Q. Plotkin

**PROOF OF SERVICE LIST**

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH, LLP<br>1327 North Broadway<br>Santa Ana, CA 92706 | *Attorneys for Plaintiffs*<br>Office: (949) 229-5654<br>Fax: (949) 203-2162<br>Email:<br>nick@ih-llp.com<br>Service@ih-llp.com<br>Paria@ih-llp.com<br>rosa@ih-llp.com<br>angie@ih-llp.com |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 1025<br>Glendale, CA 91203 | *Attorneys for Defendant*<br>*DIGNITY COMMUNITY CARE*<br>*dba CALIFORNIA HOSPITAL*<br>*MEDICAL CENTER*<br>Office: (818) 796-4100<br>Fax: (818) 496-4920<br>Email:<br>jaitelli@poc-law.com<br>mperez@poc-law.com<br>hgray@poc-law.com |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036 | *Attorneys for Defendants, EISNER*<br>*HEALTH, KENDRA L. SEGURA,*<br>*M.D. and CATHERINE L.*<br>*JACOBS, CNM*<br>Office: (202) 466-8960<br>Email:<br>mfreedus@feldesmantucker.com |

**Journal Technologies Court Portal**

# Court Reservation Receipt

### Reservation

| | |
|---|---|
| Reservation ID:<br>825014532240 | Status:<br>RESERVED |
| Reservation Type:<br>Application to be Admitted Pro Hac Vice | Number of Motions:<br>1 |
| Case Number:<br>23STCV01190 | Case Title:<br>VERONICA PAZ AGUILAR, et al. vs CATHERINE L. JACOBS, , CNM, et al. |
| Filing Party:<br>Eisner Health (Defendant) | Location:<br>Stanley Mosk Courthouse - Department 73 |
| Date/Time:<br>September 19th 2023, 8:30AM | Confirmation Code:<br>CR-XX5ECVMCK6GPVCAJZ |

### Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Application to be Admitted Pro Hac Vice | 500.00 | 1 | 500.00 |
| Credit Card Percentage Fee (2.75%) | 13.75 | 1 | 13.75 |
| TOTAL | | | $513.75 |

### Payment

| | |
|---|---|
| Amount:<br>$513.75 | Type:<br>Visa |
| Account Number:<br>XXXX9853 | Authorization:<br>412212 |
| Payment Date:<br>2023-08-22 | |

‹ Back to Main    🖶 Print Page

Copyright © Journal Technologies, USA. All rights reserved.

**FELDESMAN TUCKER LEIFER FIDELL LLP**
**MATTHEW S. FREEDUS**
**1129 20TH Street, NW, Suite 400**
**Washington, DC 20036**
**(202) 466-8960**
**mfreedus@feldesmantucker.com**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/29/2023 4:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Abraham, Deputy Clerk

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 23STCV01190<br><br>**SUPPLEMENTAL PROOF OF SERVICE OF APPLICATION TO BE ADMITTED PRO HAC VICE AND PAYMENT OF PROCESSING FEE**<br><br>[Cal. Rules of Court, rule 9.40]<br><br>Date:      September 19, 2023<br>Time:      8:30 a.m.<br>Dept.:      73<br>Res. ID: 825014532240<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed: January 19, 2023<br>Trial Date:        None |

I, Valerie Q. Plotkin, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On August 29, 2023, I

//

served a true and correct copy of the following document, **APPLICATION TO BE ADMITTED PRO HAC VICE**, with a check for the payment of the $50 processing fee, on the interested party below:

        The State Bar of California

        Office of Admissions

        180 Howard Street

        San Francisco, CA 94105

☒    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on August 29, 2023, at Long Beach, California.

_____

Valerie Q. Plotkin

SUPPLEMENTAL PROOF OF SERVICE OF APPLICATION TO BE ADMITTED PRO HAC VICE AND PAYMENT OF PROCESSING FEE

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On August 29, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

## **SUPPLEMENTAL PROOF OF SERVICE OF APPLICATION TO BE ADMITTED PRO HAC VICE AND PAYMENT OF PROCESSING FEE**

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on August 29, 2023, at Long Beach, California.

_____
Valerie Q. Plotkin

1

**PROOF OF SERVICE LIST**

2

RE: AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.                          *Attorneys for Plaintiffs*
Nicholas J. Leonard, Esq.                        Office: (949) 229-5654

5

IKUTA HEMESATH, LLP                              Fax: (949) 203-2162
1327 North Broadway                              Email:

6

Santa Ana, CA 92706                              nick@ih-llp.com
                                                 Service@ih-llp.com

7

                                                 Paria@ih-llp.com
                                                 rosa@ih-llp.com

8

                                                 angie@ih-llp.com

9

Robert B. Packer, Esq.                           *Attorneys for Defendant*
John Aitelli, Esq.                               *DIGNITY COMMUNITY CARE*

10

PACKER, O'LEARY & CORSON                         *dba CALIFORNIA HOSPITAL*
505 N. Brand Blvd., Suite 1025                   *MEDICAL CENTER*

11

Glendale, CA 91203                               Office: (818) 796-4100
                                                 Fax: (818) 496-4920

12

                                                 Email:
                                                 jaitelli@poc-law.com

13

                                                 mperez@poc-law.com
                                                 hgray@poc-law.com

14

15

Matthew S. Freedus, Esq.                         *Attorneys for Defendants, EISNER*
FELDESMAN TUCKER LEIFER FIDELL LLP               *HEALTH, KENDRA L. SEGURA,*

16

1129 20th Street, NW, Suite 400                  *M.D. and CATHERINE L.*
Washington, DC 20036                             *JACOBS, CNM*

17

                                                 Office: (202) 466-8960
                                                 Email:

18

                                                 mfreedus@feldesmantucker.com

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL PROOF OF SERVICE OF APPLICATION TO BE ADMITTED PRO HAC VICE AND
PAYMENT OF PROCESSING FEE

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)<br>IKUTA HEMESATH LLP<br>1327 North Broadway<br>Santa Ana, CA  92706 | |

TELEPHONE NO.: (949) 229-5654          FAX NO. *(Optional):* (949) 203-2162
E-MAIL ADDRESS: Service@ih-llp.com
ATTORNEY FOR *(Name):* Plaintiffs VERONICA PAZ AGUILAR, et al.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER:<br>23STCV01190 |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: September 19, 2023      Time: 8:30 a.m.      Dept.: 73      Div.:      Room:

Address of court *(if different from the address above):*

☒   **Notice of Intent to Appear by Telephone, by** *(name):* Nicholas J. Leonard, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Plaintiffs Veronica Paz Aguilar and Ernesto Zepeda Cordoba
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 19, 2023
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(Describe, including causes of action):* Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial        ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
4/12-5/3/24 (Trial); 7/29-8/9/24 (Trial); 1/27-2/7/25 (Trial); 6/30-7/15/25 (Trial)

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 10

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption        ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                              f.  Fax number:

e.  E-mail address:                                g.  Party represented:

☐    Additional representation is described in Attachment 8.

9.  **Preference**

☐    This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel    ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party    ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(6) and (b)(8)

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**11. Insurance**

    a. ☐   Insurance carrier, if any, for party filing this statement *(name):*

    b.  Reservation of rights:  ☐ Yes  ☐ No

    c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

    a. ☐   There are companion, underlying, or related cases.

         (1) Name of case:

         (2) Name of court:

         (3) Case number:

         (4) Status:

         ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to  ☐ consolidate  ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

    ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

    ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Defs Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM have scheduled a Motion for Certification and Substitution to be heard on September 19, 2023 at the same time as the Case Management Conference.

**16. Discovery**

    a. ☐   The party or parties have completed all discovery.

    b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Depositions of Defendants' Employees | Dec 2023 |
| Plaintiffs | Depositions of Defendants Jacobs and Segura | Dec 2023 |
| Plaintiffs | Additional Discovery | Dec 2023 |

    c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*:  None

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 5, 2023

Nicholas J. Leonard, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Nicholas J. Leonard*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

On September 5, 2023, I served the foregoing document(s) described as **CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

| | |
|---|---|
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba<br>CALIFORNIA HOSPITAL MEDICAL<br>CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA  90801-5636<br>Tel: (562) 432-5855<br>Fax: (562) 432-8785<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM |

☒   BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒   STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 5, 2023 at Santa Ana, California.

By:   _Angie Oremus_

Angie Oremus

– 1 –

PROOF OF SERVICE

1  **KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
**Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  **jckelly@kellytrotter.com bjjeffery@kellytrotter.com**

6  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/25/2023 9:51 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

7

8  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  FOR THE COUNTY OF LOS ANGELES

10

11  VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,

12              Plaintiffs,

13       vs.

14  CATHERINE L. JACOBS, CNM; KENDRA L.
15  SEGURA, M.D.; EISNER HEALTH;
   CALIFORNIA HOSPITAL MEDICAL CENTER;
16  DIGNITY COMMUNITY CARE; and DOES 1
   through 100, Inclusive,
17
18              Defendants.

| CASE NO.:  23STCV01190 |
|---|

**DEFENDANTS EISNER HEALTH, CATHERINE L. JACOB, C.N.M., AND KENDRA L. SEGURA, M.D.'S RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION FOR CERTIFICATION AND SUBSTITUTION**

**DATE:  September 27, 2023**
**TIME:  8:30 a.m.**
**DEPT.: 73**

ASSIGNED FOR ALL PURPOSES TO:
JUDGE:  TIMOTHY PATRICK DILLON
DEPARTMENT: 73

Complaint Filed:    January 19, 2023
Trial Date:         None

23       Defendants Eisner Health, Catherine L. Jacobs, C.N.M., and Kendra L. Segura, M.D.

24  (collectively, the "Eisner Defendants") hereby respond in opposition to the federal government's

25  September 5, 2023 "Notice To State Court Re: Defendants Eisner Health, Kendra L. Segura,

26  M.D., Catherine L. Jacobs, C.N.M.'s Motion for Certification and Substitution." The

27  government's notice—ostensibly submitted "to advise the Court that it lacks jurisdiction to order

28  the relief sought by the Eisner Defendants"—wrongly seeks to foreclose a judicial determination

RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION
FOR CERTIFICATION AND SUBSTITUTION

1    of their federal rights and liabilities in litigation. Through clear and unequivocal language, 42

2    U.S.C. § 233(a) affords absolute (*suit*) immunity—which is a right *not to be* a party to

3    litigation—by making the plaintiff's "exclusive" remedy a claim "against the United States." 42

4    U.S.C. § 233(a). Thus, when applicable, § 233(a) immunity necessarily requires the *substitution*

5    of the United States as the only proper defendant *in place of* the immune defendant. Simply put,

6    substitution effectuates suit immunity.

7        The scope certification by the Attorney General under 42 U.S.C. § 233(c) is a

8    "convenient mechanism for establishing that the alleged misconduct occurred within the scope of

9    the employee's duties, but "there is no reason to think that scope certification by the Attorney

10   General is a prerequisite to immunity under § 233(a)." *Hui v. Castaneda*, 559 U.S. 799, 811

11   (2010). "To be sure, that immunity is contingent upon the alleged misconduct having occurred in

12   the course of the PHS defendant's duties, but a defendant may make that proof pursuant to the

13   ordinary rules of evidence and procedure." *Id*. Where, as here, the Attorney General fails or

14   refuses to certify a defendant as having acted within the scope of his or her PHS employment for

15   purposes of PHS Act immunity, the Court—in which the action is filed and in which the

16   statutory immunity is asserted—has the authority (under the PHS Act) to adjudicate the

17   defendants' asserted immunity.

18       On the merits of the Eisner Defendants' claim to immunity—*which Plaintiffs do not even*

19   *oppose* (Pl.'s Notice of Non-Opposition to Defendants' Mot. for Certification and

20   Substitution)—the Eisner Defendants easily satisfy each element: (1) Eisner Health and its

21   employees (including Dr. Segura and Ms. Jacobs) were deemed by the Secretary of the U.S.

22   Department of Health and Human Services for the period (*i.e.*, calendar years 2021 and/or

23   2022)[1] in which the events giving rise to this action occurred; (2) the claim against the Eisner

24   Defendants—which is plainly a *medical malpractice* action—arose from their performance of

25   "medical, surgical … or related functions," 42 U.S.C. § 233(a); and (3) those functions were

26   undertaken within the scope of the Eisner Defendants' deemed federal employment, *i.e.*, the

27

28   [1] *See* Eisner Defendants' Petition for Certification and Substitution, Declaration of Daniel Z. Weinberg, Ex. C & D (Notice of Deeming Action for CY 2021 and 2022, respectively).

RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION
FOR CERTIFICATION AND SUBSTITUTION

1  scope of Eisner Health's grant-supported project under 42 U.S.C. §254b included "prenatal and

2  perinatal services" as statutory required services and the California Hospital Medical Center as

3  an HHS-approved site for the provision of such services.

4        **1.  This Court has jurisdiction to adjudicate the Eisner Defendants' immunity claim**

5        This Court's statutory authority to effectuate the Eisner Defendants' immunity finds its

6  home in the PHS Act. That is, 42 U.S.C. § 233(a) immunity is effectuated by a finding or

7  determination that the defendant's conduct (*i.e.*, performance of "medical, surgical … or related

8  functions") occurred within the scope of his or her employment as an (actual or deemed) Public

9  Health Service employee. 42 U.S.C. § 233(a) (making the "remedy against the United States"

10  under the FTCA "exclusive *of any other civil action or proceeding*") (emphasis added), and

11  233(g)(1)(A) (mandating that deemed PHS employees get "the same" immunity as actual PHS

12  employees).[2]

13        The concept of substitution simply describes what the statute requires. It affords suit

14  immunity by making the plaintiff's "exclusive" remedy (as to the alleged acts or omissions of the

15  PHS defendant) a claim "against the United States." 42 U.S.C. § 233(a) and (g). Thus, as *Hui*

16  recognized, 559 U.S. at 806, § 233 itself supplies the authority to order the certification of a

17  defendant and the substitution of the United States in his or her place. Indeed, courts have made

18  such determinations "pursuant to the ordinary rules of evidence and procedure" under § 233(a)

19  authority long before Congress codified procedures to do so under the Westfall Act of 1988 and

20  subsequent, similar statutes like 42 U.S.C. § 233(l)(2)). *Id.* at 806 n.5, 811 ("while scope

21  certification may provide a convenient mechanism for establishing that the alleged misconduct

22  //

23  //

24  _____

[2] There is no dispute that actual and deemed PHS employees enjoy the same immunity. *Friedenberg v. Lane County*,
25  68 F.4th 1113 (9th Cir. 2023) (recognizing § 233(g) explicitly affords § 233(a) immunity to deemed PHS employees
"to the same extent" it is afforded to actual PHS employees). The immunity would not be the same, as Congress
26  commands, if deemed PHS defendants did not have procedural safeguards at least comparable to actual PHS
defendants; *Agyin v. Razmzan*, 986 F. 3d 168, 171 (2d Cir. 2021) (holding that a deemed PHS employee receives
"the same legal immunity that is extended to employees of the Public Health Service"); *see also* H. H.R. Rep. No.
27  104-398, at 4 (1995), reprinted in 1995 U.S.C.C.A.N. 767, 768 (indicating Congress' intent that deemed Public
Health Service employees "be covered for malpractice claims under the FTCA in the same manner as are employees
28  of the Public Health Service").

1  occurred within the scope of the employee's duties, the procedure authorized by § 2679(d) is not

2  necessary to effect substitution of the United States").[3]

3      Although immunity determinations are typically made in federal court,[4] and federal

4  district courts have exclusive jurisdiction over claims against the United States, 28 U.S.C. §

5  1346(b)(1), "state courts are competent to resolve questions of federal law," including the issue

6  of whether to substitute the United States in place of a federal defendant. *Daniels v. Liberty Mut.*

7  *Ins. Co.*, 484 F.3d 884 (2007) (C.J., Easterbrook) (citing *Jaskolski v. Daniels*, 427 F.3d 456, 459-

8  60 (7th Cir. 2005); 28 U.S.C. § 2679(d); *Jaskolski v. Daniels*, 905 N.E.2d 1 (Ct. App. Ind. 2009)

9  (holding that a federal employee, asserting immunity from a state court action or proceeding,

10  may petition the state court for certification and substitution of the United States).

11      A recent example in California illustrates the point. In *J.G. v. La Clinica De La Raza, Inc.*

12  *et al.*, the Alameda County Superior Court squarely confronted a deemed PHS defendant's

13  petition for certification following the government's refusal to certify the deemed defendant and

14  substitute itself in the deemed defendant's place. The court found that it has certification

15  authority and granted the petition, thereby certifying the health center defendant as having acted

16  within the scope of its deemed PHS employment with respect to the underlying state court

17  action. Case No. RG16823781 (J., Herbert) (Alameda Cnty Sup. Ct. May 28, 2019), at 3-4

18  (citing *United States v. Smith*, 499 U.S. 160, 173 (1990) (copy attached hereto as Exhibit A).[5]

19
20  _____

[3] This immunity was afforded by the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, § 4, 84 Stat. 1868, 1870–71 (1970), codified at 42 U.S.C. § 233.

21
22  [4] There are pending appeals in the Ninth Circuit on the issue of whether deemed PHS defendants may remove state court actions to federal court to challenge the Attorney General's failure or refusal to certify them as having acted within the scope of their deemed PHS employment. The government is opposing such review. *Tilley v. Blumberger, et al.*, Case No. 22-56032 (9th Cir.).

23
24  [5] *But see Blumberger v. California Hospital Medical Center, et. al.*, Case No. 21STCV19115 (L.A. Cnty. Sup. Ct. Sept. 14, 2023) (copy attached hereto as Exhibit B). The Blumberger court erred in several ways. At the outset, it misconstrued the defendant (another provider employee of Eisner Health) as having "move[d] for an order deeming Defendant a Public Health Service (PHS) under 42 U.S.C. § 233, *et seq*." The court misperceived the

25  relief sought and misunderstood the operative statutory scheme. The one and only "deeming" determination contemplated by the statute is made exclusively by the HHS Secretary, and is made in advance of, and for, a

26  specified period. 42 U.S.C. § 233(g) and (h). In other words, the deemed status of an individual or entity is always readily identifiable as to any period. A health center and its employees either will or will not have submitted a

27  deeming application for a specified period, and the HHS Secretary either will or will not have approved the application in advance of and for the period in which the events giving rise to any claim occurred. In other words,

28  "deemed" status is like an occurrence-based professional liability policy—it either is or is not in place as to the past

1    "The Government's argument that its decision on § 233(a) is not subject to judicial
2    review is contrary to the teachings of the Supreme Court." *Kezer v. Penobscot Cmty. Health Ctr.*,
3    No. 15-cv-225, ECF 42 at 17 (D. Me. Mar. 21, 2019), report and recommendation adopted, ECF
4    No. 51-1 (D. Me. Aug. 15, 2016) (copies of the recommended decision and decision attached
5    hereto as Exhibit C and D, respectively); *see also C. K. v. United States*, 2020 WL 6684921, at
6    *4 (S.D. Ca. Nov. 12, 2020) (citing *Hui* and rejecting government's assertion that "the Court
7    lacks authority" to certify a defendant as acting within the scope of her deemed PHS
8    employment and order the substitution of the United States under § 233(a)). As the Supreme
9    Court has long recognized, Executive Branch officials cannot be the judge of their own (self-
10   interested and hardly infallible) decisions on whether to substitute the United States in place of a
11   federal defendant. *Cf. Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995) (noting that
12   "the United States initially took the position that the local United States Attorney's scope-of-
13   employment certifications are conclusive and unreviewable but, on further consideration,
14   changed its position"); *Hui*, 559 U.S. at 806 (recognizing that courts had the authority under the
15   PHS Act to certify and substitute long before procedures for doing so were codified under the
16   Westfall Act (*i.e.*, 28 U.S.C. § 2679(d) and similar statutes (42 U.S.C. § 233(*l*)); *Booker v.
17   United States*, Case No. 13–1099, 2015 WL 3884813, at *7 (E.D. Pa. June 24, 2015)
18   (recognizing that § 233(*l*)(2) "serves the same purpose as the procedure contemplated by [28
19   U.S.C.] § 2679(d)(3)—*i.e.*, to allow a court to determine whether the defendant is entitled to
20   FTCA coverage with respect to the conduct on which the action is based").

21           For § 233(a) immunity to be what it is—*i.e.*, suit immunity—it must be available and
22   enforceable *in the suit* for which it is asserted. From this basic premise, the Supreme Court has
23   repeatedly stated that immunity determinations ought to be made at the earliest opportunity in the
24   litigation in which an immunity right is asserted. *See Saucier v. Katz*, 533 U.S. 194, 200–01

25

26   period in which the events giving rise to a claim occurred. Where, as here, the deeming determination in 2021 for
     CY 2022 was favorable the deemed status that that determination affords is "final and binding" on the Attorney
27   General and all parties to litigation. Id. at § 233(g)(1)(F). The certification determination—*i.e.*, whether the alleged
     conduct occurred within the scope of employment—is a separate and subsequent determination which is not "final
28   and binding" but rather subject to judicial review.

1  (2001) ("an immunity from suit rather than a mere defense to liability . . . like an absolute

2  immunity . . . is effectively lost if a case is erroneously permitted to go to trial") (citing *Mitchell*

3  *v. Forsyth*, 472 U.S. 511, 526 (1985) ("the essence of absolute immunity is its possessor's

4  entitlement not to have to answer for his conduct in a civil damages action"); *Hunter v. Bryant*,

5  502 U. S. 224, 227 (1991) (per curiam) (noting the Court has "repeatedly [] stressed the

6  importance of resolving immunity questions at the earliest possible stage in litigation").

7      **2.  The Government's certification decision is plainly erroneous and inconsistent**

8          **with its own prior favorable certifications of Eisner employee-defendants in**

9          **malpractice actions arising out of the very same grant-supported activities at**

10         **issue here**

11     The government's refusal to certify the Eisner Defendants in this action—a decision it is

12  trying to insulate from judicial review—is plainly erroneous and inconsistent with its own prior

13  favorable certifications of Eisner employee-defendants in actions arising out of the very same

14  grant-supported activities at issue here. *See Alvarez v. Cox*, Case No. 08-cv-08462-DDP-E (C.D.

15  Cal. 2008) (Attorney General's representative not only described an Eisner employee-physician

16  as a "federal defendant" but it certified him as having acted within the scope of his PHS

17  employment for purposes of the same activities here—*i.e.*, Eisner Health's on-call OB-GYN

18  services at California Hospital Medical Center). Moreover, the government's flip-flop rests

19  largely on an agency action that was declared unlawful by the Ninth Circuit and vacated on

20  remand. *See Pediatric and Family Medical Foundation v. Becerra*, 2021 WL 3878647 *2 (9th

21  Cir. August 31, 2021) (holding agency's decision to remove California Hospital Medical Center

22  from Eisner's scope of project was "arbitrary and capricious" in violation of the Administrative

23  Procedure Act, 5 U.S.C. § 551 *et seq.*); *Pediatric and Family Medical Foundation v. U.S. Dep't.*

24  *of Health and Human Servs.*, No. 17-cv-00732-FLA (C.D. Ca. July 18, 2022) (setting aside

25  HRSA's July 2015 action).

26     For the foregoing reasons, and those provided in the Eisner Defendants' petition for

27  certification and substitution, this Court should certify them as having acted within the scope of

28  //

1  their employment as a deemed Public Health Service employees and order the substitution of the

2  United States in their place as to Plaintiffs' claims against them.

3

4  DATED:  September 25, 2023                    KELLY, TROTTER & FRANZEN

5

6                                              By:_____

7                                                  JOHN C. KELLY
                                                    BETSEY J. JEFFERY
8                                                  Attorneys for Defendants,
                                                    EISNER HEALTH, KENDRA L. SEGURA,
9                                                  M.D. and CATHERINE L. JACOBS, CNM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION
FOR CERTIFICATION AND SUBSTITUTION

# EXHIBIT A

21048731

**FILED**

ALAMEDA COUNTY

MAY 2 8 2019

CLERK OF THE SUPERIOR COURT

By _____
                        Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ).G., a minor, by an through her guardian ad litem, ELVA A., | No. RG16823781 |
| Plaintiffs, | ORDER GRANTING DEFENDANT LA CLINICA DE LA RAZA, INC.'S PETITION FOR CERTIFICATION PURSUANT TO 28 U.S.C. SEC. 2679(D)(3) |
| v. | |
| LA CLINICA DE LA RAZA, INC., et al, | Date:   April 30, 2019 |
| Defendants. | Time:   3:00 p.m. |
| | Dept.:  20 |

The petition of Defendant La Clinica de la Raza, Inc. ("La Clinica") came on for hearing on April 30, 2019, in Department 20 of this Court, the Honorable Paul D. Herbert presiding. Counsel appeared on behalf of Plaintiff and on behalf of Defendant. After consideration of the points and authorities and the evidence, as well as the oral argument of counsel, IT IS ORDERED:

La Clinica, a federally supported health center, is deemed to be an employee of the federal government, and the United States Attorney General is obligated to defend it for all claims "resulting from the performance of medical, surgical, dental, or related functions. . . .

1

while [La Clinica was] acting within the scope of [its] office or employment.  (42 U.S.C. sec. 233(a).)

Here, the Department of Health and Human Services had deemed La Clinica an employee of the Public Health Service ("PHS") pursuant to the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. sec. 233(g)-(n).  The United States Attorney issued a "Certification Pursuant to 28 U.S.C. sec. 2679," certifying that La Clinica "was acting within the scope of employment during the timeframe of events giving rise to the Second Cause of Action in [Plaintiff's C]omplaint in this matter."  However, beyond the second cause of action, the United States Attorney's certification was silent as to Plaintiff's other causes of action brought against La Clinica in the Complaint.

The timeframe of events and La Clinica's conduct therein which give rise to Plaintiff's second cause of action are identical to the timeframe and conduct which give rise to Plaintiff's remaining claims against La Clinica.  Each of Plaintiff's causes of action against La Clinica is based on La Clinica's hiring, supervision, and retention of a dental assistant, Defendant Alejandro Saro.  Accordingly, La Clinica petitioned this Court to expand the certification to include not only the Complaint's second cause of action, but all of the remaining causes of action brought against La Clinica, as well.

In response to La Clinica's petition, the United States Attorney filed a "Notice to State Court Pursuant to 42 U.S.C. sec. 233(l)(1)" which argues this Court does not have jurisdiction to expand the certification as requested by La Clinica because the United States Attorney erroneously cited to an incorrect statute when granting the initial scope of certification.  The United States Attorney does not argue the merits of La Clinica's petition and does not provide any clear citation to statutory or case law authority that would confirm the United States

1  Attorney's mistake prevents this Court from expanding the scope of certification pursuant to La

2  Clinica's request.

3        La Clinica, on the other hand, argues the United States Attorney's mistake does not affect

4  the Court's jurisdiction because the Westfall Act, commonly referred to as the Federal Tort

5  Claims Act, provides litigation immunity to "any employee of the Government." (28 U.S.C. sec.

6  3879(b).) La Clinica's present petition, in line with the United States Attorney's initial

7  certification (which the United States Attorney now claims cited to an incorrect statue), is

8  brought pursuant to 28 U.S.C. section 2879(d), the provision of the Westfall Act that specifically

9

10  authorizes challenging the United States Attorney's initial scope of certification. Although La

11  Clinica's litigation immunity arises from a different statute, the PHS Act, La Clinica claims it

12  may still challenge the scope of certification pursuant to section 2879(d), because that section,

13  and all of the protections of the Westfall Act, are available to "any employee of the

14  Government," of which La Clinica has been deemed to be.

15        As stated in *United States v. Smith* (1990) 499 U.S. 160, 173: "[The Westfall Act's] plain

16

17  language makes no distinction between employees who are covered under [statutes such as the

18  PHS Act] and those who are not. . . . No language in [the Westfall Act] purports to restrict the

19  phrases 'any employee of the Government,' . . . . [I]f Congress had intended to limit the

20  protection under the [Westfall] Act to employees not covered under [the PHS or similarly-

21  situated statutes], it would have said as much."

22

23        The Court finds La Clinica's reasoning to be compelling and the holding of *Smith* to be

24  controlling. The Court sees no good cause, and the United States Attorney has provided none,

25  that the remaining causes of action brought against La Clinica by Plaintiff in this action should be

26  treated any differently than the Complaint's second cause of action.

Accordingly, the Court finds and certifies that La Clinica was acting within the course and scope of its employment as a deemed federal employee during the timeframe of events that give rise to all of Plaintiff's claims asserted against it in the Complaint, not just the second cause of action, and this expanded certification permits the United States to intervene as to each of Plaintiff's causes of action brought against La Clinica.

Therefore, IT IS ORDERED and certified that Defendant La Clinica de la Raza, Inc. is deemed to be an employee of the Public Health Service under the Federally Supported Health Centers Assistance Act, 42 U.S.C. section 233, and was acting within the scope of tis employment during the timeframe of events giving rise to the causes of action in the Complaint in this matter.

IT IS FURTHER ORDERED that this certification does not apply to Defendant Alejandro Saro.

Dated: May 28 2019

_____

Paul D. Herbert
Judge of the Superior Court

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 30

**21STCV19115**                                                    September 14, 2023
**RAIZEL BLUMBERGER vs CALIFORNIA HOSPITAL**                        8:30 AM
**MEDICAL CENTER, et al.**


Judge: Honorable Barbara M. Scheper          CSR: None
Judicial Assistant: C. Wilson                ERM: None
Courtroom Assistant: B. Byers                Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Barry Novack, Esq. (Telephonic) by Samuel Winokur

For Defendant(s): Kent T. Brandmeyer by Jacob Rosenberg; Robert B. Packer by John Aitelli

(Telephonic)

Other Appearance Notes: Attorney Matthew S. Freedus, Pro Hac Vice pending, is also present

(Telephonic).  Telephonic appearances are made via LACourtConnect


**NATURE OF PROCEEDINGS:** HEARING ON MOTION - DEFENDANT IAN B. TILLEY, M.D.'S PETITION FOR CERTIFICATION AND SUBSTITUTION OF THE UNITED STATES;
HEARING ON EX PARTE APPLICATION TO SHORTEN TIME RE PRO HAC VICE APPLICATION OF ASSOCIATED COUNSEL MATTHEW FREEDUS;

Matter is called for hearing.

The Ex Parte Application DEFENDANT IAN B. TILLEY, M.D.S NOTICE OF EX PARTE AND EX PARTE APPLICATION TO SHORTEN TIME RE PRO HAC VICE APPLICATION OF ASSOCIATED COUNSEL MATTHEW FREEDUS filed by Ian B. Tilley, MD on 09/13/2023 is Denied. Motion to be Admitted Pro Hac Vice remains set for hearing 10/10/2023.

Counsel acknowledge that they have reviewed the posted Tentative Ruling.

Counsel argue.

The Court adopts the Tentative Ruling as the final order of the of the Court as follows:

Blumberger vs. California Hospital Medical Center, et. al., Case No. 21STCV19115

Ruling re: Defendant's Petition to Substitute the United States as Defendant

Defendant Ian B. Tilley, M.D. (Defendant) moves for an order deeming Defendant a Public Health Service (PHS) employee under 42 U.S.C. § 233, et seq. and substituting the United States

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 30

**21STCV19115**                                                  September 14, 2023
**RAIZEL BLUMBERGER vs CALIFORNIA HOSPITAL**                      8:30 AM
**MEDICAL CENTER, et al.**

Judge: Honorable Barbara M. Scheper          CSR: None
Judicial Assistant: C. Wilson                ERM: None
Courtroom Assistant: B. Byers                Deputy Sheriff: None

---

as defendant. The motion is denied.

"When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant. Section 233(a) makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.' " (Hui v. Castaneda (2010) 559 U.S. 799, 801–802.)

Plaintiff commenced this action on May 20, 2021. On July 22, 2021, pursuant to 42 U.S.C. § 233(l)(1), the U.S. Attorney filed a notice in this Court to advise that it was considering whether Defendant was deemed to be an employee of the Public Health Service (PHS) for purposes of 42 U.S.C. § 233. On July 21, 2022, the United States Attorney advised that Plaintiff was deemed not to be a PHS employee for purposes of 42 U.S.C. § 233.

On August 26, 2022, Defendant removed this action to federal court, citing 42 U.S.C. § 233(l)(2) and 42 U.S.C. § 1442(a)(1). Plaintiff and the United States both filed motions to remand. The district court granted the motions to remand on November 2, 2022, finding that Defendant's Notice of Removal was improper under section 233(l)(2) and untimely under 28 U.S.C. § 1446(b). The district court's remand order "expressly decline[d] to consider the merits of Tilley's dispute over the Government's determination that Tilley does not qualify as a federal officer for purposes of § 1442.

Contrary to Defendant's argument, Section 233(a) does not allow this Court to grant the requested certification and substitute the United States. Under section 233(a), the remedy against the United States provided by 28 U.S.C. §§ 1346(b) and 2672 is made the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." Even assuming the immunity applies, nothing in this provision allows the Court to substitute the United States as defendant in this action. While 28 U.S.C. § 2679(d)(3) allows an employee to challenge the Attorney General's refusal to certify scope of office or employment before a court and thereafter substitute the United States, Defendant does not purport to rely upon that provision here, and in any case, he has not served the United States as required by that section.

Defendant cites Hui v. Castaneda (2010) 559 U.S. 799, for the statement that "a defendant may

---

Minute Order                                                    Page 2 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 30

**21STCV19115**                                      September 14, 2023
**RAIZEL BLUMBERGER vs CALIFORNIA HOSPITAL**                 8:30 AM
**MEDICAL CENTER, et al.**

Judge: Honorable Barbara M. Scheper        CSR: None
Judicial Assistant: C. Wilson              ERM: None
Courtroom Assistant: B. Byers              Deputy Sheriff: None

make that proof [that the alleged misconduct occurred in the course of the PHS defendant's duties] pursuant to the ordinary rules of evidence and procedure. . . . Thus, while scope certification may provide a convenient mechanism for establishing that the alleged misconduct occurred within the scope of the employee's duties, the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States." (559 U.S. at 811.) Here, the Supreme Court was responding to the argument that a defendant must obtain scope certification from the Attorney General under the Federal Tort Claims Act (FTCA) prior to invoking section 233 immunity in federal actions: "Respondents first note § 233's lack of a procedure for 'scope certification' in federal-court actions. Under the FTCA, 'certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose' transforms an action against an individual federal employee into one against the United States. § 2679(d)(1). Because § 233 does not provide a similar mechanism for scope certification in federal-court actions, respondents contend that PHS defendants seeking to invoke the immunity provided by § 233(a) must rely on the FTCA's scope certification procedure, set forth in § 2679(d)." (Id. at 810.)

To the extent that Defendant seeks to prove his section 233 immunity to dismiss this action, the Court agrees with Plaintiff that Defendant's petition would be an improper motion for summary judgment. Furthermore, the above discussion in Hui is inapplicable here because section 233 does provide a procedure for substitution of the United States in state court actions. Under subdivision (c), if the Attorney General certifies "that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose," any civil action commenced in State court shall be removed by the Attorney General to the proper district court "and the proceeding deemed a tort action brought against the United States under the provisions of title 28 and all references." (§ 233(c).) The availability of alternative procedures for substitution under section 233 explains the statement in Hui that "the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States" (Id. at 811), and is more plausible than Plaintiff's suggestion that section 233(a) impliedly allows for substitution of the United States despite containing no express language to that effect. The Attorney General did not certify that Defendant was acting in the scope of his employment, and the procedures under section 233 do not provide this Court discretion to substitute the United States regardless. Accordingly, the motion is denied.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 30

**21STCV19115**                                                    September 14, 2023
**RAIZEL BLUMBERGER vs CALIFORNIA HOSPITAL**                        8:30 AM
**MEDICAL CENTER, et al.**

Judge: Honorable Barbara M. Scheper          CSR: None
Judicial Assistant: C. Wilson                ERM: None
Courtroom Assistant: B. Byers                Deputy Sheriff: None

The Motion re: FOR CERTIFICATION AND SUBSTITUTION OF THE UNITED STATES filed by Ian B. Tilley, MD on 05/26/2023 is Denied.

Pursuant to oral stipulation, the Hearing on Motion for Sanctions scheduled for 09/15/2023 is advanced to this date and heard.

The Court gives a spoken tentative ruling.

Counsel submit.

The Motion for Sanctions filed by Raizel Blumberger on 08/23/2023 is Denied.

Notice is waived.

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EMILY KEZER, et al.,                    )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )        1:15-cv-00225-JAW
                                        )
PENOBSCOT COMMUNITY                     )
HEALTH CENTER, et al.,                  )
                                        )
        Defendants                      )

## RECOMMENDED DECISION

In this removed action, Defendants assert in their notice of removal that the Court should conduct a hearing "to confirm" that Defendants are entitled to the immunity provided to commissioned officers of the Public Health Service under the Public Health Service Act, 42 U.S.C. § 233.  (Notice of Removal ¶ 16, ECF No. 1.)  Plaintiff moved to remand the matter to state court.  (Motion to Remand, ECF No. 19.)   The Government supports Plaintiff's request for remand.  (Gov't Response, ECF No. 12.)[1]

In accordance with the Court's order, the parties filed a stipulated record and briefed the following "preliminary issues":  (a) the legal prerequisites to Defendants' ability to remove this action to this Court pursuant to 42 U.S.C. § 233 and (b) whether Defendants have complied with the prerequisites, including any notice that might be required.  (Report of Tel. Conf. at 2, ECF No. 25.)  This recommended decision addresses the preliminary issues regarding removal.[2]

---

[1] The Government is not a party to this action, but is participating as an "interested party."  (Report of Tel. Conf. and Order at 1 n.1, ECF No. 25.)

[2] Although this Recommended Decision will address some of the issues generated by Plaintiffs' Motion to Remand (ECF No. 19), the recommendation does not address the merits of the Attorney General's scope certification determination.  Resolution of the preliminary issues was intended in part to determine whether the matter would remain in federal court and, if so, whether the court could consider the Attorney General's § 233 scope determination.  Because of some uncertainty as to whether resolution of the preliminary issues would resolve all of the issues

Upon review of the record, and after consideration of the parties' arguments and the available authorities, I recommend that the Court determine that Defendants' removal is not procedurally defective under § 233(*l*), and that the Court order further proceedings regarding Plaintiff's motion to remand,[3] and the hearing contemplated by § 233(*l*)(2).

## BACKGROUND

Pursuant to the Public Health Service Act ("PHSA"), the Department of Health and Human Services, through its Health Resources and Services Administration, may "deem" a private health care center and its employees to be commissioned officers of the Public Health Service. The deeming decision is based on the center's receipt of funding under the PHSA, 42 U.S.C. § 254b, the approval of a "deeming" application, and the center's compliance with related conditions, standards, policies, and procedures. 42 U.S.C. § 233(g), (h).

When a party is deemed to be an officer or employee of the Public Health Service, the party is not liable for claims "for damage or personal injury … resulting from the performance of medical, surgical, dental, or related functions, … while acting within the scope of … employment," and the claimant's "exclusive" remedy is against the United States. 42 U.S.C. § 233(a). In the event such a claim is filed in a state court against a deemed Public Health Service employee, the action can be removed to the federal district court upon certification by the Attorney General that the

---

generated by Plaintiff's motion to remand, further action on the motion was stayed pending resolution of the preliminary issues. (ECF No. 25.)

[3] An order remanding a case to the state court ordinarily is not appealable. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127 (1995); 28 U.S.C. § 1447(d). It is thus unclear whether a motion to remand should be treated as a non-dispositive matter for which a magistrate judge can issue an order, or a dispositive matter for which a magistrate judge must issue a recommended decision. *See Albright v. F.D.I.C.,* 21 F.3d 419 n. 4 (1st Cir. 1994); *Unauthorized Practice of Law Comm. v. Gordon,* 979 F.2d 11, 14 (1st Cir. 1992). The emerging consensus is that a magistrate judge should issue a report and recommendation on a motion to remand. *Flam v. Flam,* 788 F.3d 1043, 1047 (9th Cir. 2015) (collecting circuit court opinions). To avoid any potential issue regarding the scope of a magistrate judge's authority on the pending issues, I will issue a recommended decision.

employee and claim are covered, with the Attorney General providing a defense to the commissioned officer.  *Id.* § 233(c), (*l*).

In this case, the removal issue is in dispute insofar as the Attorney General has concluded that Plaintiffs' claims are not within the protection afforded by the PHSA.  The Government, through the United States Attorney for the District of Maine, also maintains that its determination that the Defendants are not covered under the PHSA for Plaintiffs' claim is not reviewable in this proceeding regardless of the propriety of the removal.

*Plaintiffs' Notice of Claim*

Plaintiffs filed a notice of claim asserting claims against Defendants in Maine Superior Court on January 29, 2015. [4]  (Notice of Claim, ECF No. 1-1.)  According to Plaintiffs, between April 2011 and May 2014, employees of Defendant Penobscot Community Health Center, including Defendants Kristen Colley, Melinda Morissette, Kenneth Nadeau, and Susan Trundy, violated Plaintiff Emily Kezer's rights under the Health Insurance Portability and Accountability Act of 1996 when they accessed her personal health records without authorization and without a legitimate purpose.  (*Id.* ¶¶ 18, 21, 26, 41.)

From June 2011 until April 2014, Plaintiff Emily Kezer worked for Defendant Penobscot Community Health Center at the Helen Hunt Health Center as a patient services representative.  (*Id.* ¶ 16.)  Each individual Defendant was also employed by Penobscot Community Health Center when he or she accessed Ms. Kezer's confidential treatment records.  (*Id.* ¶ 20.)  Defendant Nadeau is the only named defendant to provide health care to Plaintiff.  (*Id.* ¶ 19.)  None of the individual defendants, however, including Defendant Nadeau, had cause to review Ms. Kezer's treatment

---

[4] The removed state court pleading refers to the parties as claimants and respondents because the pleading is a notice of claim rather than a complaint.  This Court's docket identifies the parties as plaintiffs and defendants.  Additionally, this Court's docket identifies the United States as the respondent based on its response in opposition to Defendant's notice of removal.  (United States' Response to Notice of Removal, ECF No. 12.)

records generated by Charles Grant, Ph.D., whom Plaintiffs identify as a Penobscot Community Health Center psychologist. (*Id.* ¶¶ 13, 21.) Plaintiffs assert that the records were accessed in part because Penobscot Community Health Center failed to implement adequate safeguards to protect the records, and failed to train and supervise adequately its employees. (*Id.* ¶¶ 33, 35, 38.)

Plaintiff Emily Kezer asserts claims of professional negligence, negligence, negligent and intentional infliction of emotional distress, negligent supervision, and invasion of privacy. (*Id.* ¶ 41.) Additionally, Plaintiff Justin Kezer, Emily's husband, claims loss of consortium. (*Id.* ¶ 42.)

*Additional Facts*

Defendant Penobscot Community Health Center is and at all times relevant to this action was, a community health center recipient of federal grant funds under Section 330 of the PHSA, 42 U.S.C. § 254b, and an entity described under 42 U.S.C. § 233(g)(4). (Statement of Uncontested Facts ¶ 1, ECF No. 28.) Defendants Nadeau, Colley, Trundy, and Melinda M. Morissette were, at all times relevant to this action, health care providers employed by Penobscot Community Health Center. (*Id.* ¶ 2.)

In each calendar year from 2010 to 2016, Penobscot Community Health Center, on its behalf and on behalf of its officers, board members and employees, submitted an application requesting to be deemed employees of the Public Health Service ("PHS") for purposes of the immunity conferred by 42 U.S.C. § 233(a). (*Id.* ¶ 5.) The Secretary of the Department of Health and Human Services approved each of the applications and thus deemed Penobscot Community Health Center and its officers, board members, and employees to be PHS employees for purposes of 42 U.S.C. § 233(a). (*Id.* ¶ 6.)

On July 22, 2014, Plaintiffs filed administrative claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiffs alleged a claim for personal

injuries as a result of the acts or omissions of PCHC and a number of its provider employees,

including the individual Defendants.  (*Id.* ¶ 10.)  By letter dated September 29, 2014, William A.

Biglow, Acting Deputy Associate General Counsel, Claims and Employment Law Branch, Office

of the General Counsel, Department of Health and Human Services, denied the administrative

claims.  (*Id.* ¶ 11.)

On January 29, 2015, claimants filed a notice of claim in Maine Superior Court.  (*Id.* ¶ 12.)

On February 5, 2015, Penobscot Community Health Center emailed a copy of the notice of claim

to the Office of General Counsel, U.S. Department of Health and Human Services, using the email

address "HHS-FTCA-Claims@hhs.gov," in accordance with instructions published by its grantor.

(*Id.* ¶ 13 & Ex. 8.)  The state court docket (ECF No. 1-2) reflects that on February 25, 2015, the

state court designated a panel chair to conduct the prelitigation screening process in accordance

with the Maine Health Security Act.[5]

On April 2, 2015, Mr. Biglow wrote to Penobscot Community Health Center regarding the

pending notice of claim.  (*Id.* ¶ 21 & Ex. 14.)  In his letter, Mr. Biglow acknowledged Defendants'

"request for representation" in the state court proceeding, and denied Defendants a defense, stating

that "the health center will not be represented by the Department of Justice in this matter."  (Ex.

14.)  He further explained that representation was not available because Plaintiffs' privacy-related

claims do not constitute claims related to the provision or performance of medical services for

purposes of 42 U.S.C. § 233(a).  (*Id.*)

---

[5] Under Maine law, the tort claims asserted in Plaintiffs' notice of claim are subject to the prelitigation screening
process.  *Brand v. Seider*, 1997 ME 176, 697 A.2d 846.

## DISCUSSION

When a dispute arises regarding removal jurisdiction, the removing defendant must demonstrate that the removal was proper. *Fayard v. NE Vehicle Servs., LLC,* 533 F.3d 42, 48 (1st Cir. 2008). "Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness." *McCormick v. Festiva Dev. Group, LLC,* No. 2:09–cv–00365, 2009 U.S. Dist. Lexis 126107, at *3, 2009 WL 3615021, at * 1 (D. Me. Oct. 27, 2009) (recommendation on motion to remand, mooted upon plaintiff's withdrawal of motion to remand); *see also Kingsley v. Lania,* 221 F. Supp. 2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that ... removal was timely ..."). Ordinarily, "[r]emoval statutes should be strictly construed against removal and doubts resolved in favor of remand." *Kingsley,* 221 F. Supp. at 95. However, under analogous circumstances where federal officer immunity was at stake, the Supreme Court held that the applicable removal statute should be construed liberally. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) (construing 28 U.S.C. § 1442); *Willingham v. Morgan,* 395 U.S. 402, 407 (1969) ("Th[e] policy [of providing the protection of a federal forum to federal officers] should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).").

In support of their right to remove this action, Defendants rely on the right of removal contained in the Public Health Service Act. (Notice of Removal at 1, citing 42 U.S.C. § 233(*l*)(2).) Plaintiffs seek a remand to the state court because (a) Defendants did not provide proper notice to the Government, (b) the notice of removal was not filed timely, and (c) the asserted claims are not within the coverage afforded by the PHSA. The Government asserts similar arguments in support of a remand.

6

After conferring with the parties, the Court identified the following preliminary issues: (1) the legal prerequisites to Defendants' ability to remove this action to this Court pursuant to 42 U.S.C. § 233 and (2) whether Defendants have complied with the prerequisites, including any notice that might be required. That is, before determining whether to conduct the hearing described by § 233(*l*)(2), the Court should first determine whether the matter is properly before the federal court.

Pursuant to the PHSA, 42 U.S.C. § 233(a), a commissioned officer of the PHS is immune from certain claims. For an employee to be deemed a commissioned officer, the center for which the employee works must submit an application to be deemed, or commissioned, employees of the PHS. 42 U.S.C. § 233(g)(1)(A), (D). Upon approval of an application, the center and its employees receive their PHS commission and obtain protection against liability for services provided pursuant to their commission. *Id.* § 233(a), (g)(1)(A), (D), (F).

When a commissioned officer or employee is sued for conduct related to their commission, the "remedy against the United States" described in 28 U.S.C. § 1346(b) [6] and 28 U.S.C. § 2672 [7] "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee … whose act or omission gave rise to the claim," where the claim results "from the performance of medical, surgical, dental, or related functions … by any

---

[6] Pursuant to section 1346(b), the federal district courts have exclusive jurisdiction over claims against the United States that arise from the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment (so called federal tort claims). In other words, original jurisdiction over federal tort claims rests with the federal district court, though a state court might also have concurrent jurisdiction. *Lydon v. Boston Sand & Gravel Co.*, 175 F.3d 6, 14 (1st Cir. 1999) (noting the "situation involving state-federal concurrent jurisdiction, where parties often forgo potential federal jurisdiction by the plaintiff choosing to sue in a state court and by the defendant simply not removing the case to a federal court"). Often, as in this case, diversity of citizenship will not exist between deemed PHS entities or employees and the patients they serve, and the malpractice claims at issue will be state law claims appropriately filed in state court.

[7] Title 28 U.S.C. § 2672 allows for administrative adjustment, determination, compromise, and settlement of federal tort claims.

commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a). In operation, for qualifying claims, the United States is substituted as the defendant and the deemed PHS entity and its commissioned employees have absolute immunity from personal liability. *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).

The PHSA also provides for the removal to federal court of a tort claim filed in state court against a commissioned officer. Under § 233(b), "[t]he Attorney General shall defend any civil action or proceeding brought in any court against" a deemed PHS entity or employee. 42 U.S.C. § 233(b). To obtain the defense, the "person against whom" the action is brought "shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies … to the United States attorney for the district …, to the Attorney General, and to the Secretary." 42 U.S.C. § 233(b). In accordance with § 233(c), upon assuming the defense of the action, the Attorney General appears in state court, certifies that the deemed entity and its employees were acting in the scope of their employment, and the state court action "shall be removed … at any time before trial by the Attorney General to the district court of the United States … and the proceeding deemed a tort action brought against the United States." 42 U.S.C. § 233(c). Following removal, a party may seek a remand to state court. If remand is sought, the district court may hold a hearing and may remand the matter upon a determination "that the case … is one in which a remedy by suit within the meaning of subsection (a) … is not available against the United States." *Id.*

In addition to removal by the Attorney General, pursuant to § 233(*l*)(2) a PHS commissioned entity or officer can petition for the removal of a state court action if the Attorney

General fails to appear within 15 days of receiving notice of the action. Significantly, the burden placed on the Attorney General to appear in a proceeding is based on notice, not on service of process. Additionally, § 233(*l*)(2) is silent as to any applicable deadline for the commissioned entity or officer to petition for removal.

The Government and Plaintiffs argue that Defendants' removal was unauthorized because the Attorney General did not receive notice of the state court filing before Defendants filed their notice of removal in this Court. Additionally, Plaintiffs argue that even if the Attorney General received notice and failed to enter a timely appearance in state court, Defendants did not timely exercise the right of removal under § 233(*l*)(2) because Defendants must exercise the right within 30 days as required by the general removal statute, 28 U.S.C. § 1446(b).

## A. Defendants Provided Adequate Notice to the Attorney General

The record reflects that Defendants sought a defense from the Department by providing the Department with the state court notice of claim, and that the Department, through the person of Deputy Associate General Counsel William Biglow, reviewed the notice of claim and denied coverage by letter dated April 2, 2015. In his letter, Mr. Biglow wrote that "the health center will not be represented by the Department of Justice in this matter." (ECF No. 1-6, PageID # 53.) If Mr. Biglow was the person designated by the Secretary to receive notice of state court proceedings under § 233(b), or if Mr. Biglow was otherwise obligated to notify the Attorney General of the state court proceedings (proceedings for which he purported to deny Defendants a defense from the Department of Justice), the Attorney General was on notice of the state court proceeding for purposes of 42 U.S.C. § 233(*l*).

The Department of Justice has promulgated regulations governing the provision of notice. Specifically, 28 C.F.R. § 15.2, entitled "Expeditious delivery of process and pleadings," provides:

Any covered person against whom a civil action or proceeding is brought for money damages for loss or damage to property, or personal injury or death, on account of any act or omission, under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy, shall promptly deliver *to the appropriate Federal agency* all process and pleadings served on the covered person, or an attested true copy thereof.  In addition, if prior to the covered person's receipt of such process or pleadings, the covered person receives information regarding the commencement of such a civil action or proceeding, he shall immediately so advise the appropriate Federal agency.  *The appropriate Federal agency shall provide to the United States Attorney* for the district embracing the place where the action or proceeding is brought, *and the responsible Branch Director of the Torts Branch, Civil Division, Department of Justice, information concerning the commencement of such action or proceeding, and copies of all process and pleadings.*

28 C.F.R. § 15.2(b) (emphasis added). [8]

For purposes of the regulation, there is no legitimate dispute that the state court claims were claims against a "covered person," regardless of the scope certification dispute.  Based on this regulation, therefore, Mr. Biglow's review of the state court notice of claim, for the very purpose of determining the Government's position on the coverage question, required that he inform the Attorney General's representatives of the state court proceeding.  Accordingly, the notice to Mr. Biglow was sufficient to obligate the Department to notify the U.S. Attorney and the Department of Justice, and thereby the Attorney General, as contemplated by 42 U.S.C. § 233(*l*)(1).

---

[8] The language of the rule makes clear that the rule applies in the PHS context.  Pursuant to 28 C.F.R. § 15.1(a):

This part contains the regulations of the Department of Justice governing the application for and the issuance of statutory certifications and decertifications in connection with certain suits based upon the acts or omissions of Federal employees and certain other persons as to whom the remedy provided by the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 2672, is made exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against such Federal employees and other persons.

*See also* Certification and Decertification in Connection With Certain Suits Based Upon Acts or Omissions of Federal Employees and Other Persons, 68 Fed. Reg. 74,187-01 (Dec. 23, 2003) (providing as pertinent background that "a number of similar certification statutes [similar to the FTCA] were enacted to protect medical and legal personnel employed by certain Federal agencies from tort liability for professional malpractice arising within the scope of their employment," including 42 U.S.C. § 233).

The Government, however, contends that it did not in fact receive notice. Simply stated, Defendants should not be prejudiced in the event that the representatives of the Attorney General did not receive actual notice. Defendants satisfied their regulatory burden, which in turn satisfied their statutory burden to provide notice under § 233(b). In addition, Defendants have demonstrated that the Attorney General failed to appear in the state court within 15 days following any reasonable measure of the time required for the Department to inform the Attorney General of the state court proceeding. Indeed, to render his decision on April 2, 2015, Mr. Biglow necessarily was in receipt of the notice of claim for some period of time, in which time he should have accomplished the "expeditious delivery of process and pleadings" to the Attorney General's representatives. 28 C.F.R. § 15.2.

**B.      Defendants' Notice of Removal was Timely Filed**

Plaintiffs argue that Defendants' notice of removal was not timely filed because Defendants failed to file the notice within 30 days as required by 28 U.S.C. § 1446. Section 1446(b) allows 30 days for removal following a defendant's receipt of a copy of the initial pleading, through service or otherwise. Section 1446 also provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

Plaintiffs argue that the 30-day period in § 1446 must apply because § 233 is silent with respect to the deadline for filing a removal petition. Plaintiffs contend that if Congress had intended otherwise, § 233 would contain language similar to the language of the Federal Tort Claims Act, § 2679, which permits a federal employee to petition the court "at any time before

11

trial" when the Attorney General "refuses to certify scope of office or employment under" that Act. 28 U.S.C. § 2679(d)(3). (ECF No. 31 at 6 – 7, ¶ 15.) For its part, the Government cites *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003), as persuasive authority that the 30-day limitation of § 1446(b) applies to removal under § 223(*l*)(2). (ECF No. 32 at 10 n.2.)

In *Allen*, the Eleventh Circuit reviewed a district court order denying a plaintiff's motion to remand a malpractice action removed by the defendant physicians on the eve of trial in state court. 327 F.3d at 1291. On review of the matter pursuant to 28 U.S.C. § 1292(b), the Eleventh Circuit reversed the district court and instructed that it remand the action to the state court. The circuit court reasoned that the Government had not failed to appear in state court and, therefore, the physicians were unable to remove the action pursuant to 42 U.S.C. § 233(*l*)(2). *Id.* at 1295 ("If the Attorney General had failed to appear in state court within 15 days of being notified of the suit, [the defendants] could have removed the case to federal court themselves.").

The court declined to address the question whether the physicians were deemed employees of the Public Health Service, regardless of whether the claim arose from the provision of otherwise covered services. *Id.* at 1292 n.1. The court effectively concluded that because the Act "left the determination of the defendants' employment status to the Secretary of HHS and predicated removal upon either an affirmative deeming by the Secretary or the Attorney General's failure to appear and advise the court within a prescribed period of time," neither of which occurred, the physicians could not remove the case. *Allen*, 327 F.3d at 1296.

Defendants argue that the *Allen* court's assessment of the timeliness question was dicta, because the court determined that the Government timely appeared in state court, without making a positive deeming determination. (ECF No. 37 at 11.) Defendants observe that unlike the physicians in *Allen*, they had applied for and received a determination that deemed them to be PHS

employees during the years in question, which fact distinguishes them from the defendants in *Allen*. (*Id.*)  They also cite persuasive authority that this distinction is material to their ability to remove the case from state court.  (*Id.*, citing *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656 (E.D. Pa. 2014).).

In *Estate of Booker*, the district court rejected the Government's argument that the 30-day limitation of § 1446(b) applies to removal under 42 U.S.C. § 233(*l*)(2), and agreed with the removing defendants that their deadline for removal was derivative of the United States' ability under § 233(c) to remove an action at any time before trial.  10 F. Supp. 3d at 665 (rejecting the analysis set out in *Allen*).  The *Booker* court reasoned that because the right of removal for deemed employees under § 233(*l*)(2) was added to the Act by amendment, Congress would have understood that it was extending to deemed employees the United States' ability to remove an action at any time before trial.  *Id.*  The court concluded that § 1446(b) should not be presumed to apply because "Congress was legislating in the context of a pre-existing removal right exercisable at any time before trial."  *Id.* at 665 n.12.  The court wrote:

> The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time to govern removals by the health centers themselves.

*Id.* at 665.

The *Booker* court also observed that the deadline established by § 1446(b) was not workable in the context of the PHSA because the 30-day removal deadline is tied to a defendant's receipt of a pleading, while the removal provisions of the PHSA are tied to the Government's receipt of notice and the Government's inaction.  *Id.* at 666 ("It would make no sense to restrict health centers' ability to protect themselves in this manner, particularly when the centers may not be aware of the date on which the Attorney General was notified of the suit.").  *See also id.* n.13

("[W]hile § 1446(b) contemplates the 30–day period will run from the *defendant*'s receipt of a pleading or other paper from which it can be ascertained that the case is removable, § 233(*l*)(2) authorizes the defendant to act only after 15 days have expired following the *Attorney General*'s receipt of notification of the suit, a date that may not always be readily discernible.").[9]

The reasoning of the court in *Estate of Booker* is persuasive, and recognizes that § 233(*l*)(2) was unnecessary if it did not permit removal at any time prior to trial. As deemed federal employees, Defendants already had the right to remove the action. 28 U.S.C. § 1442(a)(1).[10] In 1995, Congress amended § 233 to reference removal in § 233(*l*).[11] Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104–73, 109 Stat. 777 (Dec. 26, 1995). Congress also imposed new burdens on the Attorney General to ensure a prompt appearance in state court proceedings involving PHS commissioned officers, both to avoid default and to spare PHS commissioned officers the expense of "rising malpractice insurance costs." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1273 (D.C. Cir. 2005) (citing H.R. Rep. No. 104–398, at 5 – 6 (1995)). [12] Specifically, § 6 of the Federally Supported Health Centers Assistance Act of 1995, provided as follows:

---

[9] The dispute in this case as to whether the United States Attorney was notified demonstrates that if the Government's position is adopted, through no fault of its own, a deemed employee could unknowingly lose its right to remove the case because the employee is unaware of whether or when the Attorney General received notice.

[10] *See*, *e.g.*, *Blaszcak v United States*, No. 85-4512-Z, 1986 WL 14091 (D. Mass. 1986) (describing removal by PHS commissioned physician pursuant to § 1442). *See also Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (explaining that removal under the federal officer removal statute requires a colorable federal defense and a nexus between the conduct at issue and official authority, and that the removing defendant need not "win his case before he can have it removed"). Notably, as of the date of Defendants' notice of removal, the Department of Health and Human Services had already deemed Defendants to be employees of the PHS.

[11] Congress also amended the PHSA in 1992, at which time § 233(g) was codified. In newly added subsection (g), the FTCA remedy was extended to cover PHS entities and their officers, employees, and certain contractors for a given calendar year in which the entity received certain transfer payments. Federally Supported Health Centers Assistance Act of 1992, 106 Stat. 3268 ("An Act to amend the Public Health Service Act to provide protections from legal liability for certain health care professionals providing services pursuant to such Act.").

[12] Congress recognized that the Attorney General's appearance in state court and removal of an action to federal court should be reasonably prompt to avoid placing unnecessary burdens on the state court or the PHS commissioned officer

    (*l*) *Timely response to filing* of action or proceeding

    (1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) of this section or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a) of this section, *the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court* as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding.  Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

    (2) *If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court.*  The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

42 U.S.C. § 233(*l*) (emphasis added).  Significantly, the 1995 amendments to § 233 did not prescribe a specific deadline for removal, nor did the amendments reference § 1446(b).  Rather, the amendments simply provided for removal by the deemed PHS employee "upon petition" should the Attorney General fail to appear in a timely fashion.

    The *Booker* reasoning is not only consistent with a plain reading of § 233, but is also in accordance with the objective of allowing federal employees, particularly medical professionals who might otherwise have to secure costly malpractice insurance coverage, to remove actions to preserve their immunity defense.  As the Supreme Court explained in *Willingham v. Morgan*, "one

---

who would otherwise have to see to his own defense to avoid default.  *El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1273; *see also*, *e.g.*, *Cotter v. United States*, No. 1:06-CV-00382, 2006 WL 3253289, at *2 (W.D. Mich. Nov. 8, 2006) (addressing motion to set aside state court entry of default following belated removal).

of the most important reasons for removal is to have the validity of the defense of official immunity

tried in a federal court." 395 U.S. at 407. [13]  Here, whether Defendants are immune from suit is a

principal issue.  While the Government maintains that the Attorney General's scope determination

is unassailable at this stage of the proceedings, both the PHSA and the Westfall Act, the statute

that otherwise governs the scope certification process for federal employees, suggest otherwise.[14]

Pursuant to the Westfall Act:

> (3) *In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court* to find and certify that the employee was acting within the scope of his office or employment.  Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.  A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4 … of the Federal Rules of Civil Procedure.  In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending.  If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3) (emphasis added).  Section 2679 thus specifically contemplates a court

review of the Attorney General's determination.[15]  Similarly, § 233 provides that in the event the

---

[13] The removing defendants in *Willingham* were the warden and chief medical officer at a federal penitentiary, not PHS personnel.

[14] In 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act, also known as the Westfall Act in reference to *Westfall v. Erwin*, 484 U.S. 292 (1988).  *See Aversa v. United States*, 99 F.3d 1200, 1207 (1st Cir. 1996).  The Westfall Act amended § 2679 of the Federal Tort Claims Act substantially, such that it became the exclusive remedial avenue for tort acts committed by "*any* employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1) (emphasis added).  The FTCA defines an "[e]mployee of the government" to include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."  28 U.S.C. § 2671.

[15] Judicial review of a negative scope determination does not have to occur in federal court.  For example, under 28 U.S.C. § 2679(d)(3), a federal officer who fails to timely remove a state court action under § 1442 could not unilaterally remove the action to federal court following the Attorney General's refusal to certify scope, but could petition the state court to review the negative scope determination through § 2679(d)(3).  Upon filing such a petition and serving it on the United States, the Attorney General would be permitted to remove the matter to federal court.  *Id.*  However,

Attorney General fails to appear and "any entity or officer, governing board member, employee, or contractor of the entity named" petitions for removal, the matter shall be removed to federal court and the action will be stayed "until the court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages." 42 U.S.C. § 233(*l*)(2). [16]

The Government's contention that Defendants' only recourse would be to seek administrative review of the Attorney General's scope determination through the Administrative Procedures Act is not only inconsistent with the plain language of section 233 and section 2679, but also impractical. Under the Government's proposed course, deemed employees, such as Defendants, would be required to defend the claim and simultaneously pursue an administrative review of the scope determination. Such a result would be costly and inefficient. The parties would be required to litigate fully a claim for which the deemed employees might be immune. In addition to the commitment of time and human resources, the deemed PHS employees would also be forced to expend significant funds of the deemed entity, a result the deeming process was specifically designed to prevent. Moreover, the Supreme Court has held "that there is no reason

---

§ 233(*l*)(2) is distinct from § 2679(d)(3) in that it authorizes the deemed PHS officer to *remove* a state action "upon petition" based on the Attorney General's failure to appear in state court within the prescribed time period. 42 U.S.C. § 233(*l*)(2). This is a significant expansion of the federal officer removal rights otherwise set forth under § 1442 and § 2679.

[16] A question arguably exists as to whether section 2679(d)(3) applies to deemed PHS employees or whether section 233(*l*)(2) is the exclusive means by which a PHS employee can petition a court for determination of its immunity defense. *See, e.g., cf. Kitchen v. United States*, 741 F. Supp. 182 (D. Alaska 1989) (finding that § 2679(d)(2) authorized removal by the United States in the PHS context, following passage of the Westfall Act, and prior to passage of the Federally Supported Health Centers Assistance Act of 1995). Regardless of whether section 2679(d)(3) specifically applies, it is pertinent insofar as it demonstrates that Congress did not intend for the Attorney General's scope determination to be unreviewable by a court in the proceeding in which the determination is made. Neither the language of § 233, nor logic would suggest that Congress intended for the Attorney General's scope determination under § 233 to be viewed differently than the Attorney General's scope determination under § 2679.

to think that scope certification by the Attorney General is a prerequisite to immunity under § 233(a)." *Hui*, 559 U.S. at 811.

In sum, the language of § 233, the purpose of the deeming process, and desire for immunity determinations to be made by a federal court all suggest that where the Attorney General fails to appear in state court within the 15-day period imposed by § 233(*l*)(1), section 233(*l*)(2) was intended to provide a deemed PHS employee with the right to remove a matter at any time prior to trial, and through the removal request that a federal court determine whether the employee is immune from suit.[17]

### CONCLUSION

Based on the foregoing analysis, I recommend that on the preliminary issues for which the parties submitted a stipulated record (ECF No. 28), the Court determine that Defendants' removal is not procedurally defective under § 233(*l*), and that the Court order further proceedings regarding Plaintiff's motion to remand, and the hearing contemplated by § 233(*l*)(2).[18]

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[17] While the scope of the hearing contemplated by §233(*l*)(2) was not among the specific issues identified as the "preliminary issues," because the nature and purpose of the hearing are pertinent to the assessment of the removal issue, the scope of the hearing is addressed in this Recommended Decision.

[18] If the Court adopts this Recommended Decision, a conference of counsel would likely be appropriate to discuss the hearing to be conducted pursuant to § 233(*l*)(2), and the further proceedings that are necessary regarding Plaintiff's motion to remand.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge


Dated this 8th day of January, 2016.

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EMILY KEZER, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )      1:15-cv-00225-JAW
                                    )
PENOBSCOT COMMUNITY                 )
HEALTH CENTER, et al.,              )
                                    )
            Defendants.             )

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The parties present a number of interesting questions concerning the proper procedure to be followed when a claim implicates the Public Health Services Act, 42 U.S.C. § 233. Having concluded that the magistrate judge properly resolved these issues, the Court affirms the recommended decision. The Court elaborates only on whether a defendant is entitled to judicial review under 42 U.S.C. § 233(c) of the Attorney General's scope of employment determination. The Court agrees with the magistrate judge that a defendant is entitled to a hearing.

**I.    BACKGROUND**

**A.    The Notice of Claim**

On January 30, 2015, Emily Kezer and Justin Kezer, her husband, filed a Notice of Claim in the Penobscot County Superior Court against Penobscot Community Health Center (PCHC) and four of its employees. *Notice of Removal* Attach. 1 *Notice of Claim* (ECF No. 1). The PCHC operates in a number of locations,

including the Helen Hunt Health Center (HHHC) in Old Town, Maine.  *Id.* ¶ 4.  Ms. Kezer was employed by PCHC at the HHHC as a Patient Service Representative from June, 2011 until April, 2014.  *Id.* ¶ 16.

On March 31, 2011, Ms. Kezer was █████████████████████████████ ███████████████████████████████████████████████████.  *Id.* ¶ 11. She was referred to PCHC for medication management under Eliza Curie, PA-C, and for individual therapy with a PCHC therapist.  *Id.*  On April 20, 2011, Ms. Kezer began psychotherapy with a PCHC psychologist, Charles O. Grant, Ph.D.; the therapy included weekly private counseling sessions lasting one hour.  *Id.* ¶ 13.  Over time, the counseling centered on ██████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████.  *Id.*

When Ms. Kezer began employment at PCHC in June, 2011, she was extremely concerned about the confidentiality of her health records because she did not want her co-workers to know about the nature of her health conditions and the reasons for psychotherapy.  *Id.* ¶ 17.  Dr. Grant and PCHC assured her that the records would be secure and her co-workers would not have access to them.  *Id.* ¶ 17.

On April 29, 2014, Ms. Kezer learned that numerous PCHC employees had gained access to her confidential counseling records without her authorization.  *Id.* ¶ 18.  The Notice of Claim lists fourteen PCHC employees who improperly accessed her confidential records from April 27, 2011, through May 2, 2014.  *Id.* ¶ 18.  The four individually named Defendants are people who obtained unauthorized access and

were co-workers at the HHHC. *Id.* ¶ 20. Upon learning that her confidential information had been disseminated, Ms. Kezer felt compelled to resign her position with PCHC; she also resigned as a PCHC patient. *Id.* ¶ 21.

Ms. Kezer maintains that PCHC, its employees, and the four named individual Defendants violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and in doing so committed various torts against her. *Id.* ¶¶ 22-41. Mr. Kezer is maintaining a loss of consortium claim. *Id.* ¶ 42.

### B. Procedural Developments

On June 12, 2015, the four individual Defendants filed a notice of removal from Penobscot County Superior Court to this Court.[1] *Notice of Removal* at 1-11. They claimed that this Court has jurisdiction because the civil action arises out of federal law. *Id.* at 1. On June 18, 2015, the Magistrate Judge issued an order, requiring the Government to clarify its role in the litigation and requiring the parties to submit a memorandum describing the nature and scope of the 42 U.S.C. § 233(*l*)(2) hearing. *Report of Tel. Conf. and Order* (ECF No. 9). On June 24, 2015, the United States confirmed that it is "not a party to this action" but was taking the position that the removal was improper. *United States' Resp. to Defs.' Notice of Removal* (ECF No. 12).

On July 10, 2015, the Plaintiffs filed a motion to remand the case to state court as well as a memorandum on the scope of a § 233(*l*)(2) hearing. *Pls.' Mot. to Remand* (ECF No. 19); *Pls.' Mem. on Scope of § 233(l)(2) Hr'g* (ECF No. 20). On July 13, 2015,

---

[1] Like the Magistrate Judge, the Court has referred to the parties as plaintiffs and defendants, not petitioners and respondents. *See Recommended Decision* at 3 n.4. It refers to the United States by its name or by the Government. *Id.*

the United States moved for oral argument and reiterated its view that its participation at a hearing was not necessary because the Attorney General had not received the requisite notification. *United States' Mot. for Oral Arg.* (ECF No. 21). Also on July 13, 2015, the Defendants filed a response to the June 18, 2015 Order of the Magistrate Judge, explaining their views of the nature and scope of the § 233(*l*)(2) hearing and of the proper role of the United States in the proceeding. *Resp'ts' Resp. to the Order Dated June 18, 2015 and Submission of the United States Dated June 24, 2015* (ECF No. 22).

On July 21, 2015, the Magistrate Judge issued an Order, setting forth the preliminary issues to be decided by the pending motions: (1) the legal prerequisites to Defendants' ability to remove this action to this Court; and (2) whether the Defendants have complied with the prerequisites, including any required notice. *Report of Tel. Conf. and Order* at 2 (ECF No. 25). On August 5, 2015, the Defendants submitted a Stipulated Record. *Stip. Record* (ECF No. 28). On August 21, 2015, the Plaintiffs filed a memorandum, requesting that the matter be remanded to state court. *Claimants' Written Args. on Prelim. Issues* (ECF No. 31). On August 24, 2015, the United States filed its memorandum. *United States' Mem. Regarding Prelim. Issues* (ECF No. 32). On August 25, 2015, the Defendants filed their memorandum. *Resp'ts.' Submission of Prelim. Issues* (ECF No. 33). On September 4, 2015, both the Plaintiffs and the Defendants filed a reply memoranda. *Claimants' Reply to Resp'ts.' Submission on Prelim. Issues* (ECF No. 36); *Resp'ts.' Reply on Prelim. Issues* (ECF No. 37).

On January 8, 2016, the Magistrate Judge issued a Recommended Decision. *Recommended Decision* (ECF No. 42). In the Recommended Decision, the Magistrate Judge recommended that this Court determine that the Defendants' removal was not procedurally defective and that this Court order further proceedings regarding the Plaintiffs' motion to remand and the § 233(*l*)(2) hearing. *Id.* at 2. On January 29, 2016, both the Plaintiffs and the United States filed objections to the Magistrate Judge's Recommended Decision. *Pls.' Obj. to Recommended Decision* (ECF No. 48) (*Pls.' Obj.*); *United States' Obj. to Recommended Decision* (*Gov't's Obj.*) (ECF No. 49). On February 12, 2016, the Defendants responded. *Resp. to Objs. to the Recommended Decision* (ECF No. 50) (*Defs.' Resp.*).

### C. The Recommended Decision

In the Recommended Decision, the Magistrate Judge determined that the Defendants had provided adequate notice of the civil action to the appropriate federal agency under 42 U.S.C. § 233(b) and 28 C.F.R. § 15.2(b). *Recommended Decision* at 9-11. The Magistrate Judge also determined that the Defendants' Notice of Removal was timely under 42 U.S.C. § 233. *Id.* at 11-18. The Magistrate Judge suggested that the Court order "further proceedings regarding the Plaintiffs' motion to remand, and the hearing contemplated by § 233(*l*)(2)." *Id.* at 18.

## II. THE OBJECTIONS

### A. The Plaintiffs' Objection

In his Recommended Decision, the Magistrate Judge concluded that the Defendants gave timely notice to the appropriate federal agency and that the

Attorney General "failed to appear in the state court within 15 days following any reasonable measure of the time required for the Department to inform the Attorney General of the state court proceeding." *Id.* at 11. The Plaintiffs claim that it was legal error for the Magistrate Judge to conclude that the fifteen day period starts from the time when the federal agency should have notified the Attorney General. *Pls.' Obj.* at 4-5. Instead, they claim that the correct starting time is the date the Attorney General actually received notice, which they say is consistent with the language of § 233(*l*)(1) ("[T]he Attorney General, within 15 days after being notified"). *Id.* at 5.

Next, they object to the Magistrate Judge's timeliness determination. *Id.* at 5-9. They point out that 28 U.S.C. § 1446(b) requires that a civil action be removed within thirty days of a triggering event. *Id.* at 5. The "triggering event" in this case, they say, was the date that the Defendants received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at 5-6 (quoting 28 U.S.C. § 1446(b)(3)).

As the Plaintiffs see it, their counsel notified the Attorney General of the state court proceeding on or before March 31, 2015. *Id.* at 7. Fifteen days later — April 15, 2015 — the Plaintiffs argue the Defendants had a paper from which they could have ascertained that the case was removable. *Id.* They observe that the Defendants did not file the Notice of Removal until June 12, 2015, fifty-eight days after April 15, 2015, which they say violates § 1446(b)(3). *Id.*

6

## B.    The United States' Objection

The United States contends that the Magistrate Judge erred when he conflated

the Secretary of Health and Human Services with the Attorney General.  *Gov't's Obj.*

at 2-3.  The Government argues that "Congress, being fully aware of the distinction

between the Attorney General and the Secretary of HHS, could easily have indicated

that notification to the Secretary also served as notification for purposes of Section

223(*l*).  It did not."  *Id.* at 3.  Regarding the Magistrate Judge's interpretation of 28

C.F.R. § 15.2(b), the Government contends that the regulation is not applicable and

the "Defendants' burden was solely statutory."  *Id.* at 3-4.

The United States also asserts that the Magistrate Judge erred when he

concluded that § 233(*l*)(2) granted removal rights to the Defendants.  *Id.* at 4.

Specifically, the United States objects to the Magistrate Judge's recommendation

"that § 233(*l*)(2) was intended to provide a deemed PHS employee with the right to

remove a matter at any time prior to trial."  *Id.* (quoting *Recommended Decision* at

18).  In the words of the Government's objection, "the power to remove a state court

matter at any time is reserved by the statute to the Attorney General."  *Id.* (citing 42

U.S.C. § 233(c)).  In addition, the Government says that a request to remove "is

subject to the thirty-day default deadline under 28 U.S.C. § 1446(b)."  *Id.*

The United States disagrees with the Magistrate Judge's conclusion that 42

U.S.C. § 233(*l*)(2) should be construed liberally; instead, the Government contends

the statute should be construed strictly against removal.  *Id.* at 4-6.  This is because,

according to the Government, none of the individual defendants is a federal officer or

employee. *Id.* at 5. Rather they are "deemed" to be employees of the Public Health Service for purposes of § 233(a) medical tort claims only. *Id.* Nor, says the Government, can they claim to have been "acting under" a federal officer under 28 U.S.C. § 1442(a)(1) because the Plaintiffs claim they were accessing private records without authorization. *Id.* at 5-6.

The Government argues that the Court should remand the action pursuant to the thirty-day rule in 28 U.S.C. § 1446(b). *Id.* at 6. Although the Government concedes that § 233(*l*)(2) does not contain a specific time limit for removal, the Government maintains that § 233(*l*)(2) incorporates the thirty-day removal deadline in 28 U.S.C. § 1446(b). *Id.* The Government bases its argument on First Circuit decisions, the decisions of other federal courts, and the language of § 233(*l*)(2). *Id.* at 6-9. For support, it maintains that the only circuit court to address this issue imported the thirty-day time limit into § 233(*l*)(2). *Id.* at 9 (citing *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003)).

Finally, the Government asserts that the provisions of § 233(*l*)(1)-(2) do not allow the federal court to review the Attorney General's scope determination. *Id.* at 9-11.

## C. The Defendants' Response

The Defendants contend that the Plaintiffs' and Government's objections to the Recommended Decision are without merit. *Defs.' Resp.* at 1-10. The Defendants view 42 U.S.C. § 233(b) and 28 C.F.R. § 15.2 as imposing "two separate and distinct obligations: the first one is *on respondents* to deliver the state court pleadings to the

appropriate federal agency; and, the second is on *that* agency to notify the Attorney General." *Id.* at 1 (emphasis in Defendants' response). The Defendants observe that the Magistrate Judge "properly recognized that where, as here, the appropriate agency receives the state court pleading from the deemed individual or entity, it cannot block or frustrate their removal right under § 233(*l*)(2) by sitting indefinitely on the pleadings and violating its duty to 'promptly', *id.* at 233(b), or 'expeditious[ly]' furnish the pleadings to the Attorney General's representatives. 28 C.F.R. § 15.2." *Id.* at 2. The Defendants say that this interpretation of the statute and regulation is consistent with its purpose which is "to confer a specific *federal* removal *right* on deemed *federal* employees who have absolute *federal* immunity from the very sort of claims at issue here." *Id.* (emphasis in Defendants' response).

## III. DISCUSSION

### A. Standard of Review

As the Magistrate Judge noted, it is unclear whether a motion to remand is a dispositive or non-dispositive motion. *Recommended Decision* at 2 n.3. However, the Magistrate Judge properly exercised caution and issued a recommended decision, treating the issue as dispositive. *Id.* In the same spirit, the Court has reviewed the Recommended Decision as a recommendation on a dispositive matter, entitling the objectors to de novo review. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

### B. General Affirmance

Having performed a de novo review, the Court affirms the Recommended Decision of the Magistrate Judge for the reasons set forth in the Recommended

Decision. The Court concludes that the Defendants' removal to this Court is not procedurally defective under 42 U.S.C. § 233(b) and that further proceedings are now in order under § 233(*l*)(2). Having reviewed the parties' positions and the Magistrate Judge's Recommended Decision, the Court addresses only one issue in further detail—the § 233(c) hearing—as the Magistrate Judge's Recommended Decision thoroughly addressed the remaining issues.

### C. The § 233(c) Hearing

The Court is perplexed about the Government's position concerning the purpose of the § 233(c) hearing. In its objection, the Government takes the singular position that its scope of office or employment determination is not subject to judicial review. *Gov't's Obj.* at 11 ("Thus, no basis exists in either statute to review the Attorney General's scope findings"). The Government cites no authority for this proposition other than its interpretation of statutory language.

The Court is skeptical. Whether an employee is deemed a federal employee or commissioned officer and whether the alleged actions fall within the scope of employment are no small matters. If the Attorney General concludes that the person is deemed an employee and that the person was acting within the scope of his office or employment, the Attorney General defends the employee and, even more significantly, the employee is not liable for claims "for damage or personal injury . . . resulting from the performance of medical, surgical, dental, or related functions" and the suit proceeds solely against the United States. 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to

10

PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, § 233(a) limits recovery for such conduct to suits against the United States"). Upon the Attorney General's certification, the action may be removed from state court and filed in federal district court. 42 U.S.C. § 233(c), (*l*).

Section 233(g)(1)(E) empowers the Secretary to make a determination that "an entity or an officer . . . [or an] employee . . . of an entity" is "deemed to be an employee of the Public Health Service." Upon this determination, the employee "is deemed to be an employee of the Public Health Service for purposes of this section . . . for the period specified by the Secretary." *Id.* § 233(g)(1)(E). The statute expressly provides that the Secretary's determination that an employee is deemed an employee of the Public Health Service "shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding." *Id.* § 233(g)(1)(F). This part of the statute makes good sense. Having deemed the person an employee of the Public Health Service for a specific period, the Secretary and the Attorney General are held to their determination and may not retract it, once they learn a civil action has been filed. Nor may the parties challenge it.

By contrast, the procedure for the scope finding is necessarily dependent upon the facts alleged in the lawsuit. Therefore, unlike the employment status of a particular person, the Attorney General would not be able to make a prior binding determination that a lawsuit will be based on facts within the scope of employment

11

until the specific allegations of the complaint are known.  It is true that once the
Secretary has deemed an employee to be a Public Health Service employee, "the
Secretary and the Attorney General may not determine that the provision of services
which are the subject of such a determination are not covered under this section."[2] §
233(g)(1)(F).   For example, if the plaintiff alleges that the deemed employee
committed a tort "with respect to services provided (i) to all patients of the entity,"
the Secretary and the Attorney General are prohibited from refusing to certify that
the deemed employee was acting within the scope of employment.   *Id.* §
233(g)(1)(B)(i), (F).  But, as the Eastern District of Pennsylvania explained regarding
a scope of employment determination in *Estate of Booker v. Greater Philadelphia
Health Action, Inc.*, 10 F. Supp. 3d 656 (E.D. Pa. 2014), "because this conclusion is
not a deeming determination pursuant to § 233(g)(1)(E), it is not 'final and binding'
on the parties pursuant to § 233(g)(1)(F)."  *Id.* at 668.

Once the lawsuit is removed to the district court, the statute specifically
provides for a hearing regarding remand:

> Should a United States district court determine on a hearing on a motion
> to remand held before a trial on the merit that the case so removed
> is one in which a remedy by suit within the meaning of subsection (a) of
> this section is not available against the United States, the case shall
> be remanded to the State Court. . . .

*Id.* § 233(c).  It is difficult to understand what the purpose of this hearing could be
under the statute if not to include an assessment of the Attorney General's scope
determination.  The statute charges the district court with assessing whether "the

---

[2]     The statute contains an exception not relevant here.  42 U.S.C. § 233(g)(1)(F) ("Except as
provided in subsection (i)").

case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States." *Id.* Subsection (a) of the statute provides that "[t]he remedy against the United States . . . for damage for personal injury. . . by any . . . employee of the Public Health Service while acting within the scope of . . . employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the . . . employee . . . whose act or omission gave rise to the claim." *Id.* § 233(a). As the deemed employee determination is not subject to challenge, one of the other issues that could lead to remand would be scope of employment.

The Plaintiffs correctly have contended that the § 233(c) hearing could also be about whether the claim for damages falls within the damages clause of § 233(a). *Claimants' Written Args on Prelim. Issues* at 4 (ECF No. 31); *see Hui,* 559 U.S. at 807-08 (addressing a *Bivens* issue and stating that whether a damages remedy is authorized is one of two separate inquiries). But there is no suggestion in the language of § 233(c) that the court's hearing on the motion to remand is limited to damages. As such, the Court is unclear why the Government is contending that its scope review is not subject to judicial review.

Putting aside the anomaly of allowing a party in a civil action, even the Government as an "interested party," to make non-reviewable decisions that affect the fundamental rights and liabilities of all the parties, *Estate of Booker* demonstrates that the Attorney General's scope of employment determination is not infallible. *Estate of Booker*, 10 F. Supp. 3d at 666-70 (concluding that the

13

Government's scope determination was in error). Naturally, the availability of a judicial hearing does not mean that the Government's view of the rights or responsibilities of the parties will be determined to have been in error, but it does mean that the issue will be determined by a judge and subject to appellate review.

Nor is the Government's position consistent with the caselaw. In *Hui v. Castaneda*, the United States Supreme Court observed that "there is no reason to think that scope certification by the Attorney General is a prerequisite to immunity under § 233(a)." 559 U.S. at 811. The *Hui* Court explained that "[t]o be sure, that immunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof subject to the ordinary rules of evidence and procedure." *Id.* As the Supreme Court made plain, even if the Attorney General does not certify the defendant as immune under § 233(a), the defendant may bring the issue to the district court and prove that he is. The Government's argument that its decision on § 233(a) is not subject to judicial review is contrary to the teachings of the Supreme Court.

## IV.    CONCLUSION

The Court concludes that the Defendants' removal of the case to this Court has not been procedurally defective under 42 U.S.C. § 233(*l*)(2) and the Court ORDERS that a hearing contemplated by § 233(*l*)(2) be held.

14

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2016

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin_kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On September 25, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

DEFENDANTS EISNER HEALTH, CATHERINE L. JACOB, C.N.M., AND KENDRA L. SEGURA, M.D.'S RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION FOR CERTIFICATION AND SUBSTITUTION

**By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

**By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

**By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

**By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

**Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 25, 2023, at Long Beach, California.

_____
Valerie  . Plotkin

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

5

Benjamin T. Ikuta, Esq.

Nicholas J. Leonard, Esq.

6

IKUTA HEMESATH, LLP

1327 North Broadway

7

Santa Ana, CA 92706

8

9

*Attorneys for Plaintiffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

10

11

Robert B. Packer, Esq.

John Aitelli, Esq.

12

PACKER, O'LEARY & CORSON

505 N. Brand Blvd., Suite 1025

13

Glendale, CA 91203

14

15

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
mperez@poc-law.com
hgray@poc-law.com

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO UNITED STATES' NOTICE TO STATE COURT RE: DEFENDANTS' PETITION
FOR CERTIFICATION AND SUBSTITUTION

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
**jckelly@kellytrotter.com; bjjeffery@kellytrotter.com**

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/27/2023 12:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 23STCV01190<br><br>**NOTICE OF FILING RECEIPT OF PRO HAC VICE APPLICATION FEE PAID TO STATE BAR OF CALIFORNIA**<br><br>Date:      September 27, 2023<br>Time:     8:30 a.m.<br>Dept.:     73<br>Res. ID: 825014532240<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE: TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed:   January 19, 2023<br>Trial Date:          None |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Attached hereto as Exhibit "A," is a true and correct copy of the receipt from the State Bar of California acknowledging payment of the required fee of $50.00 for the Pro Hac Vice Application filed by Matthew S. Freedus of Feldesman Tucker Leifer Fidell LLP.

DATED: September 27, 2023          KELLY, TROTTER & FRANZEN

By: _____
JOHN C. KELLY
BETSEY J. JEFFERY
Attorneys for Defendants,
EISNER HEALTH, KENDRA L. SEGURA,
M.D. and CATHERINE L. JACOBS, CNM

# EXHIBIT A

| From: | State Bar of California - Admissions |
| To: | Plotkin, Valerie; Plotkin, Valerie |
| Subject: | State Bar Of California* Payment Has Been Received |
| Date: | Wednesday, September 6, 2023 2:48:29 PM |



Dear Valerie Plotkin,

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

    Application Type :  Pro Hac Vice Application
    Original Subtotal :  $ 50.00
         Service Fee :  $ 1.25
    Total Paid Amount :  $ 51.25
       Payment Date :  09/06/2023

Sincerely,

State Bar Of California*
180 Howard St.
San Francisco, CA 94105
US

*Please do not reply to this message. This email is not regularly monitored.*

State Bar Of California*, 180 Howard St., San Francisco, CA 94105, US



## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On September 27, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

**NOTICE OF FILING RECEIPT OF PRO HAC VICE FEE PAID TO STATE BAR OF CALIFORNIA**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 27, 2023, at Long Beach, California.

_____
Valerie Q. Plotkin

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

5

IKUTA HEMESATH, LLP
1327 North Broadway

6

Santa Ana, CA 92706

7

8

*Attorneys for Plaintiffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

9

Robert B. Packer, Esq.
John Aitelli, Esq.

10

PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025

11

Glendale, CA 91203

12

13

14

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
mperez@poc-law.com
hgray@poc-law.com

15

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP

16

1129 20th Street, NW, Suite 400
Washington, DC 20036

17

18

*Attorneys for Defendants, EISNER*
*HEALTH, KENDRA L. SEGURA,*
*M.D. and CATHERINE L.*
*JACOBS, CNM*
Office: (202) 466-8960
Email:
mfreedus@feldesmantucker.com

19

20

21

22

23

24

25

26

27

28

Electronically Received 09/27/2023 04:44 PM

1  **KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**

2  **BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**

3  **Post Office Box 22636**
**Long Beach, California 90801-5636**

4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**

5  **jckelly@kellytrotter.com bjjeffery@kellytrotter.com**

6  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

7

**FILED**
Superior Court of California
County of Los Angeles

**09/28/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10

11  VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,

12           Plaintiffs,

13

14      vs.

15  CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH;

16  CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1

17  through 100, Inclusive,

18          Defendants.

19

CASE NO.:  23STCV01190

**[PROPOSED]** ORDER ON PRO HAC VICE APPLICATION

ASSIGNED FOR ALL PURPOSES TO:
JUDGE:  TIMOTHY PATRICK DILLON
DEPARTMENT:  73

Complaint Filed:    January 19, 2023
Trial Date:        None

20       The Application to be Admitted Pro Hac Vice by MATTHEW S. FREEDUS of

21  FELDESMAN TUCKER LEIFER FIDELL LLP on behalf of defendants EISNER HEALTH,

22  KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM, came on regularly for

23  hearing on September 27, 2023, at 8:30 a.m., before the Honorable Timothy Patrick Dillon. All

24  parties were represented by their respective counsel of record. After consideration of all papers

25  filed regarding the application, oral argument, and the fact of no opposition, the court granted said

26  application, subject to filing the receipt for fees paid to the State Bar, which has been completed.

27  Date: 09/28/2023



Judge of the Superior Court

Timothy Patrick Dillon / Judge

28

E:\44\7077-01\PLDG\PROP ORDER ON PHV APPLICATION.docx   1

[PROPOSED] ORDER ON PRO HAC VICE APPLICATION

**<u>PROOF OF SERVICE</u>**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On September 27, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

**[PROPOSED] ORDER ON PRO HAC VICE APPLICATION**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 27, 2023, at Long Beach, California.

_____
Valerie Q. Plotkin

[PROPOSED] ORDER ON PRO HAC VICE APPLICATION

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

5       Benjamin T. Ikuta, Esq.                          *Attorneys for Plaintiffs*
        Nicholas J. Leonard, Esq.                         Office: (949) 229-5654
6       IKUTA HEMESATH, LLP                               Fax: (949) 203-2162
        1327 North Broadway                               Email:
7       Santa Ana, CA 92706                               nick@ih-llp.com
                                                          Service@ih-llp.com
8                                                         Paria@ih-llp.com
                                                          rosa@ih-llp.com
9                                                         angie@ih-llp.com

10

11      Robert B. Packer, Esq.                            *Attorneys for Defendant*
        John Aitelli, Esq.                                *DIGNITY COMMUNITY CARE*
        PACKER, O'LEARY & CORSON                          *dba CALIFORNIA HOSPITAL*
12      505 N. Brand Blvd., Suite 1025                    *MEDICAL CENTER*
        Glendale, CA 91203                                Office: (818) 796-4100
13                                                        Fax: (818) 496-4920
14                                                        Email:
                                                          jaitelli@poc-law.com
15                                                        mperez@poc-law.com
                                                          hgray@poc-law.com

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin T. Ikuta, Esq. (SBN: 260878)
Nicholas J. Leonard, Esq. (SBN: 260322)
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
Tel: (949) 229-5654
Fax: (949) 203-2162
Nick@ih-llp.com
EService: Service@ih-llp.com

Attorneys for Plaintiffs VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT (STANLEY MOSK)

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO: 23STCV01190<br><br>[UNLIMITED CIVIL]<br><br>ASSIGNED FOR ALL PURPOSES TO: JUDGE TIMOTHY PATRICK DILLON DEPT. 73<br><br>**PLAINTIFFS' NOTICE OF CONTINUED HEARINGS ON CASE MANAGEMENT CONFERENCE AND MOTION RE CERTIFICATION AND SUBSTITUTION**<br><br>Date: **11/2/2023**<br>Time: **8:30 a.m.**<br>Dept.: **73**<br><br>Complaint Filed: 1/19/23<br><br>Trial Date: Not Set |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE THAT the Court has continued the hearings on the Case Management Conference and the Motion re Certification and Substitution from October 24, 2023, to November 2, 2023, at 8:30 a.m., in Department 73.

Dated: October 23, 2023

IKUTA HEMESATH LLP

By: _____
Nicholas J. Leonard, Esq.
Attorneys for Plaintiffs
VERONICA PAZ AGUILAR and
ERNESTO ZEPEDA CORDOBA

– 2 –

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

     I am over the age of 18, employed in the County of Orange, State of California, and not a party to the within action.  My business address is 1327 North Broadway, Santa Ana, CA, 92706.

4

     On October 23, 2023**,** I served the foregoing document(s) described as **PLAINTIFFS'**

5

**NOTICE OF CONTINUED HEARINGS ON CASE MANAGEMENT CONFERENCE AND MOTION RE CERTIFICATION AND SUBSTITUTION**on the party or parties named below as

6

follows:

7

8

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 North Brand Blvd., Suite 1025
Glendale, CA  91203
Tel: (818) 796-4100
Fax: (818) 796-4920
rpacker@poc-law.com
jaitelli@poc-law.com
hgray@poc-law.com (Heidi Gray)
mperez@poc-law.com (Mary Perez)

Attorneys for Defendant
DIGNITY COMMUNITY CARE dba
CALIFORNIA HOSPITAL MEDICAL
CENTER

9

10

11

12

13

14

John C. Kelly, Esq.
Betsey J. Jeffery, Esq.
KELLY, TROTTER & FRANZEN
111 West Ocean Blvd., 14th Floor
P.O. Box 22636
Long Beach, CA  90801-5636
Tel: (562) 432-5855
Fax: (562) 432-8785
jckelly@kellytrotter.com
bjjeffery@kellytrotter.com
gestevez@kellytrotter.com (George Estevez)
vplotkin@kellytrotter.com (Valerie Plotkin)

Attorneys for Defendants
EISNER HEALTH; KENDRA L. SEGURA,
M.D.; and CATHERINE L. JACOBS, CNM

15

16

17

18

19

20

21

☒     BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail

22

transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

23

☒     STATE: I declare under penalty of perjury under the laws of the State of California that the

24

above is true and correct. Executed on October 23, 2023 at Santa Ana, California.

25

26



By:     Joani Wise

27

28

PLAINTIFFS' NOTICE OF CONTINUED HEARINGS ON CASE MANAGEMENT CONFERENCE AND MOTION RE CERTIFICATION AND SUBSTITUTION

Electronically Received 10/31/2023 02:04 PM

1

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**

2

**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**

3

**Post Office Box 22636**
**Long Beach, California 90801-5636**

4

**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**

5

**jckelly@kellytrotter.com bjjeffery@kellytrotter.com**

6

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

FILED
Superior Court of California
County of Los Angeles

**11/01/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

11

VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,

12

Plaintiffs,

13

14

vs.

15

CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,

16

17

18

Defendants.

19

20

21

22

23

24

25

CASE NO.: 23STCV01190

**STIPULATION BY ALL COUNSEL TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION FOR CERTIFICATION AND SUBSTITUTION AND CASE MANAGEMENT CONFERENCE**

[Filed Concurrently with [Proposed] Order]

Date:          November 2, 2023
Time:          8:30 a.m.
Dept.:         73
Res ID:        568781753535

ASSIGNED FOR ALL PURPOSES TO:
JUDGE: TIMOTHY PATRICK DILLON
DEPARTMENT: 73

Complaint Filed: January 19, 2023
Trial Date:       None

26

TO THE HONORABLE COURT:

27

Whereas this is a medical malpractice case where a Motion for Certification and

28

Substitution by defendants EISNER HEALTH, et al., and a Case Management Conference, are

E:\44\7077-01\PLDG\STIP CONT HEARINGS.Docx          1

STIPULATION TO CONTINUE MOTION AND CMC

1    pending before this court, currently set for hearings on November 2, 2023, at 8:30 a.m., in

2    Department 73;

3         Whereas the hearings on said matters were previously scheduled on October 24, 2023, but

4    by order of the court, were continued to November 2, 2023, at 8:30 a.m.;

5         Whereas the designated defense counsel, Matthew Freedus (admitted *pro hac vice*) for

6    moving defendants, EISNER HEALTH, et al., who is assigned to argue the Motion for

7    Certification and Substitution, is not available on November 2, 2023, at 8:30 a.m., because of the

8    need to appear on a different court matter that was scheduled in another jurisdiction *prior to* the

9    hearing date being changed on the instant matters; and

10        Whereas defendants EISNER HEALTH, et al. perceive they will be unduly prejudiced if

11   their assigned counsel is not present to argue the Motion for Certification and Substitution;

12        IT IS HEREBY STIPULATED by and between the parties, by and through their respective

13   counsel of record, that the hearing date be continued to any of the following dates at 8:30 a.m.,

14   which are convenient for the court:

15        November 6, 7, or 21, 2023.

16        Respectfully submitted.

17

18   DATED:  October 31, 2023              KELLY, TROTTER & FRANZEN

19

20                                        By: -----------------------------------
                                               Betsey J. Jeffery
21                                             Attorneys for Defendants,
                                               EISNER HEALTH, KENDRA L. SEGURA,
22                                             M.D. and CATHERINE L. JACOBS, CNM

23

24

25

26

27

28

1

DATED:  October 31, 2023                    IKUTA HEMESATH, LLP

2

3

4                                           By: ---------------------------------
                                               Benjamin T. Ikuta, Esq.
5                                              Nicholas J. Leonard, Esq.
                                               Attorneys for Plaintiffs
6

7   DATED:  October 31, 2023                    PACKER, O'LEARY & CORSON

8

9                                           By: ---------------------------------
                                               Robert B. Packer
10                                             John Aitelli
                                               Attorneys for Defendant,
11                                             DIGNITY   COMMUNITY   CARE   dba
                                               CALIFORNIA MEDICAL CENTER
12

13

14   DATED:  October 31, 2023                    FELDESMAN   TUCKER   LEIFER   FIDELL
                                               LLP
15

16                                          By: ---------------------------------
                                               Matthew Freedus
17                                             Attorneys for Defendants,
                                               EISNER HEALTH, KENDRA L. SEGURA,
18                                             M.D. and CATHERINE L. JACOBS, CNM

19

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE MOTION AND CMC

1

DATED: October 31, 2023                    IKUTA HEMESATH, LLP

2

3

4                                          By: ----------------------------------
                                              Benjamin T. Ikuta, Esq.
5                                             Nicholas J. Leonard, Esq.
                                              Attorneys for Plaintiffs
6

7     DATED: October 31, 2023               PACKER, O'LEARY & CORSON

8

9                                          By: ----------------------------------
10                                            Robert B. Packer
                                              John Aitelli
11                                            Attorneys for Defendant,
                                              DIGNITY COMMUNITY CARE dba
12                                            CALIFORNIA MEDICAL CENTER

13
      DATED: October 31, 2023               FELDESMAN TUCKER LEIFER FIDELL
14                                          LLP

15

16                                         By: ----------------------------------
17                                            Matthew Freedus
                                              Attorneys for Defendants,
18                                            EISNER HEALTH, KENDRA L. SEGURA,
                                              M.D. and CATHERINE L. JACOBS, CNM
19

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE MOTION AND CMC

1

DATED:  October 31, 2023                    IKUTA HEMESATH, LLP

2

3

4                                           By: ----------------------------------
                                                Benjamin T. Ikuta, Esq.
5                                               Nicholas J. Leonard, Esq.
                                                Attorneys for Plaintiffs
6

7   DATED:  October 31, 2023                    PACKER, O'LEARY & CORSON

8

9                                           By: ----------------------------------
                                                Robert B. Packer
10                                              John Aitelli
                                                Attorneys for Defendant,
11                                              DIGNITY   COMMUNITY   CARE   dba
                                                CALIFORNIA MEDICAL CENTER
12

13
    DATED:  October 31, 2023                    FELDESMAN   TUCKER   LEIFER   FIDELL
14                                              LLP

15

16                                          By: ----------------------------------
                                                Matthew Freedus
17                                              Attorneys for Defendants,
                                                EISNER HEALTH, KENDRA L. SEGURA,
18                                              M.D. and CATHERINE L. JACOBS, CNM

19

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE MOTION AND CMC

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin_kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On October 31, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

5

6

STIPULATION BY ALL COUNSEL TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION FOR CERTIFICATION AND SUBSTITUTION AND CASE MANAGEMENT CONFERENCE

7

8

**By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

9

10

11

12

**By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

13

14

15

16

**By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee s fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

17

18

19

20

**By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

21

22

**Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

23

24

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

25

26

Executed on October 31, 2023, at Long Beach, California.

27

_____

28

Valerie  . Plotkin

1

<u>**PROOF OF SERVICE LIST**</u>

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

5

IKUTA HEMESATH, LLP
1327 North Broadway

6

Santa Ana, CA 92706

*ttor e s for  l  t ffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick  ih-llp.com
Service  ih-llp.com
Paria  ih-llp.com
rosa  ih-llp.com
angie  ih-llp.com

7

8

9

Robert B. Packer, Esq.
John Aitelli, Esq.

10

PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025

11

Glendale, CA 91203

*ttor e s for  efe d  t*
*C  MM      C  R*
*d    C       R*
*M    C    C       R*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli  poc-law.com
mperez  poc-law.com
hgray  poc-law.com

12

13

14

15

Matthew S. Freedus, Esq.

16

FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, NW, Suite 400

17

Washington, DC 20036

*ttor e s for  efe d  ts*
*R      M      R*
*R    M    d C      R*
*C      C  M*
Office: (202) 466-8960
Fax: (202) 293-8103
Email:
mfreedus  feldesmantucker.com
kzimbro  feldesmantucker.com

18

19

20

21

22

23

24

25

26

27

28

Electronically Received 10/31/2023 02:04 PM

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
jckelly@kellytrotter.com bjjeffery@kellytrotter.com

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

**FILED**
Superior Court of California
County of Los Angeles

**11/01/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, <br><br> Plaintiffs, <br><br> vs. <br><br> CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive, <br><br> Defendants. | CASE NO.: 23STCV01190 <br><br> [~~PROPOSED~~] **ORDER RE STIPULATION BY ALL COUNSEL TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION FOR CERTIFICATION AND SUBSTITUTION AND CASE MANAGEMENT CONFERENCE** <br><br> [Filed Concurrently with Stipulation] <br><br> Date:      November 2, 2023 <br> Time:      8:30 a.m. <br> Dept.:      73 <br> Res ID:      568781753535 <br><br> ASSIGNED FOR ALL PURPOSES TO: <br> JUDGE: TIMOTHY PATRICK DILLON <br> DEPARTMENT: 73 <br><br> Complaint Filed: January 19, 2023 <br> Trial Date:      None |

Pursuant to the Stipulation by all Counsel, the court hereby continues the Motion for Certification and Substitution by defendants EISNER HEALTH, CATHERINE L. JACOBS, CNM, and KENDRA L. SEGURA, M.D, and the Case Management Conference, to November

//

[~~PROPOSED~~] ORDER CONTINUING DEFENDANTS' MOTION AND CMC

1  __ï__, 2023. Defense counsel for EISNER HEALTH, et al., Kelly, Trotter, & Franzen, is to give

2  notice.

3

4  Date: _____11/01/2023_____

Judge of the Superior Court

5

6  Timothy Patrick Dillon / Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER CONTINUING DEFENDANTS' MOTION AND CMC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On October 31, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

[PROPOSED] ORDER RE STIPULATION BY ALL COUNSEL TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION FOR CERTIFICATION AND SUBSTITUTION AND CASE MANAGEMENT CONFERENCE

☐  **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐  **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐  **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐  **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒  **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on October 31, 2023, at Long Beach, California.

_____
Valerie Q. Plotkin

1

<u>**PROOF OF SERVICE LIST**</u>

2

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.                          *Attorneys for Plaintiffs*
Nicholas J. Leonard, Esq.                        Office: (949) 229-5654
5

IKUTA HEMESATH, LLP                              Fax: (949) 203-2162
1327 North Broadway                              Email:
6

Santa Ana, CA 92706                              nick@ih-llp.com
                                                 Service@ih-llp.com
7

                                                 Paria@ih-llp.com
                                                 rosa@ih-llp.com
8

                                                 angie@ih-llp.com

9

Robert B. Packer, Esq.                           *Attorneys for Defendant*
John Aitelli, Esq.                               *DIGNITY COMMUNITY CARE*
10

PACKER, O'LEARY & CORSON                         *dba CALIFORNIA HOSPITAL*
505 N. Brand Blvd., Suite 1025                   *MEDICAL CENTER*
11

Glendale, CA 91203                               Office: (818) 796-4100
                                                 Fax: (818) 496-4920
12

                                                 Email:
                                                 jaitelli@poc-law.com
13

                                                 mperez@poc-law.com
                                                 hgray@poc-law.com

14

15

Matthew S. Freedus, Esq.                         *Attorneys for Defendants*
FELDESMAN TUCKER LEIFER FIDELL LLP               *EISNER HEALTH, KENDRA L.*
16

1129 20th Street, NW, Suite 400                  *SEGURA, M.D. and CATHERINE*
Washington, DC 20036                             *L. JACOBS, CNM*
17

                                                 Office: (202) 466-8960
                                                 Fax: (202) 293-8103
18

                                                 Email:
                                                 mfreedus@feldesmantucker.com
19

                                                 kzimbro@feldesmantucker.com

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                    November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.                          11:19 AM
JACOBS, , CNM, et al.

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Court's Ruling on Defendants' Motion for Class Certification and
Substitution (Res ID: 3535)

On the Court's own motion, the Hearing on Motion - Other Certification and Substitution (Res
ID 3535) scheduled for 11/17/2023 is advanced to this date and heard.

The court issues its rulings regarding Defendants Eisner Health, Kendra L. Segura, M.D., and
Catherine L. Jacobs, CNM'S motion for certification and substitution.

## I.      BACKGROUND

On January 19, 2023, Plaintiffs Veronica Paz Aguilar and Ernesto Zepeda Cordoba
(collectively "Plaintiffs") filed this action against Defendants Catherine L. Jacobs, CNM; Kendra
L. Segura, M.D.; Eisner Health; California Hospital Medical Center; and Dignity Community
Care (collectively, "Defendants").  Plaintiff Aguilar alleges that Defendants were negligent in
providing her medical care from January 20, 2023 to January 23, 2023 that led to her delivery of
a nonviable baby.  (Cplt,, ¶ 13.)  The complaint alleges claims for medical negligence and loss of
consortium.

On July 5, 2023, Defendant Eisner and its employees, Kendra Segura, M.D. and Catherine
Jacobs, CNM, (collectively "Eisner Defendants") filed a motion for certification and substitution
asking the court to certify their status as deemed Public Health Services ("PHS") employees and
order the substitution of the United States in their place as to Plaintiffs' claims against them.  In
their notice of motion, the Eisner Defendants state that they "move this Court to certify their
status as deemed Public Health Service (PHS) employees with respect to the actions or omissions
that are subject of this malpractice suit."

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                        November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.                       11:19 AM
JACOBS, , CNM, et al.

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

On July 19, 2023, the United States Attorney for the Central District of California filed a notice informing this court that "whether [Defendants] are deemed to be employees of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of this civil action, is under consideration." The U.S. Attorney's notice added: "Defendants have not yet provided the government with sufficient information to make this determination. If the above-named defendants are so determined to have been deemed employees of the Public Health Service for purposes of the acts or omissions giving rise to this suit, and that they were acting within the scope of their deemed employment, it is anticipated that the United States will notify the Court and the United States will remove this action to federal court pursuant to 28 U.S.C. § 233(c)."

On August 2, 2023, Plaintiffs filed a notice of non-opposition to the Eisner Defendants' motion for certification and substitution. On September 5, 2023, the U.S. Attorney filed a second notice stating this court lacks jurisdiction to order the relief sought by the Eisner Defendants. The U.S. Attorney argued: "As a foundational matter, state courts lack jurisdiction over the United States, absent an express waiver of sovereign immunity from Congress." The U.S. Attorney points out: "The Eisner Defendants invoke a provision of the Westfall Act, 28 U.S.C. § 2679(d)(3), in support of their petition. That provision permits a defendant-employee of the Government, for whom the Attorney General has refused to issue a scope certification, to petition a state court for certification and request substitution of the United States" and "The Eisner Defendants, however, are not eligible to invoke the Westfall Act because they are not actual 'employee[s] of the government' as to whom the Westfall Act applies. Instead, the Eisner Defendants are a health center and individuals who, under 42 U.S.C. § 233(g), are eligible to be 'deemed' an employee of Untied States Public Health Service ('PHS'). As the Supreme Court has recently explained, the word 'deemed' is utilized in statutes for the limited purpose of establishing a 'useful' 'legal fiction.' *Sturgeon v. Frost,* 139 S.Ct. 1066, 1081 (2019). [¶] Section 233(g) expressly provides that the legal fiction of 'deemed' PHS employees is solely 'for purposes of' 42 U.S.C. § 233—not for purposes of any other statute. See e.g., 42 U.S.C. § 233(g)(1)(A), (B), (D), (E), (F). The Westfall Act, on the other hand, is inapplicable to such 'deemed' PHS employees."

The U.S. Attorney concluded the September 5 notice: "To the extent the motion is suggesting that the government has rendered a final decision specific to the claims in this case, that is incorrect. The United States was only recently notified of this action and, pursuant to 42 U.S.C. § 233(1)(1), notified the Court on July 19, 2023, that a determination of whether the Eisner Defendants are 'deemed' to be 'employee[s] of the Public Health Service' for purposes of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                              November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**             11:19 AM
**JACOBS, , CNM, et al.**

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

42 U.S.C. § 233 with respect to the actions or omissions that are the subject of this civil action is under consideration."

On September 25, 2023, the Eisner Defendants filed a response to the U.S. Attorney's September 5 notice.

In their motion, the Eisner Defendants argue:

·      Pursuant to 42 U.S.C. section 233(a), certification of the Eisner Defendants is proper and they should be afforded immunity because  they were deemed to be PHS employees for the period in which the events giving rise to this action occurred and this section "resulted from" their "performance of medical, surgical, . . . or related functions" within the scope of their employment with a "federally supported health center."

As stated, in response, the U.S. Attorney argues:

·    The Attorney General has not failed to certify the Eisner Defendants. The final decision as to whether the Eisner Defendants are deemed to be PHS employees is still under consideration.

·    The Westfall Act, 28 U.S.C. § 2679(d)(3), permits a defendant-employee of the Government to petition a state court for certification and request substitution of the United States.  However, the Westfall Act is inapplicable to this action because it applies to federal employees, not "deemed" PHS employees.

·    In contrast to the Westfall Act, there is no provision in 42 U.S.C. section 233  authorizing a defendant to petition a state court for employment certification and substitution.

·    This court does not have jurisdiction to make that determination.

In response, the Eisner Defendants argue:

·    The Eisner Defendants do not rely on the Westfall Act.  They rely on 42 U.S.C. section 233(a) in support of their contention that this court has jurisdiction.

·    In *Hui v. Castaneda* (2010) 559 U.S. 799, 811, the United States Supreme court held that scope certification by the Attorney General is not a prerequisite to immunity under 42 U.S.C.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                        November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.                             11:19 AM
JACOBS, , CNM, et al.

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

section 233(a).

·    The Eisner Defendants rely on cases in which district courts made determinations to certify
and substitute the United States and a state court appellate decision from Indiana.

    ·    Although not citable, the Eisner Defendants also reference Superior Court orders:

        o  In *J.G. v. La Clinica De La Raza, Inc. et al.*, the Alameda County Superior
        Court granted the defendant's motion for certification and substitution.
        (Response, Ex. A.)

        o  In *Blumberger v. California Hospital Medical Center*, the Los Angeles County
        Superior Court denied Defendant's petition to substitute the United States as
        defendant.  (Response, Ex. B.)  Judge Scheper found that 42 U.S.C. section 233(a)
        does not allow the court to grant the requested certification and substitution.

## II.    DISCUSSION

    The Eisner Defendants argue that this court has authority to certify their status as deemed
PHS employees respecting the conduct at issue and order the substitution of the United States in
their place under the PHS Act, 42 U.S.C. section 233(a).

### A.    *Legal Standard*
    The Eisner Defendants are not PHS employees.  Rather, they are 'deemed' PHS
employees.  Accordingly, the following provisions apply.  42 U.S.C. section 233(a) provides:
"The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by
alternative benefits provided by the United States where the availability of such benefits
precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including
death, resulting from the performance of medical, surgical, dental, or related functions, including
the conduct of clinical studies or investigation, by any commissioned officer or employee of the
Public Health Service while acting within the scope of his office or employment, shall be
exclusive of any other civil action or proceeding by reason of the same subject-matter against the
officer or employee (or his estate) whose act or omission gave rise to the claim."

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                11:19 AM
**JACOBS, , CNM, et al.**

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

42 U.S.C. section 233(g)(1)(A) states: "For purposes of this section and subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph (4), and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer was made under subsection (k)(3) (subject to paragraph (3)). The remedy against the United States for an entity described in paragraph (4) and any officer, governing board member, employee, or contractor (subject to paragraph (5)) of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)."

42 U.S.C. section 233(l) provides: "(1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility. [¶] (2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination."

## B.    _Analysis_

The Eisner Defendants argue that, at all times relevant to the action, Defendants Segura and Jacobs were employees of Defendant Eisner Health providing OBGYN/related services.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                              November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.             11:19 AM
JACOBS, , CNM, et al.

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

(Acuna Decl., ¶ 2.)  The Eisner Defendants also assert Eisner was a health center receiving federal funds pursuant to section 330 of the Public Health Service Act, 28 U.S.C. § 254b. (Motion, Exs. M, N.)  Further, they assert that Eisner has been deemed an employee of the PHS, since before January 1, 2021, which covers the dates of service at issue in this action.  (Motion, Exs. C, D.)  Therefore, the Eisner Defendants argue that certification of the Eisner Defendants is proper and the United States should be substituted in their place because  they were deemed to be PHS employees for the period in which the events giving rise to this action occurred and the lawsuit "resulted from" their "performance of medical, surgical, . . . or related functions" within the scope of their employment with a "federally supported health center."  (Exhibit D; 42 U.S.C. § 233(a).)

The Eisner Defendants assert that the Attorney General has "refus[ed]" and "failed to certify the Eisner Defendants."  (Motion, p. 7; Response, p. 6.)  However, the U.S. Attorney has not failed to certify the Eisner Defendants under section 233.  The U.S. Attorney states that whether the Eisner Defendants are "deemed" to be PHS employees with respect to this action is still "under consideration."  42 U.S.C. section 233(l)(1) provides a procedure for substitution of the United States if the Attorney General has not advised the state court within 15 days as to whether defendants are deemed to be PHS employees with respect to the acts or omissions at issue.

The Eisner Defendants filed their motion on July 5, 2023.  While the United States has acknowledged they have notice of the Eisner Defendants' motion, they have not yet determined whether the Eisner Defendants are "deemed" PHS employees respecting the relevant acts or omissions.  Thus, the Attorney General may have fallen short of its obligation to advise this court "as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject in such civil action or proceeding."  (42 U.S.C. § 233(l)(1).)  Pursuant to 42 U.S.C. section 233(l)(2) in the event that the Attorney General fails to timely act, upon a petition, this civil action shall be removed to the United States district court and the action shall be stayed in the district court until "such court" (i.e., the federal district court) makes the required determination.  Therefore, the statute provides the remedy.  The case is removable to federal court for that court to make the determination.

In the Eisner Defendants' response to the U.S. Attorney, they continue to assert that this court has jurisdiction to deem them as PHS employees respecting the actions or omissions alleged in this action and to effectuate the Eisner Defendants' immunity pursuant to 42 U.S.C.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.                       11:19 AM
JACOBS, , CNM, et al.


Judge: Honorable Timothy Patrick Dillon        CSR: None
Judicial Assistant: M. Y. Carino               ERM: None
Courtroom Assistant: D. Ortiz                  Deputy Sheriff: None

section 233(a).  However, the Eisner Defendants' arguments and cited authority are
unpersuasive.  The Eisner Defendants assert that *Hui v. Castenada, supra,* 559 U.S. 799
recognizes "there is no reason to think that certification by the Attorney General is a prerequisite
to immunity under 42 U.S.C. § 233(a)."  The United States Supreme Court in *Hui* held that the
Westfall Act's exception for constitutional violations (28 U.S.C. 2679(b)(2)(A)) is not an
exception to the immunity granted in 42 U.S.C. 233(a).[1]  The court did not deal with what
court can issue an adjudication under section 233(l) in an action filed in state court or the remedy
if the Attorney General fails to timely act to make a certification in a state court motion.  The
language from *Hui* on which the Eisner Defendants rely was in the context section 233's lack of
a mechanism for a scope certification in federal court actions.  (559 U.S. at p. 510.)  However,
there is a mechanism for scope certification in state court actions in section 233(l)(2).  Again, the
Attorney General is required to act, and, if the Attorney General fails to act, the case is
removable for the federal court to make the determination.  Of course, in a federal court action,
in the absence of an Attorney General certification, a defendant claiming immunity can seek to
establish that immunity through "proof pursuant to the ordinary rules of evidence and
procedure."  (559 U.S. at p. 811.)  In a federal court action, the defendant does not lose immunity
because the Attorney General did not certify.  All this, however, has nothing to do with the
ability of this court to grant the Eisner Defendants' motion.

In their motion, the Eisner Defendants cite to cases in which district courts made
determinations to certify and substitute the United States pursuant to 42 U.S.C. section 233(a).
These cases are inapposite.  In their response to the U.S. Attorney, the Eisner Defendants rely on
a decision from an appellate court in Indiana.  In *Jaskolski v. Daniels* (2009) 905 N.E.2d 1, the
court interpreted the Westfall Act (28 U.S.C. § 2679); not 42 U.S.C. section 233(a).  As the court
in *Jaskolski* emphasized:  "Likewise here, once the U.S. Attorney General has refused to certify
the defendant's employment status, the Westfall Act specifically states that '*the employee may* at
any time before trial *petition the court* to find and certify that the employee was acting within the
scope of his office or employment.'  28 U.S.C. § 2679(d)(3) (emphases added).  That same
subsection later states that, when an action is pending in state court and the Attorney General has
denied certification, 'the action . . . may be removed . . . by the Attorney General to the district
court' so that court may review the noncertification decision.  *Id*.  The prior provision generally
refers to 'the court' where the action is pending, and not necessarily to 'the district court.'  And
the latter provision states that the Attorney General's decision—not the employee's decision—to
remove to 'the district court' is discretionary.  [¶]  Hence, in the event the U.S. Attorney General
did not choose to have the local district court review his noncertification decision, that review
would fall upon the state court if that was the forum in which the action was pending and the
purported employee petitioned the court for review.  Accordingly, the state court could review

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**          11:19 AM
**JACOBS, , CNM, et al.**

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

the Attorney General's action 'in the first place,' and therefore it may also do so on remand from the federal district court. *See Kircher*, 547 U.S. at 646, 126 S.Ct. 2145.  Stated another way, the Westfall Act provides, at the Attorney General's discretion, an additional level of review of the Attorney General's noncertification decision in a federal forum.  But the Westfall Act does not grant exclusive jurisdiction of that question to the federal courts.  And where there is not exclusive federal jurisdiction, *Kircher* reiterates the well-established principle that the state courts are 'perfectly free' to consider the substantive federal questions at issue."  (905 N.E.2d at p. 12.)

Here, in contrast, as the U.S. Attorney points out, section 233(l) does not contain the same language as the Westfall Act.  Thus, there is no language granting "the court" authority "to find and certify that the employee was acting within the scope of his office or employment."  As stated, 42 U.S.C. § 233(l)(1) directs the district court to conduct a hearing and decide a defendant's certification and substitution if the Attorney General fails to make the determination.  There is no authority for this court to make these adjudications.  The Eisner Defendants' motion lacks support.  Whatever  frustration the Eisner Defendants may have with rulings of the district courts is for the Ninth Circuit to resolve.  Not this court.  Displeasure with the federal courts does not give this court the ability to do what Congress has given to the federal district courts.  The court makes no rulings about other avenues/motions available to the Eisner Defendants in this action or otherwise.[2]


## III.   DISPOSITION

The Eisner Defendants' motion is denied.

---

[1]     In *Hui v. Castaneda*, the Court held:  "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.  By its terms, §233(a) limits recovery for such conduct to suits against the United States.  The breadth of the words 'exclusive' and 'any' supports this reading, as does the provision's inclusive reference to all civil proceedings arising out of 'the same subject-matter.' "  (559 U.S. at p. 806.)

[2]     In *J.G. v. La Clinica de la Raza, Inc., et al.,* the United States had already certified the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                    11:19 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

---

defendant a deemed employee of PHS as to the conduct alleged in the first cause of action in Plaintiff's complaint. The Alameda County Superior Court simply expanded the certification to the other causes of action. Here, the United States has not yet made any determination.

The Motion for Class Certification (Res ID: 3535) filed by Eisner Health, Catherine L. Jacobs, , CNM, Kendra L. Segura, M.D. on 07/05/2023 is Denied.

The Eisner Defendants are ordered to give notice. Certificate of Mailing is attached.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                        November 16, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                              2:54 PM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Continuance of Hearing

On the Court's own motion, the Case Management Conference scheduled for 11/17/2023 is advanced to this date and continued to 01/17/2024 at 08:30 AM in Department 73 at Stanley Mosk Courthouse.

Telephonic notice is given to plaintiff's counsel by the Courtroom Assistant whose shall give notice to all parties. Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/16/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Carino _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Veronica Paz Aguilar  et al | |
| DEFENDANT/RESPONDENT:<br>Catherine L. Jacobs, , CNM, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV01190 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Continuance of Hearing) of 11/16/2023  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Benjamin T. Ikuta
Ikuta Hemesath LLP
1327 North Broadway
Santa Ana, CA 92706

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>11/16/2023</u>

By:  <u>M. Carino</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

Benjamin T. Ikuta, Esq. (SBN: 260878)
Nicholas J. Leonard, Esq. (SBN: 260322)
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
Tel: (949) 229-5654
Fax: (949) 203-2162
Nick@ih-llp.com
EService: Service@ih-llp.com

Attorneys for Plaintiffs VERONICA PAZ AGUILAR and
ERNESTO ZEPEDA CORDOBA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT (STANLEY MOSK)

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>             Plaintiffs,<br><br>       vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>             Defendants. | CASE NO: 23STCV01190<br><br>[UNLIMITED CIVIL]<br><br>ASSIGNED FOR ALL PURPOSES TO: JUDGE TIMOTHY PATRICK DILLON DEPT. 73<br><br>**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**<br><br>Date:  **1/17/24**<br>Time: **8:30 a.m.**<br>Dept:  **73**<br><br><br>Complaint Filed: 1/19/23<br>Trial Date: Not Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court has continued the Case Management Conference from November 17, 2023, to January 17, 2024, at 8:30 a.m. in Department 73 of the above noted court, the Honorable Timothy Patrick Dillon, judge presiding.

/ / /

/ / /

/ / /

– 1 –
NOTICE OF CONTIUED CASE MANAGEMENT CONFERENCE

1   Plaintiffs were ordered to give notice.

2

3    Dated: November 16, 2023                    IKUTA HEMESATH LLP

4

5                                       By:

6                                            Nicholas J. Leonard, Esq.
                                             Attorneys for Plaintiffs
7                                            VERONICA PAZ AGUILAR and
                                             ERNESTO ZEPEDA CORDOBA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I am over the age of 18, employed in the County of Sacramento, State of California, and not a party to the within action.  My business address is 3626 Fair Oaks Blvd., Suite 100, Sacramento, CA 95864.  My email address is joani@ih-llp.com.

On November 16, 2023**,** I served the foregoing document(s) described as **NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE** on the party or parties named below as follows:

| | |
|---|---|
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>Fax: (818) 796-4920<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray)<br>mperez@poc-law.com (Mary Perez) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba<br>CALIFORNIA HOSPITAL MEDICAL<br>CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA  90801-5636<br>Tel: (562) 432-5855<br>Fax: (562) 432-8785<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM |

☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 16, 2023 at Sacramento, California.

By:    _____
                     Joani Wise

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/22/2023 9:51 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

1  **KELLY, TROTTER & FRANZEN**
   **JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
   **111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
   **Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  jckelly@kellytrotter.com bjjeffery@kellytrotter.com

6  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11  VERONICA PAZ AGUILAR and ERNESTO     CASE NO.:  23STCV01190
    ZEPEDA CORDOBA,
12                                       **NOTICE OF RULING RE MOTION FOR**
                                         **CERTIFICATION AND SUBSTITUTION**
13              Plaintiffs,              **BY DEFENDANTS EISNER HEALTH,**
                                         **KENDRA L. SEGURA, M.D., AND**
14        vs.                            **CATHERINE L. JACOBS, C.N.M.**

15  CATHERINE L. JACOBS, CNM; KENDRA L.  ASSIGNED FOR ALL PURPOSES TO:
    SEGURA, M.D.; EISNER HEALTH;         JUDGE:  TIMOTHY PATRICK DILLON
16  CALIFORNIA HOSPITAL MEDICAL          DEPARTMENT: 73
    CENTER; DIGNITY COMMUNITY CARE;
17  and DOES 1                           Complaint Filed:    January 19, 2023
    through 100, Inclusive,              Trial Date:         None
18
19              Defendants.

20

21

22  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

23          PLEASE TAKE NOTICE that on November 15, 2023, the court ruled on the Motion for

24  Certification and Substitution by defendants EISNER HEALTH, KENDRA L. SEGURA, M.D.

25  and CATHERINE L. JACOBS, CNM ("the EISNER defendants") with no appearances by

26  //

27  //

28  //

1  counsel, per court order. The court denied the motion and ordered the EISNER defendants to give

2  notice. Attached is a copy of the court's ruling.

3

4  DATED:  November 22, 2023                    KELLY, TROTTER & FRANZEN

5

6                                              By: _____

7                                                  JOHN C. KELLY
                                                   BETSEY J. JEFFERY
8                                                  Attorneys for Defendants,
                                                   EISNER HEALTH, KENDRA L. SEGURA,
9                                                  M.D. and CATHERINE L. JACOBS, CNM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L. JACOBS, , CNM, et al.**

November 15, 2023
11:19 AM

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Court's Ruling on Defendants' Motion for Class Certification and Substitution (Res ID: 3535)

On the Court's own motion, the Hearing on Motion - Other Certification and Substitution (Res ID 3535) scheduled for 11/17/2023 is advanced to this date and heard.

The court issues its rulings regarding Defendants Eisner Health, Kendra L. Segura, M.D., and Catherine L. Jacobs, CNM'S motion for certification and substitution.

## I.      BACKGROUND

On January 19, 2023, Plaintiffs Veronica Paz Aguilar and Ernesto Zepeda Cordoba (collectively "Plaintiffs") filed this action against Defendants Catherine L. Jacobs, CNM; Kendra L. Segura, M.D.; Eisner Health; California Hospital Medical Center; and Dignity Community Care (collectively, "Defendants").  Plaintiff Aguilar alleges that Defendants were negligent in providing her medical care from January 20, 2023 to January 23, 2023 that led to her delivery of a nonviable baby.  (Cplt,, ¶ 13.)  The complaint alleges claims for medical negligence and loss of consortium.

On July 5, 2023, Defendant Eisner and its employees, Kendra Segura, M.D. and Catherine Jacobs, CNM, (collectively "Eisner Defendants") filed a motion for certification and substitution asking the court to certify their status as deemed Public Health Services ("PHS") employees and order the substitution of the United States in their place as to Plaintiffs' claims against them.  In their notice of motion, the Eisner Defendants state that they "move this Court to certify their status as deemed Public Health Service (PHS) employees with respect to the actions or omissions that are subject of this malpractice suit."

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.
JACOBS, , CNM, et al.

November 15, 2023
11:19 AM

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

On July 19, 2023, the United States Attorney for the Central District of California filed a notice informing this court that "whether [Defendants] are deemed to be employees of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of this civil action, is under consideration." The U.S. Attorney's notice added: "Defendants have not yet provided the government with sufficient information to make this determination. If the above-named defendants are so determined to have been deemed employees of the Public Health Service for purposes of the acts or omissions giving rise to this suit, and that they were acting within the scope of their deemed employment, it is anticipated that the United States will notify the Court and the United States will remove this action to federal court pursuant to 28 U.S.C. § 233(c)."

On August 2, 2023, Plaintiffs filed a notice of non-opposition to the Eisner Defendants' motion for certification and substitution. On September 5, 2023, the U.S. Attorney filed a second notice stating this court lacks jurisdiction to order the relief sought by the Eisner Defendants. The U.S. Attorney argued: "As a foundational matter, state courts lack jurisdiction over the United States, absent an express waiver of sovereign immunity from Congress." The U.S. Attorney points out: "The Eisner Defendants invoke a provision of the Westfall Act, 28 U.S.C. § 2679(d)(3), in support of their petition. That provision permits a defendant-employee of the Government, for whom the Attorney General has refused to issue a scope certification, to petition a state court for certification and request substitution of the United States" and "The Eisner Defendants, however, are not eligible to invoke the Westfall Act because they are not actual 'employee[s] of the government' as to whom the Westfall Act applies. Instead, the Eisner Defendants are a health center and individuals who, under 42 U.S.C. § 233(g), are eligible to be 'deemed' an employee of Untied States Public Health Service ('PHS'). As the Supreme Court has recently explained, the word 'deemed' is utilized in statutes for the limited purpose of establishing a 'useful' 'legal fiction.' *Sturgeon v. Frost*, 139 S.Ct. 1066, 1081 (2019). [¶] Section 233(g) expressly provides that the legal fiction of 'deemed' PHS employees is solely 'for purposes of' 42 U.S.C. § 233—not for purposes of any other statute. See e.g., 42 U.S.C. § 233(g)(1)(A), (B), (D), (E), (F). The Westfall Act, on the other hand, is inapplicable to such 'deemed' PHS employees."

The U.S. Attorney concluded the September 5 notice: "To the extent the motion is suggesting that the government has rendered a final decision specific to the claims in this case, that is incorrect. The United States was only recently notified of this action and, pursuant to 42 U.S.C. § 233(1)(1), notified the Court on July 19, 2023, that a determination of whether the Eisner Defendants are 'deemed' to be 'employee[s] of the Public Health Service' for purposes of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.
JACOBS, , CNM, et al.**

November 15, 2023
11:19 AM

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

42 U.S.C. § 233 with respect to the actions or omissions that are the subject of this civil action is under consideration."

On September 25, 2023, the Eisner Defendants filed a response to the U.S. Attorney's September 5 notice.

In their motion, the Eisner Defendants argue:

· Pursuant to 42 U.S.C. section 233(a), certification of the Eisner Defendants is proper and they should be afforded immunity because they were deemed to be PHS employees for the period in which the events giving rise to this action occurred and this section "resulted from" their "performance of medical, surgical, . . . or related functions" within the scope of their employment with a "federally supported health center."

As stated, in response, the U.S. Attorney argues:

· The Attorney General has not failed to certify the Eisner Defendants. The final decision as to whether the Eisner Defendants are deemed to be PHS employees is still under consideration.

· The Westfall Act, 28 U.S.C. § 2679(d)(3), permits a defendant-employee of the Government to petition a state court for certification and request substitution of the United States. However, the Westfall Act is inapplicable to this action because it applies to federal employees, not "deemed" PHS employees.

· In contrast to the Westfall Act, there is no provision in 42 U.S.C. section 233 authorizing a defendant to petition a state court for employment certification and substitution.

· This court does not have jurisdiction to make that determination.

In response, the Eisner Defendants argue:

· The Eisner Defendants do not rely on the Westfall Act. They rely on 42 U.S.C. section 233(a) in support of their contention that this court has jurisdiction.

· In *Hui v. Castaneda* (2010) 559 U.S. 799, 811, the United States Supreme court held that scope certification by the Attorney General is not a prerequisite to immunity under 42 U.S.C.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 73

| | |
|---|---|
| 23STCV01190 | November 15, 2023 |
| VERONICA PAZ AGUILAR, et al. vs CATHERINE L. | 11:19 AM |
| JACOBS, , CNM, et al. | |

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

section 233(a).

·      The Eisner Defendants rely on cases in which district courts made determinations to certify and substitute the United States and a state court appellate decision from Indiana.

>      ·      Although not citable, the Eisner Defendants also reference Superior Court orders:

>      o   In *J.G. v. La Clinica De La Raza, Inc. et al.*, the Alameda County Superior Court granted the defendant's motion for certification and substitution. (Response, Ex. A.)

>      o   In *Blumberger v. California Hospital Medical Center*, the Los Angeles County Superior Court denied Defendant's petition to substitute the United States as defendant. (Response, Ex. B.) Judge Scheper found that 42 U.S.C. section 233(a) does not allow the court to grant the requested certification and substitution.

## II.      DISCUSSION

The Eisner Defendants argue that this court has authority to certify their status as deemed PHS employees respecting the conduct at issue and order the substitution of the United States in their place under the PHS Act, 42 U.S.C. section 233(a).

### A.      *Legal Standard*
The Eisner Defendants are not PHS employees. Rather, they are 'deemed' PHS employees. Accordingly, the following provisions apply. 42 U.S.C. section 233(a) provides: "The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim."

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

| | |
|---|---|
| **23STCV01190** | November 15, 2023 |
| **VERONICA PAZ AGUILAR, et al. vs CATHERINE L.** | 11:19 AM |
| **JACOBS, , CNM, et al.** | |

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

42 U.S.C. section 233(g)(1)(A) states: "For purposes of this section and subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph (4), and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer was made under subsection (k)(3) (subject to paragraph (3)). The remedy against the United States for an entity described in paragraph (4) and any officer, governing board member, employee, or contractor (subject to paragraph (5)) of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a)."

42 U.S.C. section 233(l) provides: "(1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility. [¶] (2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination."

## B.     *Analysis*

The Eisner Defendants argue that, at all times relevant to the action, Defendants Segura and Jacobs were employees of Defendant Eisner Health providing OBGYN/related services.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                     11:19 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

(Acuna Decl., ¶ 2.)  The Eisner Defendants also assert Eisner was a health center receiving federal funds pursuant to section 330 of the Public Health Service Act, 28 U.S.C. § 254b.  (Motion, Exs. M, N.)  Further, they assert that Eisner has been deemed an employee of the PHS, since before January 1, 2021, which covers the dates of service at issue in this action.  (Motion, Exs. C, D.)  Therefore, the Eisner Defendants argue that certification of the Eisner Defendants is proper and the United States should be substituted in their place because  they were deemed to be PHS employees for the period in which the events giving rise to this action occurred and the lawsuit "resulted from" their "performance of medical, surgical, . . . or related functions" within the scope of their employment with a "federally supported health center."  (Exhibit D; 42 U.S.C. § 233(a).)

The Eisner Defendants assert that the Attorney General has "refus[ed]" and "failed to certify the Eisner Defendants."  (Motion, p. 7; Response, p. 6.)  However, the U.S. Attorney has not failed to certify the Eisner Defendants under section 233.  The U.S. Attorney states that whether the Eisner Defendants are "deemed" to be PHS employees with respect to this action is still "under consideration."  42 U.S.C. section 233(l)(1) provides a procedure for substitution of the United States if the Attorney General has not advised the state court within 15 days as to whether defendants are deemed to be PHS employees with respect to the acts or omissions at issue.

The Eisner Defendants filed their motion on July 5, 2023.  While the United States has acknowledged they have notice of the Eisner Defendants' motion, they have not yet determined whether the Eisner Defendants are "deemed" PHS employees respecting the relevant acts or omissions.  Thus, the Attorney General may have fallen short of its obligation to advise this court "as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject in such civil action or proceeding."  (42 U.S.C. § 233(l)(1).)  Pursuant to 42 U.S.C. section 233(l)(2) in the event that the Attorney General fails to timely act, upon a petition, this civil action shall be removed to the United States district court and the action shall be stayed in the district court until "such court" (i.e., the federal district court) makes the required determination.  Therefore, the statute provides the remedy.  The case is removable to federal court for that court to make the determination.

In the Eisner Defendants' response to the U.S. Attorney, they continue to assert that this court has jurisdiction to deem them as PHS employees respecting the actions or omissions alleged in this action and to effectuate the Eisner Defendants' immunity pursuant to 42 U.S.C.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                                    November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                          11:19 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

section 233(a).  However, the Eisner Defendants' arguments and cited authority are
unpersuasive.  The Eisner Defendants assert that *Hui v. Casteneda, supra,* 559 U.S. 799
recognizes "there is no reason to think that certification by the Attorney General is a prerequisite
to immunity under 42 U.S.C. § 233(a)."  The United States Supreme Court in *Hui* held that the
Westfall Act's exception for constitutional violations (28 U.S.C. 2679(b)(2)(A)) is not an
exception to the immunity granted in 42 U.S.C. 233(a).[1]  The court did not deal with what
court can issue an adjudication under section 233(l) in an action filed in state court or the remedy
if the Attorney General fails to timely act to make a certification in a state court motion.  The
language from *Hui* on which the Eisner Defendants rely was in the context section 233's lack of
a mechanism for a scope certification in federal court actions.  (559 U.S. at p. 510.)  However,
there is a mechanism for scope certification in state court actions in section 233(l)(2).  Again, the
Attorney General is required to act, and, if the Attorney General fails to act, the case is
removable for the federal court to make the determination.  Of course, in a federal court action,
in the absence of an Attorney General certification, a defendant claiming immunity can seek to
establish that immunity through "proof pursuant to the ordinary rules of evidence and
procedure."  (559 U.S. at p. 811.)  In a federal court action, the defendant does not lose immunity
because the Attorney General did not certify.  All this, however, has nothing to do with the
ability of this court to grant the Eisner Defendants' motion.

    In their motion, the Eisner Defendants cite to cases in which district courts made
determinations to certify and substitute the United States pursuant to 42 U.S.C. section 233(a).
These cases are inapposite.  In their response to the U.S. Attorney, the Eisner Defendants rely on
a decision from an appellate court in Indiana.  In *Jaskolski v. Daniels* (2009) 905 N.E.2d 1, the
court interpreted the Westfall Act (28 U.S.C. § 2679); not 42 U.S.C. section 233(a).  As the court
in *Jaskolski* emphasized:  "Likewise here, once the U.S. Attorney General has refused to certify
the defendant's employment status, the Westfall Act specifically states that '*the employee may* at
any time before trial *petition the court* to find and certify that the employee was acting within the
scope of his office or employment.'  28 U.S.C. § 2679(d)(3) (emphases added).  That same
subsection later states that, when an action is pending in state court and the Attorney General has
denied certification, 'the action . . . may be removed . . . by the Attorney General to the district
court' so that court may review the noncertification decision.  *Id*.  The prior provision generally
refers to 'the court' where the action is pending, and not necessarily to 'the district court.'  And
the latter provision states that the Attorney General's decision—not the employee's decision—to
remove to 'the district court' is discretionary.  [¶]  Hence, in the event the U.S. Attorney General
did not choose to have the local district court review his noncertification decision, that review
would fall upon the state court if that was the forum in which the action was pending and the
purported employee petitioned the court for review.  Accordingly, the state court could review

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

23STCV01190                                        November 15, 2023
VERONICA PAZ AGUILAR, et al. vs CATHERINE L.             11:19 AM
JACOBS, , CNM, et al.

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

the Attorney General's action 'in the first place,' and therefore it may also do so on remand from the federal district court.  *See Kircher*, 547 U.S. at 646, 126 S.Ct. 2145.  Stated another way, the Westfall Act provides, at the Attorney General's discretion, an additional level of review of the Attorney General's noncertification decision in a federal forum.  But the Westfall Act does not grant exclusive jurisdiction of that question to the federal courts.  And where there is not exclusive federal jurisdiction, *Kircher* reiterates the well-established principle that the state courts are 'perfectly free' to consider the substantive federal questions at issue."  (905 N.E.2d at p. 12.)

Here, in contrast, as the U.S. Attorney points out, section 233(l) does not contain the same language as the Westfall Act.  Thus, there is no language granting "the court" authority "to find and certify that the employee was acting within the scope of his office or employment."  As stated, 42 U.S.C. § 233(l)(1) directs the district court to conduct a hearing and decide a defendant's certification and substitution if the Attorney General fails to make the determination.  There is no authority for this court to make these adjudications.  The Eisner Defendants' motion lacks support.  Whatever  frustration the Eisner Defendants may have with rulings of the district courts is for the Ninth Circuit to resolve.  Not this court.  Displeasure with the federal courts does not give this court the ability to do what Congress has given to the federal district courts.  The court makes no rulings about other avenues/motions available to the Eisner Defendants in this action or otherwise.[2]


## III.    DISPOSITION

The Eisner Defendants' motion is denied.

---

[1]      In *Hui v. Castaneda,* the Court held:  "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.  By its terms, §233(a) limits recovery for such conduct to suits against the United States.  The breadth of the words 'exclusive' and 'any' supports this reading, as does the provision's inclusive reference to all civil proceedings arising out of 'the same subject-matter.' "  (559 U.S. at p. 806.)

[2]      In *J.G. v. La Clinica de la Raza, Inc., et al.,* the United States had already certified the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                               November 15, 2023
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**              11:19 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

defendant a deemed employee of PHS as to the conduct alleged in the first cause of action in Plaintiff's complaint.  The Alameda County Superior Court simply expanded the certification to the other causes of action.  Here, the United States has not yet made any determination.

The Motion for Class Certification (Res ID: 3535) filed by Eisner Health, Catherine L. Jacobs, , CNM, Kendra L. Segura, M.D. on 07/05/2023 is Denied.

The Eisner Defendants are ordered to give notice. Certificate of Mailing is attached.

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636. On November 22, 2023, I served a true and correct copy of the following document on the list of interested parties attached:

**NOTICE OF RULING RE MOTION FOR CERTIFICATION AND SUBSTITUTION BY DEFENDANTS EISNER HEALTH, KENDRA L. SEGURA, M.D., AND CATHERINE L. JACOBS, C.N.M.**

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on November 22, 2023, at Long Beach, California.

_____
Valerie Q. Plotkin

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4    Benjamin T. Ikuta, Esq.                  *Attorneys for Plaintiffs*

Nicholas J. Leonard, Esq.            Office: (949) 229-5654

5    IKUTA HEMESATH, LLP         Fax: (949) 203-2162

1327 North Broadway            Email:

6    Santa Ana, CA 92706             nick@ih-llp.com

                                          Service@ih-llp.com

7                                         Paria@ih-llp.com

                                          rosa@ih-llp.com

8                                           angie@ih-llp.com

9    Robert B. Packer, Esq.             *Attorneys for Defendant*

John Aitelli, Esq.                  *DIGNITY COMMUNITY CARE*

10    PACKER, O'LEARY & CORSON    *dba CALIFORNIA HOSPITAL*

505 N. Brand Blvd., Suite 1025      *MEDICAL CENTER*

11    Glendale, CA 91203              Office: (818) 796-4100

                                          Fax: (818) 496-4920

12                                           Email:

                                          jaitelli@poc-law.com

13                                           hgray@poc-law.com

14

15    Matthew S. Freedus, Esq.         *Attorneys for Defendants*

FELDESMAN TUCKER LEIFER FIDELL LLP   *EISNER HEALTH, KENDRA L.*

1129 20th Street, NW, Suite 400      *SEGURA, M.D. and CATHERINE*

16    Washington, DC 20036           *L. JACOBS, CNM*

                                          Office: (202) 466-8960

17                                           Fax: (202) 293-8103

                                          Email:

18                                           mfreedus@feldesmantucker.com

                                          kzimbro@feldesmantucker.com

19

20

21

22

23

24

25

26

27

28

NOTICE OF RULING RE MOTION FOR CERTIFICATION AND SUBSTITUTION

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 260878 | FOR COURT USE ONLY |
|---|---|---|

NAME: Benjamin T. Ikuta, Esq./Nicholas J. Leonard, Esq.
FIRM NAME: IKUTA HEMESATH LLP
STREET ADDRESS: 1327 North Broadway
CITY: Santa Ana    STATE: CA    ZIP CODE: 92706
TELEPHONE NO.: 949-229-5654    FAX NO.: 949-203-2162
E-MAIL ADDRESS: Nick@ih-11p.com
ATTORNEY FOR (Name): VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: VERONICA PAZ AGUILAR and ERNESTO ZAPEDA CORDOBA
Defendant/Respondent: CATHERINE L. JACOBS, CNM, et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 23STCV01190 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [x] Complaint    (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name):                          on (date):
   (4) [ ] Cross-complaint filed by (name):                          on (date):
   (5) [ ] Entire action of all parties and all causes of action
   (6) [x] Other (specify):* as to plaintiff Ernesto Zapeda Cordoba's claims only.

2. (Complete in all cases except family law cases.)
   The court [ ] did   [x] did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: November 30, 2023

Nicholas J. Leonard, Esq.
_____
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK: Consent to the above dismissal is hereby given.**\*\*

Date:

_____
(TYPE OR PRINT NAME OF  [ ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

\*\* If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

_(To be completed by clerk)_

4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):                          as to only (name):
6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____    Clerk, by _____, Deputy

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: VERONICA PAZ AGUILAR and ERNESTO ZAPEDA CORDOBA<br>Defendant/Respondent: CATHERINE L. JACOBS, CNM, et al. | CASE NUMBER:<br>23STCV01190 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____    ▶    _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

      On November 30, 2023, I served the foregoing document described as:

    **REQUEST FOR DISMISSAL**

on interested parties in this action by placing a true and correct copy thereof as follows:

               **SEE ATTACHED MAILING LIST**

[ ]  BY MAIL:
    [ ]    I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.
    [ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on ****, 2023, at Glendale, California.

[ ]  BY FACSIMILE:
    [ ]    In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
Executed on    , at Glendale, California.

[X]  BY ELECTRONIC MAIL:
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

[ ]  BY PERSONAL SERVICE:
I delivered such envelope by hand to the offices of the addressee.
Executed on    , at Glendale, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Heidi Gray_
Heidi Gray

1

<u>SERVICE LIST</u>

2  Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
          Case No.: 23STCV01190

3

4  Benjamin T. Ikuta, Esq.
   Nicholas J. Leonard, Esq.
5  IKUTA HEMESATH LLP
   1327 North Broadway
6  Santa Ana, CA 92706
   (949) 229-5654 Telephone
7  (949) 203-2162 Facsimile
   E: nick@ih-llp.com
8  E: angie@ih-llp.com
   E: service@ih-llp.com
9

**Attorneys for Plaintiffs,**
10 **VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

11 John C. Kelly, Esq.
   Betsey J. Jeffery, Esq.
12 **KELLY, TROTTER & FRANZEN**
   111 W. Ocean Boulevard, 14th Floor
13 P.O. Box 22636
   Long Beach, CA 90801
14 Telephone: (562) 432-5855
   Facsimile: (562) 432-8785
15 E: jckelly@kellytrotter.com
   E: bjjeffrey@kellytrotter.com
16 E: gestevez@kellytrotter.com
17 E: mfreedus@feldesmantucker.com
18 *Attorneys for Defendants,*
   **CATHERINE L. JACOBS, CNM,**
19 **KENDRA L. SEGURA, M.D. and**
   **EISNER HEALTH**
20

21

22

23

24

25

26

27

28

2

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)<br>IKUTA HEMESATH LLP<br>1327 North Broadway<br>Santa Ana, CA  92706<br><br>TELEPHONE NO.: (949) 229-5654          FAX NO. *(Optional):* (949) 203-2162<br>E-MAIL ADDRESS: Service-ih@ih-llp.com<br>ATTORNEY FOR *(Name):* Plainiff VERONICA PAZ AGUILAR | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January17, 2024      Time: 8:30 a.m.      Dept.: 73      Div.:      Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Nicholas J. Leonard, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Plaintiff Veronica Paz Aguilar
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 19, 2023
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint

      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☒ complaint      ☐ cross-complaint      *(Describe, including causes of action):* Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

Page 1 of 5

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
    See attachment 6.c.

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 10

b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:          f.  Fax number:

e.  E-mail address:            g.  Party represented:

☐ Additional representation is described in Attachment 8.

9.  **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
        CRC 3.811(b)(6) and (b)(8)

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defs Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM have scheduled a Motion for Certification and Substitution to be heard on September 19, 2023 at the same time as the Case Management Conference.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|
| Plaintiffs | Written Discovery | Winter 2024 |
| Plaintiffs | Witness/Party Depositions | Spring 2024 |
| Plaintiffs | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. September 1, 2021] **CASE MANAGEMENT STATEMENT** **Page 4 of 5**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 28, 2023

Nicholas J. Leonard, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

     I am over the age of 18, employed in the County of Sacramento, State of California, and not a party to the within action.  My business address is 3626 Fair Oaks Blvd., Suite 100, Sacramento, CA 95864.  My email address is joani@ih-llp.com.

     On December 28, 2023, I served the foregoing document(s) described as **PLAINTIFF'S CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

| | |
|---|---|
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA  91203<br>Tel: (818) 796-4100<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray)<br>mperez@poc-law.com (Mary Perez) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba<br>CALIFORNIA HOSPITAL MEDICAL<br>CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA  90801-5636<br>Tel: (562) 432-5855<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC  20036<br>Tel:  (202) 466-8960<br>Email:  mfreedus@feldesmantucker.com | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM<br>*Pro Hac Vice Counsel* |

☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 28, 2023 at Sacramento, California.

By: _____
     Joani Wise

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

John Aitelli, Esq. (SBN 122390)
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 830, Glendale, CA 91203
TELEPHONE NO.: (818) 796-4910     FAX NO. *(Optional):* (818) 796-4920
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Dignity Community Care DBA California Hospital Med Ctr.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ✓ **UNLIMITED CASE**        ☐ **LIMITED CASE**<br>(Amount demanded       (Amount demanded is $25,000<br>exceeds $25,000)       or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 17, 2024     Time: 8:30 a.m.     Dept.: 73     Div.:     Room:

Address of court *(if different from the address above):*

✓ **Notice of Intent to Appear by Telephone, by** *(name):* John Aitelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ✓ This statement is submitted by party *(name):* Defendant, DIGNITY COMMUNITY CARE dba CALIFORNIA
   b. ☐ This statement is submitted **jointly** by parties *(names):* HOSPITAL MEDICAL CENTER

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ✓ complaint     ☐ cross-complaint     *(Describe, including causes of action):*
      Alleged medical negligence.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

See plaintiff's statement.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 10-15
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☑ by the following:
a.   Attorney:   Robert B. Packer
b.   Firm:   Packer, O'Leary & Corson
c.   Address:   505 N. Brand Boulevard, Suite 1025, Glendale, CA 91203
d.   Telephone number: (818) 796-4100          f.   Fax number: (818) 796-4920
e.   E-mail address:                                         g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [✓] | [ ] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [✓] | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | VERONICA PAZ AGUILAR, et al. | 23STCV01190 |
| DEFENDANT/RESPONDENT: | CATHERINE L. JACOBS, et al. | |

**11. Insurance**

　a. ☐ Insurance carrier, if any, for party filing this statement *(name):* First Initiatives Insurance, Ltd.

　b. Reservation of rights: ☐ Yes ☑ No

　c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

　☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

　a. ☐ There are companion, underlying, or related cases.

　　(1) Name of case:

　　(2) Name of court:

　　(3) Case number:

　　(4) Status:

　☐ Additional cases are described in Attachment 13a.

　b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

　☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

　☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
　　Motion for Summary Judgment, Discovery Motions, if necessary. Motions in Limine.

**16. Discovery**

　a. ☐ The party or parties have completed all discovery.

　b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Dignity Community Care | Written Discovery | Per Code |
| Defendant, Dignity Community Care | Subpoena of Medical Records | Per Code |
| Defendant, Dignity Community Care | Deposition of Plaintiff | Per Code |
| Defendant, Dignity Community Care | Additional Written Discovery | Per Code |
| Defendant, Dignity Community Care | Expert Discovery | Per Code |

　c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011]　　　　　　　　　　　**CASE MANAGEMENT STATEMENT**　　　　　　　　　　　Page 4 of 5

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | VERONICA PAZ AGUILAR, et al. | 23STCV01190 |
| DEFENDANT/RESPONDENT: | CATHERINE L. JACOBS, et al. | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 27, 2023

| John Aitelli, Esq. | | |
|---|---|---|
| (TYPE OR PRINT NAME) | ▶ | (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶ | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]    **CASE MANAGEMENT STATEMENT**    **Page 5 of 5**

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

     On December 28, 2023, I served the foregoing document described as:

**CASE MANAGEMENT STATEMENT**

on interested parties in this action by placing a true and correct copy thereof as follows:

**SEE ATTACHED MAILING LIST**

[ ]  BY MAIL:
    [ ]    I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.
    [ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on ****, 2023, at Glendale, California.

[ ]  BY FACSIMILE:
    [ ]    In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
Executed on    , at Glendale, California.

[X]  BY ELECTRONIC MAIL:
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

[ ]  BY PERSONAL SERVICE:
I delivered such envelope by hand to the offices of the addressee.
Executed on    , at Glendale, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Heidi Gray

1

1

<u>SERVICE LIST</u>

2

Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
        Case No.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

5

IKUTA HEMESATH LLP
1327 North Broadway

6

Santa Ana, CA 92706
(949) 229-5654 Telephone

7

(949) 203-2162 Facsimile
E: nick@ih-llp.com

8

E: angie@ih-llp.com
E: service@ih-llp.com

9

**Attorneys for Plaintiff,**

10

**VERONICA PAZ AGUILAR**

11

John C. Kelly, Esq.
Betsey J. Jeffery, Esq.

12

**KELLY, TROTTER & FRANZEN**

13

111 W. Ocean Boulevard, 14th Floor
P.O. Box 22636

14

Long Beach, CA 90801
Telephone: (562) 432-5855

15

Facsimile: (562) 432-8785
E: jckelly@kellytrotter.com

16

E: bjjeffrey@kellytrotter.com

17

E: gestevez@kellytrotter.com
E: mfreedus@feldesmantucker.com

18

*Attorneys for Defendants,*
**CATHERINE L. JACOBS, CNM,**

19

**KENDRA L. SEGURA, M.D. and**
**EISNER HEALTH**

20

21

22

23

24

25

26

27

28

2

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**  STATE BAR NUMBER: 125609 / 134650<br><br>NAME: John C. Kelly / Betsey J. Jeffery<br>FIRM NAME: Carroll, Kelly, Trotter & Franzen<br>STREET ADDRESS: P.O. Box 22636<br>CITY: Long Beach          STATE: CA    ZIP CODE: 90801<br>TELEPHONE NO.: 5624325855          FAX NO.: 5624328785<br>EMAIL ADDRESS: jckelly@kellytrotter.com; bjjeffery@kellytrotter.com<br>ATTORNEY FOR *(name)*: Eisner Health; Kendra L. Segura, MD; Catherine L. Jacobs, CNM | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/12/2024 2:07 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Mayorga, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.
DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE**  [ ] **LIMITED CASE**<br>(Amount demanded      (Amount demanded is $35,000<br>exceeds $35,000)        or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 17, 2024      Time: 8:30 a.m.      Dept.: 73      Div.:          Room:

Address of court *(if different from the address above)*:

[X]  **Notice of Intent to Appear by Telephone, by** *(name)*: Betsey J. Jeffery

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint

   (1) [ ] have not been served *(specify names and explain why not)*:

   (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:

   (3) [ ] have had a default entered against them *(specify names)*:

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint      *(Describe, including causes of action)*:
      1. MEDICAL NEGLIGENCE; 2. LOSS OF CONSORTIUM

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Westlaw Doc & Form Builder™

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

    See plaintiffs' statement of the case.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):* The CMC is premature given the pending Motion for Certification and Substitution. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

6. **Trial date**

    a. ☐ The trial has been set for   *(date):*

    b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The parties are considering stipulation to voluntary stay while awaiting Ninth Circuit decision on the subject immunity issues.

    c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

        See Attachment hereto.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

    a. ☒ days *(specify number):* 7-10

    b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

    a. Attorney:

    b. Firm:

    c. Address:

    d. Telephone number:                f. Fax number:

    e. Email address:                  g. Party represented:

    ☐ Additional representation is described in Attachment 8.

9. **Preference**

    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

        (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

        (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. [X] Insurance carrier, if any, for party filing this statement *(name)*: Hudson Insurance Group

b. Reservation of rights: [ ] Yes [ ] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [X] Other *(specify)*:

Status: Defendants are seeking a stay pending Ninth Circuit decision, or may remove to Federal Court.

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

Motion to Disqualify plaintiffs' counsel
Motion for Summary Judgment
Possible motion for stay/motion to remove

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [ ] The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Eisner Health, et al. | Initial discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of plaintiffs | Per Code |
| Eisner Health, et al. | Further discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of witnesses | Per Code |
| Eisner Health, et al. | Expert discovery | Per Code |
| Eisner Health, et al. | Depositions of experts | Per Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.<br>DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Defendants have requested a voluntary stay to allow for the Ninth Circuit decision on immunity issue.
Defendants may move to remove to Federal Court in the alternative.

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* 4

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 12, 2024

John C. Kelly / Betsey J. Jeffery
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is fbaig@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On January 12, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

CASE MANAGEMENT STATEMENT

☐　**By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐　**By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐　**By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐　**By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒　**Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on January 12, 2024, at Long Beach, California.

FARIDA BAIG

E:\44\7077-01\PLDG\POS.Docx

PROOF OF SERVICE

1

## PROOF OF SERVICE LIST

2

RE: AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH, LLP
1327 North Broadway
Santa Ana, CA 92706

*Attorneys for Plaintiffs*
*VERONICA PAZ AGUILAR and*
*ERNESTO ZEPEDA CORDOBA*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

5

6

7

8

9

10

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025
Glendale, CA 91203

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
hgray@poc-law.com
simm@poc-law.com

11

12

13

14

15

16

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendants*
*EISNER HEALTH, KENDRA L.*
*SEGURA, M.D. and CATHERINE*
*L. JACOBS, CNM*
Office: (202) 466-8960
Fax: (202) 293-8103
Email:
mfreedus@feldesmantucker.com
kzimbro@feldesmantucker.com

17

18

19

20

21

22

23

24

25

26

27

28

E:\44\7077-01\PLDG\POS.Docx

## PROOF OF SERVICE

1  **KELLY, TROTTER & FRANZEN**
   **JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
   **111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
   **Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  **jckelly@kellytrotter.com bjjeffery@kellytrotter.com**
   **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L.**
6  **JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/12/2024 2:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10 VERONICA PAZ AGUILAR and ERNESTO        CASE NO.:  23STCV01190
   ZEPEDA CORDOBA,
11                                          **NOTICE OF POSTING JURY FEES**
              Plaintiffs,
12                                          ASSIGNED FOR ALL PURPOSES TO:
   vs.                                      JUDGE:  TIMOTHY PATRICK DILLON
13                                          DEPARTMENT:  73
   CATHERINE L. JACOBS, CNM; KENDRA L.
14 SEGURA, M.D.; EISNER HEALTH;             Complaint Filed:    January 19, 2023
   CALIFORNIA HOSPITAL MEDICAL CENTER;      Trial Date:         None
15 DIGNITY COMMUNITY CARE; and DOES 1
   through 100, Inclusive,
16
              Defendants.
17

18 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

19        Defendants EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L.

20 JACOBS, CNM, hereby give notice of posting jury fees in the amount of $150.00. The posting

21 of jury fees by defendants is not intended to be a waiver of the immunities asserted in this case.

22

23 DATED:  January 12, 2024              KELLY, TROTTER & FRANZEN

24

25                                       By: _____

26                                          JOHN C. KELLY
                                            BETSEY J. JEFFERY
27                                          Attorneys for Defendants,
                                            EISNER HEALTH, KENDRA L. SEGURA,
28                                          M.D. and CATHERINE L. JACOBS, CNM

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is fbaig@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On January 12, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

NOTICE OF POSTING JURY FEES

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on January 12, 2024, at Long Beach, California.



FARIDA BAIG

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

5

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

6

IKUTA HEMESATH, LLP
1327 North Broadway

7

Santa Ana, CA 92706

8

9

*Attorneys for Plaintiffs*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

10

11

Robert B. Packer, Esq.
John Aitelli, Esq.

12

PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025

13

Glendale, CA 91203

14

15

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
mperez@poc-law.com
hgray@poc-law.com

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF POSTING JURY FEES

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                    January 17, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                          8:30 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Jones                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Nicholas Leonard for Benjamin T. Ikuta Via LA CourtConnect

For Defendant(s): Matthew Freedus, Esq. and Betsy J. Jeffery Via LA CourtConnect; Elena Bravo for Robert B. Packer Via LA CourtConnect

**NATURE OF PROCEEDINGS:**
Case Management Conference

The matter is called for hearing.

Case Management Conference is held and continued for parties to submit a stipulation and order.

Case Management Conference is continued to 02/16/2024 at 08:30 AM in Department 73 at Stanley Mosk Courthouse.

Notice is waived.

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)<br>IKUTA HEMESATH LLP<br>1327 North Broadway<br>Santa Ana, CA  92706<br><br>TELEPHONE NO.: (949) 229-5654          FAX NO. *(Optional):* (949) 203-2162<br>E-MAIL ADDRESS: Service-ih@ih-llp.com<br>ATTORNEY FOR *(Name):* Plaintiff VERONICA PAZ AGUILAR | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)          ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 16, 2024      Time: 8:30 a.m.      Dept.: 73      Div.:          Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by** *(name):* Nicholas J. Leonard, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name):* Plaintiff Veronica Paz Aguilar
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* January 19, 2023
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☒  complaint      ☐  cross-complaint      *(Describe, including causes of action):* Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☒ a jury trial        ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for *(date):*

b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See attachment 6.c.

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒  days *(specify number):* 10

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial    ☒ by the attorney or party listed in the caption    ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                    f.  Fax number:

e.  E-mail address:                                       g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel    ☒ has    ☐ has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party    ☐ has    ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(6) and (b)(8)

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date)*:<br>☐ Agreed to complete settlement conference by (*date)*:<br>☐ Settlement conference completed on (*date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other (*specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**11. Insurance**

　　a. ☐　Insurance carrier, if any, for party filing this statement *(name):*

　　b. Reservation of rights: ☐ Yes ☐ No

　　c. ☐　Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

　　a. ☐　There are companion, underlying, or related cases.

　　　　(1) Name of case:

　　　　(2) Name of court:

　　　　(3) Case number:

　　　　(4) Status:

　　　　☐　Additional cases are described in Attachment 13a.

　　b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

　　☐　The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

　　☒　The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
　　　　Defs Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM have scheduled a Motion for Certification and Substitution to be heard on September 19, 2023 at the same time as the Case Management Conference.

**16. Discovery**

　　a. ☐　The party or parties have completed all discovery.

　　b. ☒　The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Winter 2024 |
| Plaintiffs | Witness/Party Depositions | Spring 2024 |
| Plaintiffs | Expert Discovery | Per Code |

　　c. ☐　The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 30, 2024

Nicholas J. Leonard, Esq.
_____
(TYPE OR PRINT NAME)

► *Nicholas J. Leonard*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Veronica Paz Aguilar v Catherine Jacobs, CNM, et al. | 23STCV01190 |

## ATTACHMENT 6C

| **Trial Date** | **MSC/FSC** | **Court** | **Dept** |
|---|---|---|---|
| **4/8/24** | | OCSC (North) | N17 |
| **4/12/24, 9:00 a.m.** | Pre-Trial Conf:  4/5/24 | Alameda (Davidson) | 19 |
| **4/29/24** | | Sacramento | 38 |
| **5/10/24, 9:15 a.m.** | TRC: 4/12/24, 9:15 a.m. | San Diego (North) | 28 |
| **5/17/24** | | Riverside (Murrieta) | S303 |
| **5/28/24, 10:00am** | FSC: 5/23/24 | San Bernardino | S30 |
| **5/28/24, 9:00 am** | | OCSC (CJC) | C13 |
| **6/3/24, 9:30 a.m.** | | San Francisco | 206 |
| **6/10/24, 9:00 a.m.** | Pre Trial Conf: 6/7/24, 9:00 a.m. | OCSC (North) | N16 |
| **6/17/24, 9:30 am** | FSC:  6/7/24, 8:30 am | LASC (Spring) | 74 |
| **6/24/24. 9:00 a.m.** | Final CMC:  6/14/24, 1:30 pm | Kern (Bakersfield) | T-2 |
| **7/19/24** | | San Diego | C69 |
| **7/29/24** | FSC: 7/22/24, 9:00 | LASC(Santa Monica) | M |
| **7/29/24** | FSC:  7/19/24, 8:30 | LASC (Long Beach) | S26 |
| **8/5/24, 9:00 a.m.** | | OCSC | C31 |
| **8/26/24, 9:00 a.m.** | FSC: 8/19/24, 9:00 a.m. | LASC (Compton) | A |
| **8/26/24, 10:00 a.m.** | SC: 2/28/24, 8:30 FSC: 8/9/24, 9:30 | LASC (Beverly Hills) | 207 |
| **9/3/24, 8:30 a.m.** | FSC: 8/19/24, 8:30 | LASC (Mosk) | 73 |
| **9/3/24, 9 a.m.** | | OCSC | N17 |
| **9/23/24, 10:00 a.m.** | TRC: 9/19/24, 9:00 | San Bernardino | S23 |
| **10/7/24, 9 am** | MSC:  9/6/24, 9 am | OCSC | C33 |
| **10/14/24 – 10/18/24** | Status Conference – 3/7/24 | ARB (Thomas Dillard) | |
| **10/14/24 – 10/18/24** | MSC – 4/8/24, 10 am | ARB (Gary Davis) | |
| **10/21/24, 9:30 a.m.** | FSC: 10/11/24, 9:00 a.m. | LASC (Mosk) | 54 |
| **10/21/24, 8:30 a.m.** | MSC 10/18/24, 8:30 a.m. | LASC (Long Beach) | S-27 |
| **11/4/24, 8:00 a.m.** | MSC: 10/9/24, 1:30 p.m. | Butte | 1 |
| **12/16/24, 1:30 pm** | MSC:  10/14/24, 10:00 am | Ventura | 43 |
| **1/13/25, 10 am** | FSC: 1/3/25 9:30 | LASC (Mosk) | 71 |
| **1/13/25, 10 am** | TRC:  1/9/25, 8:30 am | San Bernardino | S27 |
| **1/27/25, 9:00 a.m.** | MSC: 12/6/24, 9:00 | OCSC | C20 |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Veronica Paz Aguilar v Catherine Jacobs, CNM, et al. | 23STCV01190 |

| **Trial Date** | **MSC/FSC** | **Court** | **Dept** |
|---|---|---|---|
| **2/10/25, 9:30 a.m.** | FSC:  2/3/25, 9 a.m. | LASC (Santa Monica) | M |
| **2/19/25, 10:00** | FSC: 2/13/25, 10:00 | LASC(Torrance) | M |
| **3/3/25, 8:45 a.m.** | | OCSC (West) | W-8 |
| **4/10/25, 8:30** | FSC: 3/27/25, 10:00 | LASC (Spring) | 28 |
| **4/21/25, 10:00** | FSC: 4/14/25, 9:30 | LASC (Santa Monica) | O |
| **6/9/25, 10:00 a.m.** | FSC: 6/2/25, 9:30 | LASC (Santa Monica) | O |
| **6/30/25, 9:00 a.m.** | FSC: 6/24/25, 9:00 | LASC (Stanley Mosk) | 58 |
| **7/28/25, 9:00 a.m.** | | OCSC (West) | W-15 |

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I am over the age of 18, employed in the County of Sacramento, State of California, and not a party to the within action. My business address is 3626 Fair Oaks Blvd., Suite 100, Sacramento, CA 95864. My email address is joani@ih-llp.com.

On January 30, 2024, I served the foregoing document(s) described as **PLAINTIFFSS' CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

| | |
|---|---|
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA 91203<br>Tel: (818) 796-4100<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray)<br>simm@poc-law.com (Sarah Imm) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba<br>CALIFORNIA HOSPITAL MEDICAL<br>CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA 90801-5636<br>Tel: (562) 432-5855<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036<br>Tel: (202) 466-8960<br>Email: mfreedus@feldesmantucker.com | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM<br>*Pro Hac Vice Counsel* |

☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 30, 2024 at Sacramento, California.

By: _____
        Joani Wise

---

PLAINTIFFS' CASE MANAGEMENT STATEMENT

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 125609 / 134650 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:
NAME: John C. Kelly / Betsey J. Jeffery
FIRM NAME: Kelly, Trotter & Franzen
STREET ADDRESS: P.O. Box 22636
CITY: Long Beach          STATE: CA    ZIP CODE: 90801
TELEPHONE NO.: 5624325855    FAX NO.: 5624328785
EMAIL ADDRESS: jckelly@kellytrotter.com / bjjeffery@kellytrotter.com
ATTORNEY FOR (name): Eisner Health; Kendra L. Segura, MD; Catherine L. Jacobs, CNM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/01/2024 4:32 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.
DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** [ ] **LIMITED CASE** (Amount demanded (Amount demanded is $35,000 exceeds $35,000) or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 16, 2024    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court *(if different from the address above)*:

[X] **Notice of Intent to Appear by Telephone, by** *(name):* Betsey J. Jeffery

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):*
      1. MEDICAL NEGLIGENCE; 2. LOSS OF CONSORTIUM

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]    **CASE MANAGEMENT STATEMENT**    Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov

Westlaw Doc & Form Builder

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.<br>DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | CASE NUMBER<br>23STCV01190 |
|---|---|

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief).*

> See plaintiffs' statement of the case.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial).* The CMC is premature given the pending Motion for Certification and Substitution. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

> See Attachment hereto.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 7-10

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Email address:

f. Fax number:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c. In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

11. **Insurance**

   a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Hudson Insurance Group

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion to Disqualify plaintiffs' counsel
Motion for Summary Judgment
Possible motion for stay/motion to remove

16. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery).*

| Party | Description | Date |
|---|---|---|
| Eisner Health, et al. | Initial discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of plaintiffs | Per Code |
| Eisner Health, et al. | Further discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of witnesses | Per Code |
| Eisner Health, et al. | Expert discovery | Per Code |
| Eisner Health, et al. | Depositions of experts | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 4

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 1, 2024

John C. Kelly / Betsey J. Jeffery
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# **PROOF OF SERVICE**

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636. On February 1, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

## CASE MANAGEMENT STATEMENT

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on February 1, 2024, at Long Beach, California.

_Valerie R. Plotkin_
Valerie Q. Plotkin

1

**PROOF OF SERVICE LIST**

2  RE:  AGUILAR V. EISNER HEALTH
3  LASC CASE NO.: 23STCV01190

4  Benjamin T. Ikuta, Esq.                                 *Attorneys for Plaintiffs*
   Nicholas J. Leonard, Esq.                               *VERONICA PAZ AGUILAR and*
5  IKUTA HEMESATH, LLP                                     *ERNESTO ZEPEDA CORDOBA*
   1327 North Broadway                                     Office: (949) 229-5654
6  Santa Ana, CA 92706                                     Fax: (949) 203-2162
                                                           Email:
7                                                          nick@ih-llp.com
                                                           Service@ih-llp.com
8                                                          Paria@ih-llp.com
                                                           rosa@ih-llp.com
9                                                          angie@ih-llp.com

10 Robert B. Packer, Esq.                                  *Attorneys for Defendant*
   John Aitelli, Esq.                                      *DIGNITY COMMUNITY CARE*
11 PACKER, O'LEARY & CORSON                                *dba CALIFORNIA HOSPITAL*
   505 N. Brand Blvd., Suite 1025                          *MEDICAL CENTER*
12 Glendale, CA 91203                                      Office: (818) 796-4100
                                                           Fax: (818) 496-4920
13                                                         Email:
                                                           jaitelli@poc-law.com
14                                                         hgray@poc-law.com
                                                           simm@poc-law.com
15
   Matthew S. Freedus, Esq.                                *Attorneys for Defendants*
16 FELDESMAN TUCKER LEIFER FIDELL LLP                      *EISNER HEALTH, KENDRA L.*
   1129 20th Street, NW, Suite 400                         *SEGURA, M.D. and CATHERINE*
17 Washington, DC 20036                                    *L. JACOBS, CNM*
                                                           Office: (202) 466-8960
18                                                         Fax: (202) 293-8103
                                                           Email:
19                                                         mfreedus@feldesmantucker.com
                                                           kzimbro@feldesmantucker.com
20

21

22

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| John Aitelli, Esq. (SBN 122390)<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 830, Glendale, CA 91203<br>TELEPHONE NO.: (818) 796-4910    FAX NO. *(Optional)* (818) 796-4920<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Dignity Community Care DBA California Hospital Med Ctr. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al.

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):*  [✓] **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  [ ] **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER:<br>23STCV01190 |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 16, 2024    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court *(if different from the address above):*

[✓] Notice of Intent to Appear by Telephone, by *(name):* John Aitelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✓] This statement is submitted by party *(name):* Defendant, DIGNITY COMMUNITY CARE dba CALIFORNIA
   b. [ ] This statement is submitted **jointly** by parties *(names):* HOSPITAL MEDICAL CENTER

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [✓] complaint  [ ] cross-complaint    *(Describe, including causes of action):*
      Alleged medical negligence.

Page 1 of 5

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | 23STCV01190 |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   See plaintiff's statement.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
        The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☑ days *(specify number):* 10-15
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☑ by the following:
    a.  Attorney:  Robert B. Packer
    b.  Firm:  Packer, O'Leary & Corson
    c.  Address:  505 N. Brand Boulevard, Suite 1025, Glendale, CA 91203
    d.  Telephone number: (818) 796-4100
    f.  Fax number:  (818) 796-4920
    e.  E-mail address:
    g.  Party represented:
        ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
        (1) For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
        (2) For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.
    b.  **Referral to judicial arbitration or civil action mediation** (if available).
        (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
        (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
        (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | 23STCV01190 |
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):* First Initiatives Insurance, Ltd.

b. Reservation of rights: ☐ Yes ☑ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion for Summary Judgment, Discovery Motions, if necessary. Motions in Limine.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Dignity Community Care | Written Discovery | Per Code |
| Defendant, Dignity Community Care | Subpoena of Medical Records | Per Code |
| Defendant, Dignity Community Care | Deposition of Plaintiff | Per Code |
| Defendant, Dignity Community Care | Additional Written Discovery | Per Code |
| Defendant, Dignity Community Care | Expert Discovery | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**18. Other issues**

    ☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

        The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**20.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 1, 2024

| John Aitelli, Esq. | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ► |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

1

## PROOF OF SERVICE

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

5

6        On February 2, 2024, I served the foregoing document described as:

7        **CASE MANAGEMENT STATEMENT**

8 on interested parties in this action by placing a true and correct copy thereof as follows:

9        **SEE ATTACHED MAILING LIST**

10 [ ]  BY MAIL:
       [ ]    I deposited such envelope in the mail at Glendale, California.  The envelope was

11 mailed with postage thereon fully prepaid.
       [ ]    As follows:  I am "readily familiar" with the firm's practice of collection and

12 processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in

13 the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

14 date of deposit for mailing in affidavit.
   Executed on ****, 2023, at Glendale, California.

15 [ ]  BY FACSIMILE:
       [   ]    In addition to service by mail, I transmitted a copy of the foregoing document(s) this

16 date via telecopier to the facsimile numbers shown below.
   Executed on    , at Glendale, California.

17

18 [X]  BY ELECTRONIC MAIL:
   The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a),

19 CRC 2.251).

20 [ ]  BY PERSONAL SERVICE:
   I delivered such envelope by hand to the offices of the addressee.

21 Executed on    , at Glendale, California.

22 [X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24 [ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26 _____
   Heidi Gray

27

28

1

1

<u>SERVICE LIST</u>

2  Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
        Case No.: 23STCV01190

3

4  Benjamin T. Ikuta, Esq.
   Nicholas J. Leonard, Esq.
5  IKUTA HEMESATH LLP
   1327 North Broadway
6  Santa Ana, CA 92706
   (949) 229-5654 Telephone
7  (949) 203-2162 Facsimile
   E: nick@ih-llp.com
8  E: angie@ih-llp.com
   E: service@ih-llp.com

9

   **Attorneys for Plaintiff,**
10 **VERONICA PAZ AGUILAR**

11 John C. Kelly, Esq.
   Betsey J. Jeffery, Esq.
12 **KELLY, TROTTER & FRANZEN**
   111 W. Ocean Boulevard, 14th Floor
13 P.O. Box 22636
   Long Beach, CA 90801
14 Telephone: (562) 432-5855
   Facsimile: (562) 432-8785
15 E: jckelly@kellytrotter.com
   E: bjjeffrey@kellytrotter.com
16 E: gestevez@kellytrotter.com
17 E: mfreedus@feldesmantucker.com
18 *Attorneys for Defendants,*
   **CATHERINE L. JACOBS, CNM,**
19 **KENDRA L. SEGURA, M.D. and**
   **EISNER HEALTH**

20

21

22

23

24

25

26

27

28

2

Electronically Received 02/02/2024 09:30 AM

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
**jckelly@kellytrotter.com bjjeffery@kellytrotter.com**

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

**FILED**
Superior Court of California
County of Los Angeles

**02/15/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.: 23STCV01190<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE: TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed: January 19, 2023<br>Trial Date: None |

Plaintiff VERONICA PAZ AGUILAR[1] and defendants, CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; and DIGNITY COMMUNITY CARE, by and through their attorneys of record, do hereby stipulate as follows:

**STIPULATION**

_____

[1] Plaintiff Ernesto Zepeda Cordoba was voluntarily dismissed, thereby disposing of the loss of consortium cause of action.

X:\Aguilar, Veronica\PLEADINGS\STIP TO STAY ACTION.Docx    1

STIPULATION FOR VOLUNTARY STAY

1    Whereas, this is a personal injury case alleging obstetric negligence for events occurring

2    on or about January 23, 2022.

3    Whereas, this matter was filed on or about January 19, 2023.

4    Whereas, defendants CATHERINE L. JACOBS, CNM; KENDRA L.  SEGURA, M.D.;

5    and EISNER HEALTH (hereinafter "EISNER defendants") contend that they are entitled to

6    absolute immunity in this action pursuant to 42 U.S.C. § 233 *et seq.*, as Public Health Service

7    (PHS) employees who were performing medical, surgical… or related functions, at a "federally

8    supported health center," at the time of the alleged negligence.

9    Whereas, the EISNER defendants previously made a motion to this court seeking to have

10    them deemed PHS employees acting within the course and scope of their employment, and to

11    substitute the United State as the only proper defendant in their place.

12    Whereas, this court denied said motion suggesting that such determination was within the

13    purview of Federal court.

14    Whereas, the EISNER defendants seek to avoid the expenditure of resources associated

15    with removal to Federal Court at this time, while the Ninth Circuit Court is deciding what could

16    resolve the immunity issue in question, which could then obviate the need for the EISNER

17    defendants to litigate the case because of absolute immunity.

18    Whereas, the EISNER defendants are reasonably hopeful that the Ninth Circuit decision

19    will be rendered within the next 90 days.

20    Whereas, the EISNER defendants seek to conserve their resources by engaging in what

21    could prove to be unnecessary endeavors (e.g. removal) or participating in discovery and trial

22    preparation in State court, when such may ultimately become moot, as the absolute immunity

23    which they are seeking would shield them not only from liability, but from the expense and efforts

24    inherent to litigation.

25    Whereas, the EISNER defendants do not expect this court to place an indefinite stay in the

26    proceedings, but instead, are seeking a brief voluntary stay of 90 days to allow the decision of the

27    Ninth Circuit Court to be rendered, with the plan to remove to Federal court if this does not occur

28    by 90 days from submission of this stipulation.

1    The PARTIES hereby stipulate and agree to the following:

2    1.    That this case be stayed for 90 days in the interest of stewardship while the Ninth

3    Circuit decision is pending;

4    2.    That during this stay, no discovery will occur and this court may defer assigning a

5    trial date, if the court so approves; and

6    3.    That following the 90-day period, the EISNER defendants will seek to remove their

7    part of the case to Federal court if there is no disposition by the Ninth Circuit court by that time

8    on the immunity issue;

9

10    DATED:  February  2 , 2024          **IKUTA HEMESATH LLP**

11

12

13    BY: _____

14          Nicholas Leonard
             Attorneys for Plaintiffs

15    DATED:  February 1, 2024          **PACKER, O'LEARY & CORSON**

16

17

18    BY: _____

19          Robert B. Packer
             John Aitelli
20          Attorneys for Defendant
             Dignity Community Care dba California
21          Hospital Medical Center

22    DATED:  February 2, 2024          **KELLY, TROTTER & FRANZEN LLP**

23

24

25    BY: _____

26          John Kelly, Esq.
             Betsey Jeffrey, Esq.
27          Attorneys for Defendants
             Catherine L. Jacobs, CNM, Kendra L.
28          Segura, M.D., and Eisner Health

1

**[PROPOSED] ORDER**

2

    IT IS HEREBY ORDERED that a voluntary stay on discovery or other actions inherent to

3

litigation will be in place for ___J€___ days, which will expire on _____[ŧïŧ£_____.

4

    IT IS SO ORDERED.

5

6

DATED: ___02/15/2024___

7

JUDGE OF THE SUPERIOR COURT

Timothy Patrick Dillon / Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com  and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On February 2, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

**STIPULATION AND PROPOSED ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on February 2, 2024, at Long Beach, California.

Valerie Q. Plotkin

1

<u>**PROOF OF SERVICE LIST**</u>

2

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH, LLP
1327 North Broadway
Santa Ana, CA 92706

*Attorneys for Plaintiffs*
*VERONICA PAZ AGUILAR and*
*ERNESTO ZEPEDA CORDOBA*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

5

6

7

8

9

10

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025
Glendale, CA 91203

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
hgray@poc-law.com
simm@poc-law.com

11

12

13

14

15

16

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036

*Attorneys for Defendants*
*EISNER HEALTH, KENDRA L.*
*SEGURA, M.D. and CATHERINE*
*L. JACOBS, CNM*
Office: (202) 466-8960
Fax: (202) 293-8103
Email:
mfreedus@feldesmantucker.com
kzimbro@feldesmantucker.com

17

18

19

20

21

22

23

24

25

26

27

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                    February 15, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                              9:22 AM
**JACOBS, , CNM, et al.**


Judge: Honorable Timothy Patrick Dillon          CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Entry of Order on Stipulation and order for Temporary Voluntary
Stay of Action

The court reviews, considers and approves the Stipulation and order for Temporary Voluntary
Stay of Action submitted by defendants. The order is signed, filed and an electronic copy of the
signed judgment is returned to moving party via e-filing service provider.

Counsel for defendants is to give notice. Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/15/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Carino _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Veronica Paz Aguilar  et al | |
| DEFENDANT/RESPONDENT:<br>Catherine L. Jacobs, , CNM, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV01190 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Entry of Order on Stipulation and ...) of 02/15/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John Kelly
Kelly, Trotter & Franzen, a Law Corporation
111 West Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/16/2024                    By: M. Carino _____
                                                         Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L. JACOBS, , CNM, et al.**

February 16, 2024
8:30 AM

| | |
|---|---|
| Judge: Honorable Timothy Patrick Dillon | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): Nicholas Leonard for John Kelly Via LA CourtConnect

For Defendant(s): Betsey Jeffery for Matthew Freedus, Esq. Via LA CourtConnect; Elena Bravo for Robert B. Packer Via LA CourtConnect

**NATURE OF PROCEEDINGS:**
Case Management Conference

The matter is called for hearing.

Case Management Conference is held. The court has reviewed and approved the stipulation and order regarding stay. Case Management Conference is continued to 05/21/2024 at 08:30 AM in Department 73 at Stanley Mosk Courthouse.

Notice is waived.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
jckelly@kellytrotter.com bjjeffery@kellytrotter.com

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/16/2024 12:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,

      Plaintiffs,

    vs.

CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,

      Defendants.

CASE NO.:  23STCV01190

**NOTICE OF ORDER OF STAY AND CONTINUED CASE MANAGEMENT CONFERENCE**

ASSIGNED FOR ALL PURPOSES TO:
JUDGE:  TIMOTHY PATRICK DILLON
DEPARTMENT:  73

Complaint Filed:    January 19, 2023
Trial Date:        None

      PLEASE TAKE NOTICE that the Case Management Conference came on regularly for hearing on February 16, 2024, before the above-entitled court. All parties were represented by their respective counsel at the hearing.

      The court continued the Case Management Conference to May 21, 2024, at 8:30 a.m., in Department 73.

/ / /

/ / /

/ / /

1    The court also acknowledged that the matter be stayed, per the Stipulation filed by the

2    parties, until May 17, 2024. A copy of the signed Stipulation and Order are attached hereto.

3

4    DATED:  February 16, 2024                    KELLY, TROTTER & FRANZEN

5

6                                                By: _____

7                                                JOHN C. KELLY
                                                 BETSEY J. JEFFERY
8                                                Attorneys for Defendants,
                                                 EISNER HEALTH, KENDRA L. SEGURA,
9                                                M.D. and CATHERINE L. JACOBS, CNM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ORDER OF STAY AND CONTINUED CASE MANAGEMENT CONFERENCE

Electronically Received 02/02/2024 09:30 AM

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
**jckelly@kellytrotter.com bjjeffery@kellytrotter.com**

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

FILED
Superior Court of California
County of Los Angeles

02/15/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____M. Carino_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>Plaintiffs,<br><br>vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO.:  23STCV01190<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:  TIMOTHY PATRICK DILLON<br>DEPARTMENT:  73<br><br>Complaint Filed:    January 19, 2023<br>Trial Date:            None |

Plaintiff VERONICA PAZ AGUILAR[1] and defendants, CATHERINE L. JACOBS, CNM; KENDRA L.  SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; and DIGNITY COMMUNITY CARE, by and through their attorneys of record, do hereby stipulate as follows:

**STIPULATION**

_____

[1] Plaintiff Ernesto Zepeda Cordoba was voluntarily dismissed, thereby disposing of the loss of consortium cause of action.

X:\Aguilar, Veronica\PLEADINGS\STIP TO STAY ACTION.Docx    1

STIPULATION FOR VOLUNTARY STAY

1    Whereas, this is a personal injury case alleging obstetric negligence for events occurring

2    on or about January 23, 2022.

3    Whereas, this matter was filed on or about January 19, 2023.

4    Whereas, defendants CATHERINE L. JACOBS, CNM; KENDRA L.  SEGURA, M.D.;

5    and EISNER HEALTH (hereinafter "EISNER defendants") contend that they are entitled to

6    absolute immunity in this action pursuant to 42 U.S.C. § 233 *et seq.*, as Public Health Service

7    (PHS) employees who were performing medical, surgical… or related functions, at a "federally

8    supported health center," at the time of the alleged negligence.

9    Whereas, the EISNER defendants previously made a motion to this court seeking to have

10    them deemed PHS employees acting within the course and scope of their employment, and to

11    substitute the United State as the only proper defendant in their place.

12    Whereas, this court denied said motion suggesting that such determination was within the

13    purview of Federal court.

14    Whereas, the EISNER defendants seek to avoid the expenditure of resources associated

15    with removal to Federal Court at this time, while the Ninth Circuit Court is deciding what could

16    resolve the immunity issue in question, which could then obviate the need for the EISNER

17    defendants to litigate the case because of absolute immunity.

18    Whereas, the EISNER defendants are reasonably hopeful that the Ninth Circuit decision

19    will be rendered within the next 90 days.

20    Whereas, the EISNER defendants seek to conserve their resources by engaging in what

21    could prove to be unnecessary endeavors (e.g. removal) or participating in discovery and trial

22    preparation in State court, when such may ultimately become moot, as the absolute immunity

23    which they are seeking would shield them not only from liability, but from the expense and efforts

24    inherent to litigation.

25    Whereas, the EISNER defendants do not expect this court to place an indefinite stay in the

26    proceedings, but instead, are seeking a brief voluntary stay of 90 days to allow the decision of the

27    Ninth Circuit Court to be rendered, with the plan to remove to Federal court if this does not occur

28    by 90 days from submission of this stipulation.

1    The PARTIES hereby stipulate and agree to the following:

2    1.    That this case be stayed for 90 days in the interest of stewardship while the Ninth

3    Circuit decision is pending;

4    2.    That during this stay, no discovery will occur and this court may defer assigning a

5    trial date, if the court so approves; and

6    3.    That following the 90-day period, the EISNER defendants will seek to remove their

7    part of the case to Federal court if there is no disposition by the Ninth Circuit court by that time

8    on the immunity issue;

9

10    DATED:  February 2 , 2024        **IKUTA HEMESATH LLP**

11

12

13    BY: _____

14    Nicholas Leonard
      Attorneys for Plaintiffs

15    DATED:  February 1, 2024        **PACKER, O'LEARY & CORSON**

16

17

18    BY: _____

19    Robert B. Packer
      John Aitelli

20    Attorneys for Defendant
      Dignity Community Care dba California

21    Hospital Medical Center

22    DATED:  February 2, 2024        **KELLY, TROTTER & FRANZEN LLP**

23

24

25    BY: _____

26    John Kelly, Esq.
      Betsey Jeffrey, Esq.

      Attorneys for Defendants

27    Catherine L. Jacobs, CNM, Kendra L.
      Segura, M.D., and Eisner Health

28

1

**[PROPOSED]** ORDER

2   IT IS HEREBY ORDERED that a voluntary stay on discovery or other actions inherent to

3 litigation will be in place for ___J€___ days, which will expire on _____ĺ฿ĺฅ_____.

4   IT IS SO ORDERED.

5

6 DATED: ___02/15/2024___

JUDGE OF THE SUPERIOR COURT

7

Timothy Patrick Dillon / Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com  and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On February 2, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

**STIPULATION AND PROPOSED ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on February 2, 2024, at Long Beach, California.

_____
Valerie Q. Plotkin

E:\44\7077-01\PLDG\STIP TO STAY ACTION.Docx                5

1

## <u>PROOF OF SERVICE LIST</u>

2 RE:  AGUILAR V. EISNER HEALTH

3 LASC CASE NO.: 23STCV01190

4   Benjamin T. Ikuta, Esq.                *Attorneys for Plaintiffs*
  Nicholas J. Leonard, Esq.           *VERONICA PAZ AGUILAR and*

5   IKUTA HEMESATH, LLP          *ERNESTO ZEPEDA CORDOBA*
  1327 North Broadway             Office: (949) 229-5654

6   Santa Ana, CA 92706              Fax: (949) 203-2162
                                    Email:

7                                       nick@ih-llp.com
                                    Service@ih-llp.com

8                                     Paria@ih-llp.com
                                    rosa@ih-llp.com

9                                     angie@ih-llp.com

10   Robert B. Packer, Esq.              *Attorneys for Defendant*
  John Aitelli, Esq.                  *DIGNITY COMMUNITY CARE*

11   PACKER, O'LEARY & CORSON    *dba CALIFORNIA HOSPITAL*
  505 N. Brand Blvd., Suite 1025     *MEDICAL CENTER*

12   Glendale, CA 91203              Office: (818) 796-4100
                                      Fax: (818) 496-4920

13                                     Email:
                                    jaitelli@poc-law.com

14                                     hgray@poc-law.com
                                    simm@poc-law.com

15

16   Matthew S. Freedus, Esq.          *Attorneys for Defendants*
  FELDESMAN TUCKER LEIFER FIDELL LLP  *EISNER HEALTH, KENDRA L.*

17   1129 20th Street, NW, Suite 400    *SEGURA, M.D. and CATHERINE*
  Washington, DC 20036           *L. JACOBS, CNM*

18                                       Office: (202) 466-8960
                                    Fax: (202) 293-8103

19                                     Email:
                                    mfreedus@feldesmantucker.com

20                                     kzimbro@feldesmantucker.com

21

22

23

24

25

26

27

28

STIPULATION FOR VOLUNTARY STAY

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On February 16, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

NOTICE OF ORDER OF STAY AND CONTINUED CASE MANAGEMENT CONFERENCE

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on February 16, 2024, at Long Beach, California.

Valerie Q. Plotkin

**PROOF OF SERVICE LIST**

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH, LLP<br>1327 North Broadway<br>Santa Ana, CA 92706 | *Attorneys for Plaintiffs*<br>*VERONICA PAZ AGUILAR and*<br>*ERNESTO ZEPEDA CORDOBA*<br>Office: (949) 229-5654<br>Fax: (949) 203-2162<br>Email:<br>nick@ih-llp.com<br>Service@ih-llp.com<br>Paria@ih-llp.com<br>rosa@ih-llp.com<br>angie@ih-llp.com |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 1025<br>Glendale, CA 91203 | *Attorneys for Defendant*<br>*DIGNITY COMMUNITY CARE*<br>*dba CALIFORNIA HOSPITAL*<br>*MEDICAL CENTER*<br>Office: (818) 796-4100<br>Fax: (818) 496-4920<br>Email:<br>jaitelli@poc-law.com<br>hgray@poc-law.com<br>simm@poc-law.com |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036 | *Attorneys for Defendants*<br>*EISNER HEALTH, KENDRA L.*<br>*SEGURA, M.D. and CATHERINE*<br>*L. JACOBS, CNM*<br>Office: (202) 466-8960<br>Fax: (202) 293-8103<br>Email:<br>mfreedus@feldesmantucker.com<br>kzimbro@feldesmantucker.com |

1  **KELLY, TROTTER & FRANZEN**
   **JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
   **111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
   **Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  jckelly@kellytrotter.com  bjjeffery@kellytrotter.com

6  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/21/2024 4:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11 | VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, | CASE NO.: 23STCV01190 |

12                Plaintiffs,

**NOTICE OF ENTRY OF ORDER ON STIPULATION AND ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION**

13        vs.

14 CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH;
15 CALIFORNIA HOSPITAL MEDICAL CENTER;
16 DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,
17

ASSIGNED FOR ALL PURPOSES TO:
JUDGE: TIMOTHY PATRICK DILLON
DEPARTMENT: 73

Complaint Filed:    January 19, 2023
Trial Date:         None

18                Defendants.

19

20

21 TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD HEREIN:

22        PLEASE TAKE NOTICE that the court reviewed, considered and approved the

23 Stipulation and Order for Temporary Voluntary Stay of Action submitted by defendants in the

24 above-referenced matter. The order was signed, filed and an electronic copy was returned to

25 ///

26 ///

27 ///

28 ///

E:\44\7077-01\PLDG\NOE ORDER ON STIP TO STAY ACTION.Docx                                    1

1 moving party via e-filing service provider.  Counsel for defendants was ordered to give notice.

2 A copy of the court's Minute Order is attached hereto.

3

4 DATED:  March 21, 2024                    KELLY, TROTTER & FRANZEN

5

6                                          By:

7                                             JOHN C. KELLY
                                              BETSEY J. JEFFERY
8                                             Attorneys for Defendants,
                                              EISNER HEALTH, KENDRA L. SEGURA,
9                                             M.D. and CATHERINE L. JACOBS, CNM

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER ON STIPULATION AND ORDER FOR TEMPORARY
VOLUNTARY STAY OF ACTION

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                February 15, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                      9:22 AM
**JACOBS, , CNM, et al.**

Judge: Honorable Timothy Patrick Dillon        CSR: None
Judicial Assistant: M. Y. Carino               ERM: None
Courtroom Assistant: D. Ortiz                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Entry of Order on Stipulation and order for Temporary Voluntary
Stay of Action

The court reviews, considers and approves the Stipulation and order for Temporary Voluntary
Stay of Action submitted by defendants. The order is signed, filed and an electronic copy of the
signed judgment is returned to moving party via e-filing service provider.

Counsel for defendants is to give notice. Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/15/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By:          M. Carino          Deputy |
| PLAINTIFF/PETITIONER:<br>Veronica Paz Aguilar  et al | |
| DEFENDANT/RESPONDENT:<br>Catherine L. Jacobs, , CNM, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV01190 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Entry of Order on Stipulation and ...) of 02/15/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John Kelly
Kelly, Trotter & Franzen, a Law Corporation
111 West Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801

David W. Slayton, Executive Officer / Clerk of Court

Dated: 02/16/2024

By:  M. Carino
     Deputy Clerk

**CERTIFICATE OF MAILING**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On March 21, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

NOTICE OF ENTRY OF ORDER ON STIPULATION AND ORDER FOR TEMPORARY VOLUNTARY STAY OF ACTION

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on March 21, 2024, at Long Beach, California.

_____
Valerie Q. Plotkin

**PROOF OF SERVICE LIST**

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH, LLP<br>1327 North Broadway<br>Santa Ana, CA 92706 | *Attorneys for Plaintiffs*<br>*VERONICA PAZ AGUILAR and*<br>*ERNESTO ZEPEDA CORDOBA*<br>Office: (949) 229-5654<br>Fax: (949) 203-2162<br>Email:<br>nick@ih-llp.com<br>Service@ih-llp.com<br>Paria@ih-llp.com<br>rosa@ih-llp.com<br>angie@ih-llp.com |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 1025<br>Glendale, CA 91203 | *Attorneys for Defendant*<br>*DIGNITY COMMUNITY CARE*<br>*dba CALIFORNIA HOSPITAL*<br>*MEDICAL CENTER*<br>Office: (818) 796-4100<br>Fax: (818) 496-4920<br>Email:<br>jaitelli@poc-law.com<br>hgray@poc-law.com<br>simm@poc-law.com |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036 | *Attorneys for Defendants*<br>*EISNER HEALTH, KENDRA L.*<br>*SEGURA, M.D. and CATHERINE*<br>*L. JACOBS, CNM*<br>Office: (202) 466-8960<br>Fax: (202) 293-8103<br>Email:<br>mfreedus@feldesmantucker.com<br>kzimbro@feldesmantucker.com |

NOTICE OF ENTRY OF ORDER ON STIPULATION AND ORDER FOR TEMPORARY
VOLUNTARY STAY OF ACTION

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/17/2024 3:34 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Simmons, Deputy Clerk

1   E. MARTIN ESTRADA
    United States Attorney
2   DAVID M. HARRIS
    Assistant United States Attorney
3   Chief, Civil Division
    JOANNE S. OSINOFF
4   Assistant United States Attorney
    Chief, Complex and Defensive Litigation Section
5   RYAN C. CHAPMAN (Cal. Bar No. 318595)
    Assistant United States Attorney
6        Federal Building, Suite 7516
         300 North Los Angeles Street
7        Los Angeles, California 90012
         Telephone: (213) 894-2471
8        Facsimile: (213) 894-7819
         E-mail: Ryan.Chapman@usdoj.gov
9
    Attorneys for UNITED STATES
10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF LOS ANGELES

13

14   VERONICA PAZ AGUILAR and        No. 23STCV01190
     ERNESTO ZEPEDA CORDOBA,
15                                   **AMENDED NOTICE TO STATE**
              Plaintiffs,            **COURT PURSUANT TO 42 U.S.C.**
16                                   **§ 233(*l*)(1)**
              v.
17
     CATHERINE L. JACOBS, CNM;
18   KENDRA L. SEGURA, M.D.;
     EISNER HEALTH; CALIFORNIA
19   HOSPITAL MEDICAL CENTER;
     DIGNITY COMMUNITY CARE; and
20   DOES 1 through 100, Inclusive,

21            Defendants.           Department 73
22                                  Honorable Timothy Patrick Dillon

23

24

25

26

27

28

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| NAME: Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)  STATE BAR NUMBER: | |

**ATTORNEY OR PARTY WITHOUT ATTORNEY**                    STATE BAR NUMBER:
NAME: Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)
FIRM NAME: **IKUTA HEMESATH LLP**
STREET ADDRESS: 1327 North Broadway
CITY: Santa Ana                                      STATE: CA      ZIP CODE: 92706
TELEPHONE NO.: (949) 229-5654                    FAX NO.: (949) 203-2162
EMAIL ADDRESS: nicholas@ih-llp.com; service@ih-llp.com
ATTORNEY FOR *(name):* Plaintiff Veronica Paz-Aguilar

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR
DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [ x ] **UNLIMITED CASE**  (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE**  (Amount demanded is $35,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 21, 2024          Time: 8:30:00 AM      Dept.: 73        Div.:              Room:

Address of court *(if different from the address above):*

[ x ]  Notice of Intent to Appear by Telephone, by *(name):* Nicholas J. Leonard

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ x ]  This statement is submitted by party *(name):* Plaintiff Veronica Paz Aguilar
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  January 19, 2023
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ x ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]  have had a default entered against them *(specify names):*

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [ x ]  complaint      [ ]  cross-complaint      *(Describe, including causes of action):*
      Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

**Page 1 of 5**

| Form Adopted for Mandatory Use  Judicial Council of California  CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,  rules 3.720–3.730  www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER:  VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief)*:

   Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

   ☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

   The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

   a.  ☐  The trial has been set for  *(date):*

   b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
       See Attachment 6.c.

7.  **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one)*

   a.  ☒ days *(specify number):* 10

   b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

   a.  Attorney:

   b.  Firm:

   c.  Address:

   d.  Telephone number:                              f.  Fax number:

   e.  Email address:                                 g.  Party represented:

   ☐  Additional representation is described in Attachment 8.

9.  **Preference**

   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

      (1)  For parties represented by counsel: Counsel  ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

      (2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

      (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

      (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

      (3) ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
          CRC 3.811(b)(6) and (b)(8)

**CM-110**

| PLAINTIFF/PETITIONER:   VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER:  VERONICA PAZ AGUILAR<br>DEFENDANT/RESPONDENT:  CATHERINE L. JACOBS, CNM, et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

11. **Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

   ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Summer 2024 |
| Plaintiffs | Witness/Party Depositions | Fall 2024 |
| Plaintiffs | Expert Discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is \$35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

    The parties stipulated to a Stay that expires 5/17/2024.  Plaintiff is prepared to proceed with litigation at this time but understands Defendant Eisner Health will likely seek to extend the Stay.

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*  _____2_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  April 30, 2024

Nicholas J. Leonard
       (TYPE OR PRINT NAME)

       (SIGNATURE OF PARTY OR ATTORNEY)

       (TYPE OR PRINT NAME)

       (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| *Veronica Paz Aguilar v  Catherine L. Jacobs, CNM., et al* | 23STCV01190 |

**ATTACHMENT 6C**

| **Trial Date** | **MSC/FSC** | **Court** | **Dept** |
|---|---|---|---|
| **5/17/24** | | Riverside (Murrieta) | S303 |
| **5/28/24, 10:00am** | FSC: 5/23/24 | San Bernardino | S30 |
| **5/28/24, 9:00 am** | | OCSC (CJC) | C13 |
| **7/29/24** | FSC:  7/19/24, 8:30 | LASC (Long Beach) | S26 |
| **8/5/24, 9:00 a.m.** | | OCSC | C31 |
| **8/16/24, 9:00 a.m.** | Pre-Trial Conf:  8/9/24 | Alameda (Davidson) | 19 |
| **8/19/24, 9:00 a.m.** | MSC: 7/26/24<br>Final CMC: 8/9/24, 1:30 | Kern<br>Bakersfield | T-2 |
| **8/26/24, 9:00 a.m.** | FSC: 8/19/24, 9:00 a.m. | LASC (Compton) | A |
| **8/26/24, 10:00 a.m.** | SC: 2/28/24, 8:30<br>FSC: 8/9/24, 9:30 | LASC (Beverly Hills) | 207 |
| **9/3/24, 8:30 a.m.** | FSC: 8/19/24, 8:30 | LASC (Mosk) | 73 |
| **9/23/24, 10:00 a.m.** | TRC: 9/19/24, 9:00 | San Bernardino | S23 |
| **10/7/24, 9:00 a.m.** | MSC:  9/6/24, 9 am | OCSC | C33 |
| **10/14/24 – 10/18/24** | Status Conference – 3/7/24 | ARB (Thomas Dillard) | |
| **10/14/24 – 10/18/24** | MSC – 4/8/24, 10 am | ARB (Gary Davis) | |
| **10/21/24, 9:30 a.m.** | FSC: 10/11/24, 9:00 a.m. | LASC (Mosk) | 54 |
| **10/21/24, 8:30 a.m.** | MSC 10/18/24, 8:30 a.m. | LASC (Long Beach) | S-27 |
| **11/4/24, 8:00 a.m.** | MSC: 10/9/24, 1:30 p.m. | Butte | 1 |
| **12/2/24, 9:00 a.m.** | | OCSC | C 13 |
| **12/16/24, 1:30 pm** | MSC:  10/14/24, 10:00 am | Ventura | 43 |
| **1/13/25, 10 am** | FSC: 1/3/25 9:30 | LASC (Mosk) | 71 |
| **1/13/25, 10 am** | TRC: 1/9/25, 8:30 am | San Bernardino | S27 |
| **1/27/25, 9:30 am** | FSC:  1/13/25, 9:30 am | LASC (Norwalk) | F |
| **1/27/25, 9:00 a.m.** | MSC: 12/6/24, 9:00 | OCSC | C20 |
| **2/10/25, 9:30 a.m.** | FSC: 2/3/25, 9 a.m. | LASC (Santa Monica) | M |
| **2/19/25, 10:00** | FSC: 2/13/25, 10:00 | LASC(Torrance) | M |
| **3/3/25, 8:45 a.m.** | | OCSC (West) | W-8 |
| **3/3/25, 9:00 a.m.** | | OCSC | C21 |
| **3/18/25, 8:45 am** | MSC:  1/27/25, 1:30 pm | Shasta | 63 |
| **4/1/25, 9:00 a.m.** | | OCSC<br>(North) | N18 |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| *Veronica Paz Aguilar v  Catherine L. Jacobs, CNM., et al* | 23STCV01190 |

| **Trial Date** | **MSC/FSC** | **Court** | **Dept** |
|---|---|---|---|
| **4/10/25, 8:30** | FSC: 3/27/25, 10:00 | LASC (Spring) | 28 |
| **4/21/25, 10:00** | FSC: 4/14/25, 9:30 | LASC (Santa Monica) | O |
| **4/14/25, 10:30 a.m.** | NA | OCSC (North) | N15 |
| **6/9/25, 10:00 a.m.** | FSC: 6/2/25, 9:30 | LASC (Santa Monica) | O |
| **6/23/25, 9:00 a.m.** | Pretrial:  6/11/25, 2:30 | Alameda | 517 |
| **6/30/25, 9:00 a.m.** | FSC: 6/24/25, 9:00 | LASC (Stanley Mosk) | 58 |
| **7/7/25, 10 am** | TRC:  7/3/25 | San Bernardino | R17 |
| **7/21/25, 10 am** | FSC:  7/11/25, 9 am | LASC | M |
| **7/28/25, 9:00 a.m.** | | OCSC (West) | W-15 |
| **8/11/25** | CTC:  8/1/25, 8:30 am | Placer | TBD |
| **8/25/25** | | Arbitration | ADR Services (San Francisco) |
| **7/27/26, 1:30 p.m.** | | Ventura | 41 |

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

    I am over the age of 18, employed in the County of Sacramento, State of California, and not a party to the within action. My business address is 3626 Fair Oaks Blvd., Suite 100, Sacramento, CA 95864. My email address is joani@ih-llp.com.

    On April 30, 2024**,** I served the foregoing document(s) described as **PLAINTIFFS' CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

| | |
|---|---|
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 North Brand Blvd., Suite 1025<br>Glendale, CA 91203<br>Tel: (818) 796-4100<br>rpacker@poc-law.com<br>jaitelli@poc-law.com<br>hgray@poc-law.com (Heidi Gray)<br>simm@poc-law.com (Sarah Imm) | Attorneys for Defendant<br>DIGNITY COMMUNITY CARE dba<br>CALIFORNIA HOSPITAL MEDICAL<br>CENTER |
| John C. Kelly, Esq.<br>Betsey J. Jeffery, Esq.<br>KELLY, TROTTER & FRANZEN<br>111 West Ocean Blvd., 14th Floor<br>P.O. Box 22636<br>Long Beach, CA 90801-5636<br>Tel: (562) 432-5855<br>jckelly@kellytrotter.com<br>bjjeffery@kellytrotter.com<br>gestevez@kellytrotter.com (George Estevez)<br>vplotkin@kellytrotter.com (Valerie Plotkin) | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036<br>Tel: (202) 466-8960<br>Email: mfreedus@feldesmantucker.com | Attorneys for Defendants<br>EISNER HEALTH; KENDRA L. SEGURA,<br>M.D.; and CATHERINE L. JACOBS, CNM<br>*Pro Hac Vice Counsel* |

☒    BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒    STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 30, 2024 at Sacramento, California.

By: _____
      Joani Wise

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

John Aitelli, Esq. (SBN 122390)
PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 830, Glendale, CA 91203

TELEPHONE NO.: (818) 796-4910    FAX NO. *(Optional):* (818) 796-4920
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Dignity Community Care DBA California Hospital Med Ctr.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same as Above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.

DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [✓] **UNLIMITED CASE** (Amount demanded exceeds $25,000) [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 21, 2024    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court *(if different from the address above):*

[✓] Notice of Intent to Appear by Telephone, by *(name):* John Aitelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✓] This statement is submitted by party *(name):* Defendant, DIGNITY COMMUNITY CARE dba CALIFORNIA
   b. [ ] This statement is submitted **jointly** by parties *(names):* HOSPITAL MEDICAL CENTER

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [✓] complaint [ ] cross-complaint *(Describe, including causes of action):*
      Alleged medical negligence.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    See plaintiff's statement.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
    The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑ days *(specify number):* 10-15
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
a.  Attorney:  Robert B. Packer
b.  Firm:  Packer, O'Leary & Corson
c.  Address:  505 N. Brand Boulevard, Suite 1025, Glendale, CA 91203
d.  Telephone number: (818) 796-4100
e.  E-mail address:
f.  Fax number: (818) 796-4920
g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, et al. | 23STCV01190 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in (check all that apply and provide the specified information):

|  | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CM-110**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | VERONICA PAZ AGUILAR, et al. | CASE NUMBER:<br>23STCV01190 |
| DEFENDANT/RESPONDENT: | CATHERINE L. JACOBS, et al. | |

**11. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):* First Initiatives Insurance, Ltd.

   b. Reservation of rights: ☐ Yes ☑ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

   ☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

      (1) Name of case:

      (2) Name of court:

      (3) Case number:

      (4) Status:

      ☐ Additional cases are described in Attachment 13a.

   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

   Motion for Summary Judgment, Discovery Motions, if necessary. Motions in Limine.

**16. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Dignity Community Care | Written Discovery | Per Code |
| Defendant, Dignity Community Care | Subpoena of Medical Records | Per Code |
| Defendant, Dignity Community Care | Deposition of Plaintiff | Per Code |
| Defendant, Dignity Community Care | Additional Written Discovery | Per Code |
| Defendant, Dignity Community Care | Expert Discovery | Per Code |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | CATHERINE L. JACOBS, et al. | 23STCV01190 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 30, 2024

| John Aitelli, Esq. | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

      On April 30, 2024, I served the foregoing document described as:

**CASE MANAGEMENT STATEMENT**

on interested parties in this action by placing a true and correct copy thereof as follows:

**SEE ATTACHED MAILING LIST**

[ ]  BY MAIL:
    [ ]    I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.
    [ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on ****, 2024, at Glendale, California.

[ ]  BY FACSIMILE:
    [ ]    In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.
Executed on    , at Glendale, California.

[X]  BY ELECTRONIC MAIL:
The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

[ ]  BY PERSONAL SERVICE:
I delivered such envelope by hand to the offices of the addressee.
Executed on    , at Glendale, California.

[X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Heidi Gray

<u>SERVICE LIST</u>

Re:  <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
     Case No.: 23STCV01190

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.
IKUTA HEMESATH LLP
1327 North Broadway
Santa Ana, CA 92706
(949) 229-5654 Telephone
(949) 203-2162 Facsimile
E: nick@ih-llp.com
E: angie@ih-llp.com
E: service@ih-llp.com

**Attorneys for Plaintiff,**
**VERONICA PAZ AGUILAR**

John C. Kelly, Esq.
Betsey J. Jeffery, Esq.
**KELLY, TROTTER & FRANZEN**
111 W. Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801
Telephone: (562) 432-5855
Facsimile: (562) 432-8785
E: jckelly@kellytrotter.com
E: bjjeffrey@kellytrotter.com
E: gestevez@kellytrotter.com
E: mfreedus@feldesmantucker.com
*Attorneys for Defendants,*
**CATHERINE L. JACOBS, CNM,**
**KENDRA L. SEGURA, M.D. and**
**EISNER HEALTH**

**CM-110**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 125609 / 134650 | FOR COURT USE ONLY |

NAME: John C. Kelly / Betsey J. Jeffery
FIRM NAME: Kelly, Trotter & Franzen
STREET ADDRESS: P.O. Box 22636
CITY: Long Beach          STATE: CA    ZIP CODE: 90801
TELEPHONE NO.: 5624325855    FAX NO.: 5624328785
EMAIL ADDRESS: jckelly@kellytrotter.com / bjjeffery@kellytrotter.com
ATTORNEY FOR (name): Eisner Health; Kendra L. Segura, MD; Catherine L. Jacobs, CNM

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.
DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/02/2024 11:03 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Kim, Deputy Clerk

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000)    [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 21, 2024    Time: 8:30 a.m.    Dept.: 73    Div.:    Room:

Address of court (if different from the address above):

[X] **Notice of Intent to Appear by Telephone, by** (name): Betsey J. Jeffery

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint    [ ] cross-complaint    (Describe, including causes of action):
      1. MEDICAL NEGLIGENCE; 2. LOSS OF CONSORTIUM

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Westlaw Doc & Form Builder™

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. <br> DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | CASE NUMBER <br> 23STCV01190 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief).*

   See plaintiffs' statement of the case.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial).* The CMC is premature given the pending Motion for Certification and Substitution. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

6. **Trial date**

   a. ☐ The trial has been set for *(date):*

   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

      See Attachment hereto.

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one)*

   a. ☒ days *(specify number):* 7-10

   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

   a. Attorney:

   b. Firm:

   c. Address:

   d. Telephone number:         f. Fax number:

   e. Email address:         g. Party represented:

   ☐ Additional representation is described in Attachment 8.

9. **Preference**

   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

11. **Insurance**

  a.   [ X ]   Insurance carrier, if any, for party filing this statement *(name)*: Hudson Insurance Group

  b.   Reservation of rights:   [ ] Yes   [ ] No

  c.   [ ]   Coverage issues will significantly affect resolution of this case *(explain)*:


12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

  [ ] Bankruptcy    [ ] Other *(specify)*:

Status:

13. **Related cases, consolidation, and coordination**

  a.   [ ]   There are companion, underlying, or related cases.

    (1)   Name of case:

    (2)   Name of court:

    (3)   Case number:

    (4)   Status:

    [ ]   Additional cases are described in Attachment 13a.

  b.   [ ]   A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party)*:

14. **Bifurcation**

  [ ]   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


15. **Other motions**

  [ X ]   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

  Motion to Disqualify plaintiffs' counsel

  Motion for Summary Judgment

  Possible motion for stay/motion to remove

16. **Discovery**

  a.   [ ]   The party or parties have completed all discovery.

  b.   [ X ]   The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Eisner Health, et al. | Initial discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of plaintiffs | Per Code |
| Eisner Health, et al. | Further discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of witnesses | Per Code |
| Eisner Health, et al. | Expert discovery | Per Code |
| Eisner Health, et al. | Depositions of experts | Per Code |

  c.   [ ]   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

17. **Economic litigation**

  a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

  b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

  ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

  a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

  b. ☒ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*: Our request to extend temporary voluntary stay of action via stipulation and proposed order submitted on April 30, 2024.

20. Total number of pages attached *(if any)*: 4

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 1, 2024

John C. Kelly / Betsey J. Jeffery
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On May 2, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

### CASE MANAGEMENT STATEMENT

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on May 2, 2024, at Long Beach, California.

Valerie Q. Plotkin

E:\44\7077-01\PLDG\CMS (5.21.24) POS.Docx

6

CASE MANAGEMENT STATEMENT

1

## PROOF OF SERVICE LIST

2

RE:  AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

Benjamin T. Ikuta, Esq.

*Attorneys for Plaintiffs*

Nicholas J. Leonard, Esq.

*VERONICA PAZ AGUILAR and*

5

IKUTA HEMESATH, LLP

*ERNESTO ZEPEDA CORDOBA*

1327 North Broadway

Office: (949) 229-5654

6

Santa Ana, CA 92706

Fax: (949) 203-2162

Email:

7

nick@ih-llp.com

Service@ih-llp.com

8

Paria@ih-llp.com

rosa@ih-llp.com

9

angie@ih-llp.com

10

Robert B. Packer, Esq.

*Attorneys for Defendant*

John Aitelli, Esq.

*DIGNITY COMMUNITY CARE*

11

PACKER, O'LEARY & CORSON

*dba CALIFORNIA HOSPITAL*

505 N. Brand Blvd., Suite 1025

*MEDICAL CENTER*

12

Glendale, CA 91203

Office: (818) 796-4100

Fax: (818) 496-4920

13

Email:

jaitelli@poc-law.com

14

hgray@poc-law.com

simm@poc-law.com

15

Matthew S. Freedus, Esq.

*Attorneys for Defendants*

16

FELDESMAN TUCKER LEIFER FIDELL LLP

*EISNER HEALTH, KENDRA L.*

1129 20th Street, NW, Suite 400

*SEGURA, M.D. and CATHERINE*

17

Washington, DC 20036

*L. JACOBS, CNM*

Office: (202) 466-8960

18

Fax: (202) 293-8103

Email:

19

mfreedus@feldesmantucker.com

kzimbro@feldesmantucker.com

20

21

22

23

24

25

26

27

28

E:\44\7077-01\PLDG\CMS (5.21.24) POS.Docx

7

Electronically Received 04/30/2024 04:36 PM

FILED
Superior Court of California
County of Los Angeles

05/06/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

**KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
**Post Office Box 22636**
**Long Beach, California 90801-5636**
**Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
**jckelly@kellytrotter.com / bjjeffery@kellytrotter.com**

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA,<br><br>            Plaintiffs,<br><br>   vs.<br><br>CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 through 100, Inclusive,<br><br>            Defendants. | CASE NO.: 23STCV01190<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE: TIMOTHY PATRICK DILLON<br>DEPARTMENT: 73<br><br>Complaint Filed:   January 19, 2023<br>Trial Date:       None |

Plaintiff VERONICA PAZ AGUILAR[1] and defendants, CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL CENTER; and DIGNITY COMMUNITY CARE, by and through their attorneys of record, do hereby stipulate as follows:

### STIPULATION

Whereas, this is a personal injury case alleging obstetric negligence for events occurring on or about January 23, 2022.

Whereas, this matter was filed on or about January 19, 2023.

---

[1] Plaintiff Ernesto Zepeda Cordoba was voluntarily dismissed, thereby disposing of the loss of consortium cause of action.

1        Whereas, defendants CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.;

2   and EISNER HEALTH (hereinafter "EISNER defendants") contend that they are entitled to

3   absolute immunity in this action pursuant to 42 U.S.C. § 233 *et seq.*, as Public Health Service

4   (PHS) employees who were performing medical, surgical… or related functions, at a "federally

5   supported health center," at the time of the alleged negligence.

6        Whereas, the EISNER defendants previously made a motion to this court seeking to have

7   them deemed PHS employees acting within the course and scope of their employment, and to

8   substitute the United State as the only proper defendant in their place.

9        Whereas, this court denied said motion suggesting that such determination was within the

10  purview of Federal court.

11       Whereas, the EISNER defendants seek to avoid the expenditure of resources associated

12  with removal to Federal Court at this time, while the Ninth Circuit Court is deciding what could

13  resolve the immunity issue in question, which could then obviate the need for the EISNER

14  defendants to litigate the case because of absolute immunity.

15       Whereas, the EISNER defendants are reasonably hopeful that the Ninth Circuit decision

16  will be rendered within the next 90 days.

17       Whereas, the EISNER defendants seek to conserve their resources by engaging in what

18  could prove to be unnecessary endeavors (e.g. removal) or participating in discovery and trial

19  preparation in State court, when such may ultimately become moot, as the absolute immunity

20  which they are seeking would shield them not only from liability, but from the expense and efforts

21  inherent to litigation.

22       Whereas, the EISNER defendants do not expect this court to place an indefinite stay in the

23  proceedings, but instead, are seeking a brief extension of the voluntary stay that was previously

24  granted up to May 17, 2024, for an additional 90 days to allow the decision of the Ninth Circuit

25  Court to be rendered, with the plan to remove to Federal court if this does not occur by 90 days

26  from submission of this stipulation.

27       The PARTIES hereby stipulate and agree to the following:

28       1.     That this voluntary stay previously ordered in this case be extended for an

1    additional 90 days in the interest of stewardship while the Ninth Circuit decision is pending;

2        2.    That during this stay, no discovery will occur and this court may defer assigning a

3    trial date, if the court so approves; and

4        3.    That following the additional 90-day period, the EISNER defendants will seek to

5    remove their part of the case to Federal court if there is no disposition by the Ninth Circuit court

6    by that time on the immunity issue;

7

8    DATED:  April 29, 2024              **KELLY, TROTTER & FRANZEN LLP**

9

10                                      BY: _____

11                                          John Kelly, Esq.
                                            Betsey Jeffrey, Esq.
12                                          Attorneys for Defendants
                                            Catherine L. Jacobs, CNM, Kendra L.
13                                          Segura, M.D., and Eisner Health

14

15   DATED:  April ____, 2024            **IKUTA HEMESATH LLP**

16

17

18                                      BY: _____

19                                          Nicholas Leonard
                                            Attorneys for Plaintiffs

20

21   DATED:  April ____, 2024            **PACKER, O'LEARY & CORSON**

22

23                                      BY: _____

24                                          Robert B. Packer
                                            John Aitelli
25                                          Attorneys for Defendant
                                            Dignity Community Care dba California
26                                          Hospital Medical Center

27

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION

1  additional 90 days in the interest of stewardship while the Ninth Circuit decision is pending;

2      2.    That during this stay, no discovery will occur and this court may defer assigning a

3  trial date, if the court so approves; and

4      3.    That following the additional 90-day period, the EISNER defendants will seek to

5  remove their part of the case to Federal court if there is no disposition by the Ninth Circuit court

6  by that time on the immunity issue;

7

8  DATED: April 29, 2024                    **KELLY, TROTTER & FRANZEN LLP**

9

10

11                                         BY: _____
                                               John Kelly, Esq.
12                                             Betsey Jeffrey, Esq.
                                               Attorneys for Defendants
13                                             Catherine L. Jacobs, CNM, Kendra L.
                                               Segura, M.D., and Eisner Health
14

15  DATED: April 30__, 2024                 **IKUTA HEMESATH LLP**

16

17

18                                         BY: _____
                                               Nicholas Leonard
19                                             Attorneys for Plaintiffs

20

21  DATED: April ____, 2024                 **PACKER, O'LEARY & CORSON**

22

23                                         BY: _____
24                                             Robert B. Packer
                                               John Aitelli
25                                             Attorneys for Defendant
                                               Dignity Community Care dba California
26                                             Hospital Medical Center

27

28

STIPULATION AND [PROPOSED] ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION

1    additional 90 days in the interest of stewardship while the Ninth Circuit decision is pending;

2      2.     That during this stay, no discovery will occur and this court may defer assigning a

3    trial date, if the court so approves; and

4      3.     That following the additional 90-day period, the EISNER defendants will seek to

5    remove their part of the case to Federal court if there is no disposition by the Ninth Circuit court

6    by that time on the immunity issue;

7

8    DATED: April 29, 2024         **KELLY, TROTTER & FRANZEN LLP**

9

10

11                          BY: _____

                               John Kelly, Esq.

12                               Betsey Jeffrey, Esq.

                              Attorneys for Defendants

13                               Catherine L. Jacobs, CNM, Kendra L.

                              Segura, M.D., and Eisner Health

14

15    DATED: April ____, 2024        **IKUTA HEMESATH LLP**

16

17

18                          BY: _____

                               Nicholas Leonard

19                               Attorneys for Plaintiffs

20

21    DATED: April _19_, 2024        **PACKER, O'LEARY & CORSON**

22

23

24                          BY: _____

                               Robert B. Packer

25                               John Aitelli

                              Attorneys for Defendant

26                               Dignity Community Care dba California

                              Hospital Medical Center

27

28

1

**[~~PROPOSED~~] ORDER**

2

IT IS HEREBY ORDERED that the 90-day voluntary stay on discovery or other actions

3

inherent to litigation that was previously granted, which will expire on May 17, 2024, will be extended

4

for an additional 90 days, which will expire on _____.

5

IT IS SO ORDERED.

6

7

DATED: ___05/05/2024_____          _____

JUDGE OF THE SUPERIOR COURT

8

Rolf M. Treu / Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On April 30, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

**STIPULATION AND PROPOSED ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION**

☐    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒    **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on April 30, 2024, at Long Beach, California.

Valerie Q. Plotkin

## PROOF OF SERVICE LIST

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH, LLP<br>1327 North Broadway<br>Santa Ana, CA 92706 | *Attorneys for Plaintiffs*<br>*VERONICA PAZ AGUILAR and*<br>*ERNESTO ZEPEDA CORDOBA*<br>Office: (949) 229-5654<br>Fax: (949) 203-2162<br>Email:<br>nick@ih-llp.com<br>Service@ih-llp.com<br>Paria@ih-llp.com<br>rosa@ih-llp.com<br>angie@ih-llp.com |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 1025<br>Glendale, CA 91203 | *Attorneys for Defendant*<br>*DIGNITY COMMUNITY CARE*<br>*dba CALIFORNIA HOSPITAL*<br>*MEDICAL CENTER*<br>Office: (818) 796-4100<br>Fax: (818) 496-4920<br>Email:<br>jaitelli@poc-law.com<br>hgray@poc-law.com<br>simm@poc-law.com |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036 | *Attorneys for Defendants*<br>*EISNER HEALTH, KENDRA L.*<br>*SEGURA, M.D. and CATHERINE*<br>*L. JACOBS, CNM*<br>Office: (202) 466-8960<br>Fax: (202) 293-8103<br>Email:<br>mfreedus@feldesmantucker.com<br>kzimbro@feldesmantucker.com |

STIPULATION AND [PROPOSED] ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                                    May 6, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                                   2:37 PM
**JACOBS, , CNM, et al.**

| | |
|---|---|
| Judge: Honorable Rolf M. Treu | CSR: None |
| Judicial Assistant: M. Y. Carino | ERM: None |
| Courtroom Assistant: D. Ortiz | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Entry of Order on Stipulation and Order to Extend Temporary
Voluntary Stay of Action

Judge Timothy Patrick Dillon is on a temporary reassignment. Retired Judge Rolf M. Treu is
assigned to hear all proceedings for Department 73.

The court reviews, considers and approves the Stipulation and Order to Extend Temporary
Voluntary Stay of Action submitted by defendants. On the Court's own motion, the Case
Management Conference scheduled for 05/21/2024 is advanced to this date and continued to
08/16/2024 at 08:30 AM in Department 73 at Stanley Mosk Courthouse.

The order is signed, filed and an electronic copy of the signed order is returned to moving party
via e-filing service provider.

Counsel for defendants is to give notice. Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 05/06/2024 David W. Slayton, Executive Officer / Clerk of Court By: _____ M. Carino _____ Deputy |
| PLAINTIFF/PETITIONER: Veronica Paz Aguilar et al | |
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, , CNM, et al. | |

| **CERTIFICATE OF MAILING** | CASE NUMBER: 23STCV01190 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Entry of Order on Stipulation and ...) of 05/06/2024 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

John Kelly
Kelly, Trotter & Franzen, a Law Corporation
111 West Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/7/2024

By: M. Carino
Deputy Clerk

**CERTIFICATE OF MAILING**

1  **KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
**Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  jckelly@kellytrotter.com / bjjeffery@kellytrotter.com

**Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L.**
6  **JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/08/2024 12:26 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Sanchez, Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

| 11 | VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, | CASE NO.: 23STCV01190 |
|---|---|---|
| 12 | | **NOTICE OF ENTRY OF ORDER** |
| 13 | Plaintiffs, | **ON STIPULATION TO EXTEND** |
| 14 | vs. | **TEMPORARY VOLUNTARY STAY OF ACTION AND CONTINUANCE OF** |
| 15 | CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; | **CASE MANAGEMENT CONFERENCE** |
| 16 | CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 | ASSIGNED FOR ALL PURPOSES TO: JUDGE: ROLF M. TREU DEPARTMENT: 73 |
| 17 | through 100, Inclusive, | |
| 18 | Defendants. | Complaint Filed:    January 19, 2023 Trial Date:          None |

19

20  TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD HEREIN:

21          PLEASE TAKE NOTICE that the court issued an Order re: Notice of Entry of Order on

22  Stipulation and Order to Extend Temporary Voluntary Stay of Action on May 6, 2024 (copy

23  attached), as follows:

24          1.  Judge Timothy Patrick Dillon is on a temporary reassignment.  Retired Judge Rolf M.

25              Treu is assigned to hear all proceedings for Department 73.

26          2.  The court reviewed, considered and approved the Stipulation and Order to Extend

27              Temporary Voluntary Stay of Action submitted by defendants. On the court's own

28              motion, the Case Management Conference scheduled for May 21, 2024, was

E:\44\7077-01\PLDG\NOE ORDER ON STIP TO STAY ACTION002.Docx                                    1

1    continued to August 16, 2024, at 8:30 a.m. in Department 73 at Stanley Mosk

2    Courthouse.

3       3.  The order was signed, filed and an electronic copy of the signed order was returned to

4    moving party via e-filing service provider.

5       4.  Counsel for defendants is to give notice.

6    A copy of the court's Minute Order dated May 6, 2024, is attached hereto.

7

8    DATED:  May 8, 2024                  KELLY, TROTTER & FRANZEN

9

10    By: _____

11    JOHN C. KELLY
      BETSEY J. JEFFERY

12    Attorneys for Defendants,
      EISNER HEALTH, KENDRA L. SEGURA,

13    M.D. and CATHERINE L. JACOBS, CNM

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\44\7077-01\PLDG\NOE ORDER ON STIP TO STAY ACTION002.Docx             2

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF
ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                                May 6, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                              2:37 PM
**JACOBS, , CNM, et al.**

Judge: Honorable Rolf M. Treu                    CSR: None
Judicial Assistant: M. Y. Carino                 ERM: None
Courtroom Assistant: D. Ortiz                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Entry of Order on Stipulation and Order to Extend Temporary
Voluntary Stay of Action

Judge Timothy Patrick Dillon is on a temporary reassignment. Retired Judge Rolf M. Treu is
assigned to hear all proceedings for Department 73.

The court reviews, considers and approves the Stipulation and Order to Extend Temporary
Voluntary Stay of Action submitted by defendants. On the Court's own motion, the Case
Management Conference scheduled for 05/21/2024 is advanced to this date and continued to
08/16/2024 at 08:30 AM in Department 73 at Stanley Mosk Courthouse.

The order is signed, filed and an electronic copy of the signed order is returned to moving party
via e-filing service provider.

Counsel for defendants is to give notice. Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Veronica Paz Aguilar  et al

DEFENDANT/RESPONDENT:
Catherine L. Jacobs, , CNM, et al.

**FILED**
Superior Court of California
County of Los Angeles

05/06/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV01190 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Entry of Order on Stipulation and ...) of 05/06/2024 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

John Kelly
Kelly, Trotter & Franzen, a Law Corporation
111 West Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/7/2024                    By: M. Carino _____
                                         Deputy Clerk

**CERTIFICATE OF MAILING**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On May 8, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

**NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on May 8, 2024, at Long Beach, California.

Valerie Q. Plotkin

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE

1

## **PROOF OF SERVICE LIST**

2

RE:  AGUILAR V. EISNER HEALTH; LASC CASE NO.: 23STCV01190

3

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

4

IKUTA HEMESATH, LLP
1327 North Broadway

5

Santa Ana, CA 92706

6

7

8

*Attorneys for Plaintiffs*
*VERONICA PAZ AGUILAR and*
*ERNESTO ZEPEDA CORDOBA*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com
Service@ih-llp.com
Paria@ih-llp.com
rosa@ih-llp.com
angie@ih-llp.com

9

Robert B. Packer, Esq.
John Aitelli, Esq.

10

PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025

11

Glendale, CA 91203

12

13

14

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:
jaitelli@poc-law.com
hgray@poc-law.com
simm@poc-law.com

15

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP

16

1129 20th Street, NW, Suite 400
Washington, DC 20036

17

18

19

*Attorneys for Defendants*
*EISNER HEALTH, KENDRA L.*
*SEGURA, M.D. and CATHERINE*
*L. JACOBS, CNM*
Office: (202) 466-8960
Fax: (202) 293-8103
Email:
mfreedus@feldesmantucker.com
kzimbro@feldesmantucker.com

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF
ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE

**CM-110**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**<br>NAME: John Aitelli, Esq.   STATE BAR NUMBER: 122390<br>FIRM NAME: PACKER, O'LEARY & CORSON<br>STREET ADDRESS: 505 N. Brand Blvd., Suite1025<br>CITY: Glendale   STATE: CA   ZIP CODE: 91203<br>TELEPHONE NO.: (818) 796-4910   FAX NO.: (818) 796-4920<br>EMAIL ADDRESS: jaitelli@poc-law.com<br>ATTORNEY FOR (name): Deft. DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse |
| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.<br>DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. |

| | |
|---|---|
| **CASE MANAGEMENT STATEMENT**<br>**(Check one):**  [x] **UNLIMITED CASE**  [ ] **LIMITED CASE**<br>                         (Amount demanded        (Amount demanded is $35,000<br>                         exceeds $35,000)        or less) | CASE NUMBER:<br>23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 16, 2024    Time: 8:30:00 AM    Dept.: 73    Div.:    Room:

Address of court (if different from the address above):

[x]  **Notice of Intent to Appear by Telephone, by** (name): John Aitelli, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [x]  This statement is submitted by party (name): Defendant DIGNITY COMMUNITY CARE dba CALIFORNIA HOSPITAL
   b. [ ]  This statement is submitted **jointly** by parties (names): MEDICAL CENTER

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a.  The complaint was filed on (date):
   b. [ ]  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
       (1) [ ]  have not been served (specify names and explain why not):

       (2) [ ]  have been served but have not appeared and have not been dismissed (specify names):

       (3) [ ]  have had a default entered against them (specify names):

   c. [ ]  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a.  Type of case in [x] complaint  [ ] cross-complaint    (Describe, including causes of action):
       1. Medical Negligence
       2. Loss of Consortium

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
The appearing attorney will have a current copy of the firm's trial calendar available for the hearing.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 7-10

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☒ by the following:

a. Attorney: Robert B. Packer, Esq.

b. Firm: PACKER, O'LEARY & CORSON

c. Address: 505 N. Brand Blvd., Suite1025, Glendale, CA 91203

d. Telephone number: (818) 796-4100     f. Fax number: (818) 796-4920

e. Email address: rpacker@poc-law.com     g. Party represented: Deft. DIGNITY COMMUNITY CARE

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  VERONICA PAZ AGUILAR, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. [x] Insurance carrier, if any, for party filing this statement *(name):* CommonSpirit Health

b. Reservation of rights: [ ] Yes  [x] No

c. [ ] Coverage issues will significantly affect resolution of this case  *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy    [ ] Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to  [ ] consolidate  [ ] coordinate  will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[x] The party or parties expect to file the following motions before trial  *(specify moving party, type of motion, and issues):* Motion for Summary Judgment, Discovery Motions, if necessary. Motions in Limine.

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [x] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Dignity Community Care | Written Discovery | Per Code |
| Defendant, Dignity Community Care | Subpoena of Medical Records | Per Code |
| Defendant, Dignity Community Care | Deposition of Plaintiff | Per Code |
| Defendant, Dignity Community Care | Additional Written Discovery | Per Code |
| Defendant, Dignity Community Care | Expert Discovery | Per Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated  *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-bb0

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR, et al.<br>DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

**17. Economic litigation**

    a.    This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b.    This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a.    X    The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b.    After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 30, 2024

John Aitelli, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

Additional signatures are attached.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 505 North Brand Boulevard, Suite 1025 Glendale, CA 91203.

5

6      On _July 30, 2024, I served the foregoing document described as:

7

**CASE MANAGEMENT STATEMENT**

8      on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

9

**SEE ATTACHED MAILING LIST**

10

[  ]  BY MAIL:

11      [  ]      I deposited such envelope in the mail at Glendale, California.  The envelope was mailed with postage thereon fully prepaid.

12      [  ]      As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14      Executed on July 30, 2024, at Glendale, California.

15

16      [  ]  BY FACSIMILE:

17      [  ]      In addition to service by mail, I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown below.

Executed on July 30, 2024, at Glendale, California.

18      [X]  BY ELECTRONIC MAIL:

19      The foregoing document(s) was transmitted to the interested parties thorough electronic transmission, to the email addressed listed below (CCP §1010.6 (a), CRC 2.251).

20

21      [  ]  BY PERSONAL SERVICE:

I delivered such envelope by hand to the offices of the addressee.

Executed on July 30, 2024, at Glendale, California.

22

23      [X]  (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24      [  ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26

27      _____
DAVID M. FERRELL

28

1

## SERVICE LIST

2 Re: <u>Veronica Paz Aguilar, et al. v. Catherine L. Jacobs, CNM, et al.</u>
      Case No.: 23STCV01190

3

4 Benjamin T. Ikuta, Esq.
  Nicholas J. Leonard, Esq.
5 IKUTA HEMESATH LLP
  1327 North Broadway
6 Santa Ana, CA 92706
  (949) 229-5654 Telephone
7 (949) 203-2162 Facsimile
  E: nick@ih-llp.com
8 E: angie@ih-llp.com
  E: service@ih-llp.com
9
  **Attorneys for Plaintiffs,**
10 **VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA**

11 John C. Kelly, Esq.
   Betsey J. Jeffery, Esq.
12 **KELLY, TROTTER & FRANZEN**
   111 W. Ocean Boulevard, 14th Floor
13 P.O. Box 22636
   Long Beach, CA 90801
14 Telephone: (562) 432-5855
   Facsimile: (562) 432-8785
15 E: jckelly@kellytrotter.com
   E: bjjeffrey@kellytrotter.com
16 E: gestevez@kellytrotter.com
   E: mfreedus@feldesmantucker.com
17
   ***Attorneys for Defendants,***
18 **CATHERINE L. JACOBS, CNM,**
   **KENDRA L. SEGURA, M.D. and**
19 **EISNER HEALTH**

20

21

22

23

24

25

26

27

28

7

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER:
NAME: Benjamin T. Ikuta, Esq. (#260878); Nicholas J. Leonard, Esq. (#260322)
FIRM NAME: IKUTA HEMESATH LLP
STREET ADDRESS: 1327 North Broadway
CITY: Santa Ana                    STATE: CA    ZIP CODE: 92706
TELEPHONE NO.: (949) 229-5654        FAX NO.: (949) 203-2162
EMAIL ADDRESS: nicholas@ih-llp.com; service@ih-llp.com
ATTORNEY FOR (name): Plaintiff Veronica Paz-Aguilar

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR
DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [ X ] **UNLIMITED CASE** (Amount demanded exceeds $35,000)    [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 16, 2024        Time: 8:30:00 AM    Dept.: 73        Div.:            Room:

Address of court *(if different from the address above):*

[ X ]  **Notice of Intent to Appear by Telephone,** by *(name):* Nicholas J. Leonard

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [ X ]  This statement is submitted by party *(name):* Plaintiff Veronica Paz Aguilar
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*  January 19, 2023
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ X ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]  have had a default entered against them *(specify names):*

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [ X ] complaint  [ ] cross-complaint    *(Describe, including causes of action):*
      Complaint for Damages for (1) Medical Negligence; and (2) Loss of Consortium.

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2024] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*
Veronica Paz Aguilar presented to Defs for treatment for her pregnancy on 1/20/22, where they failed to provide proper care. She was negligently discharged, and Defs failed to urgently deliver her baby boy, ascertain her bile acid level, obtain proper laboratory testing, and failed to provide her with proper follow up care. On 1/23/22, she delivered a nonviable baby. Ernesto Zepeda Cordoba has a claim for loss of consortium.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See Attachment 6.c.

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. ☒ days *(specify number):* 10

b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                                    f. Fax number:

e. Email address:                                        g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**

☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(6) and (b)(8)

**CM-110**

| PLAINTIFF/PETITIONER:  VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [x] | [x] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [x] | [x] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR<br>DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | CASE NUMBER:<br>23STCV01190 |
|---|---|

11. **Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b. Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 13a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

  a. ☐ The party or parties have completed all discovery.

  b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiffs | Written Discovery | Fall 2024 |
| Plaintiffs | Witness/Party Depositions | Winter 2025 |
| Plaintiffs | Expert Discovery | Per Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: VERONICA PAZ AGUILAR | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CATHERINE L. JACOBS, CNM, et al. | 23STCV01190 |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

The parties stipulated to a Stay that expires 8/15/2024. Plaintiff is prepared to proceed with litigation at this time but understands Defendant Eisner Health will likely seek to extend the Stay.

19. **Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____2_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 30, 2024

Nicholas J. Leonard
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| *Veronica Paz Aguilar v Catherine L. Jacobs, CNM, et al.* | 23STCV01190 |

**ATTACHMENT 6C**

| Trial Date | MSC/FSC | Court | Dept |
|---|---|---|---|
| **9/23/24, 10:00 a.m.** | TRC: 9/19/24, 9:00 | San Bernardino | S23 |
| **10/7/24, 9:00 a.m.** | MSC :  9/6/24, 9 am | Orange County | C33 |
| **10/7/24, 9:00 a.m.** | | OCSC (CJC) | C23 |
| **10/14 – 10/18/24** | Status Conf – 3/7/24 | ARB | |
| **10/21/24, 9:30 a.m.** | FSC: 10/11/24, 9:00 a.m. | LASC (Mosk) | 54 |
| **10/21/24, 8:30** | 10/18/24, 8:30 | LASC (Long Beach) | S-27 |
| **11/4/24, 8 a.m. (7 days)** | MSC:  10/9/24; TRC - 10/31/24, 1:30 | Butte | 1 |
| **12/2/24, 9:00 a.m.** | | OCSC | C 13 |
| **12/16/24, 1:30** | MSC: 10/14/24, 10:00 | Ventura | 43 |
| **1/13/25, 9:00 a.m.** | FSC:    1/6/25, 9:00 | LASC (Compton) | A |
| **1/13/25, 10 am** | FSC:  1/3/25, 9 am | LASC (Van Nuys) | U |
| **1/27/25, 9:30 am** | FSC:  1/13/25, 9:30 am MSC:  12/10/24, 8:30 am | Los Angeles (Norwalk) | F |
| **1/27/25, 9:00 a.m.** | MSC: 12/6/24, 9:00 | OCSC | C20 |
| **2/10/25, 9:30 a.m.** | FSC:  2/3/25, 9 am | LASC (Santa Monica) | M |
| **2/19/25, 10:00** | FSC: 2/13/25, 10:00 | LASC (Torrance) | M |
| **3/3/25, 9 am** | | OCSC | C21 |
| **3/3/25, 9:00 a.m.** | | OCSC (Central) | C13 |
| **3/10/25, 9:00** | | OCSC (Central) | C24 |
| **3/18/25, 8:45 am** | MSC – 1/27/25, 1:30 pm | Shasta | 63 |
| **4/1/25, 9:00 a.m.** | | OCSC (North) | N18 |

| SHORT TITLE:<br>*Veronica Paz Aguilar v Catherine L. Jacobs, CNM, et al.* | | CASE NUMBER:<br>23STCV01190 |
|---|---|---|

| | | | |
|---|---|---|---|
| **4/14/25, 10:30 am** | | OCSC | N15 |
| **4/21/25, 10:00** | FSC: 4/14/25, 9:30 | LASC<br>(Santa Monica) | O |
| **5/5/25, 9 am** | | Judicate West<br>(Downtown LA) | |
| **5/5/25, 8:30 a.m.** | FSC:   4/21/25, 8:30 | LASC<br>(Mosk) | 73 |
| **5/16/25, 11:30<br>(Trial Call)** | | OCSC<br>(Westminster) | W-2 |
| **5/19/25, 9 a.m.** | PTC – 5/7/25, 9:30 am<br>MSC – 4/17/25, 9 am | Alameda | 512 |
| **6/23/25, 9:00 a.m.** | Pretrial Conf – 6/11/25,<br>2:30 pm | Alameda | 517 |
| **6/30/25, 9:00 a.m.** | FSC: 6/24/25, 9:00 | LASC<br>(Stanley Mosk) | 58 |
| **6/30/25, 9:00 a.m.** | | OCSC | C24 |
| **7/7/2025, 10:00 a.m.** | TRC: 7/3/2025 | San Bernardino<br>(Rancho Cucamonga) | R17 |
| **7/21/25, 10 am (10-12 days)** | FSC:  7/11/25, 9 am | LASC | B |
| **7/21/25, 9 am (8<br>days)** | FSC:  7/11/25, 1:30 pm<br>MSC:  6/27/25, 9 am | Kern County | T-2 |
| **7/28/25, 9:00 a.m.** | | OCSC (West) | W-15 |
| **8/11/25** | CTC – 8/1/25, 8:30 am<br>MSC – 7/25/25, 8:30 am | Placer County | Dept. TBD |
| **8/11/25, 10 am** | TRC – 8/7/25, 9 am | San Bernardino | S23 |
| **10/6/25, 8:30 am** | TRC – 10/2/25, 8:30 am | San Bernardino | S22 |
| **7/27/2026** | | Ventura | 41 |
| | | | |
| | | | |
| | | | |
| | | | |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

I am over the age of 18, employed in the County of Sacramento, State of California, and not a party to the within action. My business address is 3626 Fair Oaks Blvd., Suite 100, Sacramento, CA 95864. My email address is joani@ih-llp.com.

On July 30, 2024, I served the foregoing document(s) described as **PLAINTIFF'S CASE MANAGEMENT STATEMENT** on the party or parties named below as follows:

Robert B. Packer, Esq.
John Aitelli, Esq.
PACKER, O'LEARY & CORSON
505 North Brand Blvd., Suite 1025
Glendale, CA 91203
Tel: (818) 796-4100

Attorneys for Defendant
DIGNITY COMMUNITY CARE dba
CALIFORNIA HOSPITAL MEDICAL
CENTER

Emails:
rpacker@poc-law.com
jaitelli@poc-law.com
hgray@poc-law.com (Heidi Gray)
simm@poc-law.com (Sarah Imm)

John C. Kelly, Esq.
Betsey J. Jeffery, Esq.
KELLY, TROTTER & FRANZEN
111 West Ocean Blvd., 14th Floor
P.O. Box 22636
Long Beach, CA 90801-5636
Tel: (562) 432-5855

Attorneys for Defendants
EISNER HEALTH; KENDRA L. SEGURA,
M.D.; and CATHERINE L. JACOBS, CNM

Emails:

jckelly@kellytrotter.com
bjjeffery@kellytrotter.com
gestevez@kellytrotter.com (George Estevez)
vplotkin@kellytrotter.com (Valerie Plotkin)

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 466-8960
Email: mfreedus@feldesmantucker.com

Attorneys for Defendants
EISNER HEALTH; KENDRA L. SEGURA,
M.D.; and CATHERINE L. JACOBS, CNM
*Pro Hac Vice Counsel*

☒     BY ELECTRONIC MAIL: The above-described document(s) were sent by e-mail transmission to the email addresses listed on the service list pursuant to Code of Civil Procedure section 1010.6.(e)(1).

☒     STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 30, 2024 at Sacramento, California.

By:  Joani Wise

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 125609 / 134650 | FOR COURT USE ONLY |
|---|---|---|

NAME: John C. Kelly / Betsey J. Jeffery
FIRM NAME: Kelly, Trotter & Franzen
STREET ADDRESS: P.O. Box 22636
CITY: Long Beach          STATE: CA      ZIP CODE: 90801
TELEPHONE NO.: 5624325855      FAX NO.: 5624328785
EMAIL ADDRESS: jckelly@kellytrotter.com / bjjeffery@kellytrotter.com
ATTORNEY FOR (name): Eisner Health; Kendra L. Segura, MD; Catherine L. Jacobs, CNM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/01/2024 2:49 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Saxon, Deputy Clerk**

PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al.
DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):**  [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000)   [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 23STCV01190 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 16, 2024       Time: 8:30 a.m.       Dept.: 73       Div.:       Room:

Address of court (if different from the address above):

[X]  **Notice of Intent to Appear by Telephone, by** (name): Betsey J. Jeffery

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Eisner Health, Kendra L. Segura, M.D. and Catherine L. Jacobs, CNM
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in  [X] complaint      [ ] cross-complaint       (Describe, including causes of action):
      1. MEDICAL NEGLIGENCE; 2. LOSS OF CONSORTIUM

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

Westlaw Doc & Form Builder~

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER |
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

4. b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief).*

   See plaintiffs' statement of the case.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

   The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial).* The CMC is premature given the pending Motion for Certification and Substitution. Defendants filed this statement in observance of court rules, without waiving the merits of said motion, and will appear at the CMC.

6. **Trial date**

   a.  ☐  The trial has been set for *(date)*:

   b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

   See Attachment hereto.

7. **Estimated length of trial**

   The party or parties estimate that the trial will take *(check one)*

   a.  ☒ days *(specify number)*: 7-10

   b.  ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*

   The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:

   a.  Attorney:

   b.  Firm:

   c.  Address:

   d.  Telephone number:                                   f.  Fax number:

   e.  Email address:                                      g.  Party represented:

   ☐  Additional representation is described in Attachment 8.

9. **Preference**

   ☐  This case is entitled to preference *(specify code section)*:

10. **Alternative dispute resolution (ADR)**

   a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1)  For parties represented by counsel: Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

   b.  **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for  *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for  *(date)*:<br>☐ Agreed to complete neutral evaluation by  *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for  *(date)*:<br>☐ Agreed to complete judicial arbitration by  *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for  *(date)*:<br>☐ Agreed to complete private arbitration by  *(date)*:<br>☐ Private arbitration completed on  *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for  *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

**11. Insurance**

a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Hudson Insurance Group

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Motion to Disqualify plaintiffs' counsel
Motion for Summary Judgment
Possible motion for stay/motion to remove

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery).*

| Party | Description | Date |
|---|---|---|
| Eisner Health, et al. | Initial discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of plaintiffs | Per Code |
| Eisner Health, et al. | Further discovery to plaintiffs | Per Code |
| Eisner Health, et al. | Depositions of witnesses | Per Code |
| Eisner Health, et al. | Expert discovery | Per Code |
| Eisner Health, et al. | Depositions of experts | Per Code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Veronica Paz Aguilar, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Catherine L. Jacobs, CNM, et al. | 23STCV01190 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. ☒ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*: Our request to extend temporary voluntary stay of action via stipulation and proposed order submitted on April 30, 2024.

20. Total number of pages attached *(if any)*: 5

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 31, 2024

John C. Kelly / Betsey J. Jeffery

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On August 1, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

### **CASE MANAGEMENT STATEMENT**

☐ **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐ **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐ **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐ **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒ **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on August 1, 2024, at Long Beach, California.

Valerie Q. Plotkin

1

**PROOF OF SERVICE LIST**

2

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

3

4

Benjamin T. Ikuta, Esq.
Nicholas J. Leonard, Esq.

5

IKUTA HEMESATH, LLP
1327 North Broadway

6

Santa Ana, CA 92706

*Attorneys for Plaintiffs*
*VERONICA PAZ AGUILAR and*
*ERNESTO ZEPEDA CORDOBA*
Office: (949) 229-5654
Fax: (949) 203-2162
Email:
nick@ih-llp.com

7

Service@ih-llp.com
Paria@ih-llp.com

8

rosa@ih-llp.com

9

angie@ih-llp.com

10

Robert B. Packer, Esq.
John Aitelli, Esq.

11

PACKER, O'LEARY & CORSON
505 N. Brand Blvd., Suite 1025

12

Glendale, CA 91203

*Attorneys for Defendant*
*DIGNITY COMMUNITY CARE*
*dba CALIFORNIA HOSPITAL*
*MEDICAL CENTER*
Office: (818) 796-4100
Fax: (818) 496-4920
Email:

13

jaitelli@poc-law.com

14

hgray@poc-law.com
simm@poc-law.com

15

16

Matthew S. Freedus, Esq.
FELDESMAN TUCKER LEIFER FIDELL LLP
1129 20th Street, NW, Suite 400

17

Washington, DC 20036

*Attorneys for Defendants*
*EISNER HEALTH, KENDRA L.*
*SEGURA, M.D. and CATHERINE*
*L. JACOBS, CNM*
Office: (202) 466-8960
Fax: (202) 293-8103
Email:

18

19

mfreedus@feldesmantucker.com
kzimbro@feldesmantucker.com

20

21

22

23

24

25

26

27

28

Electronically Received 08/05/2024 09:15 AM

1    **KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
2    **BETSEY J. JEFFERY (SBN 134650)**
**111 West Ocean Boulevard, 14th Floor**
3    **Post Office Box 22636**
**Long Beach, California 90801-5636**
4    **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5    **jckelly@kellytrotter.com / bjjeffery@kellytrotter.com**
6    **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, | CASE NO.:  23STCV01190 |
| 12 | **STIPULATION AND [PROPOSED]** |
| 13              Plaintiffs, | **ORDER TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION** |
| 14         vs. | |
| 15  CATHERINE L. JACOBS, CNM; KENDRA L. SEGURA, M.D.; EISNER HEALTH; | ASSIGNED FOR ALL PURPOSES TO: JUDGE:  TIMOTHY PATRICK DILLON DEPARTMENT: 73 |
| 16  CALIFORNIA HOSPITAL MEDICAL CENTER; DIGNITY COMMUNITY CARE; and DOES 1 | Complaint Filed:    January 19, 2023 |
| 17  through 100, Inclusive, | Trial Date:            None |
| 18              Defendants. | |

19

20           Plaintiff VERONICA PAZ AGUILAR[1] and defendants, CATHERINE L. JACOBS, CNM;

21   KENDRA L. SEGURA, M.D.; EISNER HEALTH; CALIFORNIA HOSPITAL MEDICAL

22   CENTER; and DIGNITY COMMUNITY CARE, by and through their attorneys of record, do

23   hereby stipulate as follows:

24                                **STIPULATION**

25           Whereas, this is a personal injury case alleging obstetric negligence for events occurring

26   on or about January 23, 2022.

27           Whereas, this matter was filed on or about January 19, 2023.

28
---
[1] Plaintiff Ernesto Zepeda Cordoba was voluntarily dismissed, thereby disposing of the loss of consortium cause of action.

1

FILED
Superior Court of California
County of Los Angeles
08/08/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ M. Carino _____ Deputy

1  **KELLY, TROTTER & FRANZEN**
   **JOHN C. KELLY (SBN 125609)**
2  **BETSEY J. JEFFERY (SBN 134650)**
   **111 West Ocean Boulevard, 14th Floor**
3  **Post Office Box 22636**
   **Long Beach, California 90801-5636**
4  **Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785**
5  **jckelly@kellytrotter.com / bjjeffery@kellytrotter.com**

6  **Attorneys for Defendants, EISNER HEALTH, KENDRA L. SEGURA, M.D. and CATHERINE L. JACOBS, CNM**

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/12/2024 3:45 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11 | VERONICA PAZ AGUILAR and ERNESTO ZEPEDA CORDOBA, | CASE NO.: 23STCV01190 |

12                                                   **NOTICE OF ENTRY OF ORDER ON**
                Plaintiffs,                          **STIPULATION TO EXTEND**
13                                                   **TEMPORARY VOLUNTARY STAY**
          vs.                                        **OF ACTION AND CONTINUANCE OF**
14                                                   **CASE MANAGEMENT CONFERENCE**

15 CATHERINE L. JACOBS, CNM; KENDRA L.
   SEGURA, M.D.; EISNER HEALTH;               ASSIGNED FOR ALL PURPOSES TO:
16 CALIFORNIA HOSPITAL MEDICAL CENTER;        JUDGE: TIMOTHY PATRICK DILLON
   DIGNITY COMMUNITY CARE; and DOES 1         [INTERIM JUDGE: ROLF M. TREU]
17 through 100, Inclusive,                    DEPARTMENT: 73

18                Defendants.                 Complaint Filed:   January 19, 2023
                                              Trial Date:        None

19

20 TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD HEREIN:

21        PLEASE TAKE NOTICE that the court issued a Minute Order re: Notice of Entry of Order

22 on Stipulation and Order to Extend Temporary Voluntary Stay of Action on August 8, 2024 (copy

23 attached), as follows:

24        1.     Judge Timothy Patrick Dillon is on a temporary reassignment.  Retired Judge Rolf

25 M. Treu is currently assigned to hear all proceedings for Department 73.

26        2.     The court reviewed, considered and approved the Stipulation and Order to Extend

27 Temporary Voluntary Stay of Action submitted by defendants, EISNER HEALTH, et al. The

28 voluntary stay is extended for an additional 90 days and will expire on November 14, 2024.

3.      The Case Management Conference previously scheduled for August 16, 2024, was continued to December 3, 2024, at 8:30 a.m. in Department 73 at Stanley Mosk Courthouse.

4.      The order was signed, filed and an electronic copy of the signed order was returned to moving party via e-filing service provider.

5.      Counsel for defendants is to give notice.

6.      A copy of the court's Minute Order dated August 8, 2024, is attached hereto.


DATED:  August 12, 2024                    KELLY, TROTTER & FRANZEN

                                           By: _____
                                           JOHN C. KELLY
                                           BETSEY J. JEFFERY
                                           Attorneys for Defendants,
                                           EISNER HEALTH, KENDRA L. SEGURA,
                                           M.D. and CATHERINE L. JACOBS, CNM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 73

**23STCV01190**                                                                        August 8, 2024
**VERONICA PAZ AGUILAR, et al. vs CATHERINE L.**                                          4:30 PM
**JACOBS, , CNM, et al.**

Judge: Honorable Rolf M. Treu                 CSR: None
Judicial Assistant: M. Y. Carino              ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:**
Court Order Re: Notice of Entry of Order on Stipulation and Order to Extend Temporary
Voluntary Stay of Action

Judge Timothy Patrick Dillon is on a temporary reassignment. Retired Judge Rolf M. Treu is
assigned to hear all proceedings for Department 73.

The court reviews, considers and approves the Stipulation and Order to Extend Temporary
Voluntary Stay of Action submitted by defendants. The voluntary stay is extended for an
additional 90 days and will expire on 11/14/2024.

Pursuant to written stipulation, the Case Management Conference scheduled for 08/16/2024 is
advanced to this date and continued to 12/03/2024 at 08:30 AM in Department 73 at Stanley
Mosk Courthouse.

The stipulation and order is signed, filed and an electronic copy of the signed order is returned to
moving party via e-filing service provider.

Counsel for defendants is to give notice. Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Veronica Paz Aguilar  et al

DEFENDANT/RESPONDENT:
Catherine L. Jacobs, , CNM, et al.

**FILED**
Superior Court of California
County of Los Angeles

08/08/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ M. Carino _____ Deputy

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23STCV01190 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Entry of Order on Stipulation and ...) of 08/08/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

John Kelly
Kelly, Trotter & Franzen, a Law Corporation
111 West Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/9/2024                    By:  M. Carino _____
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is vplotkin@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636. On August 12, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

**NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE**

☐  **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

☐  **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

☐  **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

☐  **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

☒  **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on August 12, 2024, at Long Beach, California.

_____
Valerie Q. Plotkin

**PROOF OF SERVICE LIST**

RE:  AGUILAR V. EISNER HEALTH
LASC CASE NO.: 23STCV01190

| | |
|---|---|
| Benjamin T. Ikuta, Esq.<br>Nicholas J. Leonard, Esq.<br>IKUTA HEMESATH, LLP<br>1327 North Broadway<br>Santa Ana, CA 92706 | *Attorneys for Plaintiffs*<br>*VERONICA PAZ AGUILAR and*<br>*ERNESTO ZEPEDA CORDOBA*<br>Office: (949) 229-5654<br>Fax: (949) 203-2162<br>Email:<br>nick@ih-llp.com<br>Service@ih-llp.com<br>Paria@ih-llp.com<br>rosa@ih-llp.com<br>angie@ih-llp.com |
| Robert B. Packer, Esq.<br>John Aitelli, Esq.<br>PACKER, O'LEARY & CORSON<br>505 N. Brand Blvd., Suite 1025<br>Glendale, CA 91203 | *Attorneys for Defendant*<br>*DIGNITY COMMUNITY CARE*<br>*dba CALIFORNIA HOSPITAL*<br>*MEDICAL CENTER*<br>Office: (818) 796-4100<br>Fax: (818) 496-4920<br>Email:<br>jaitelli@poc-law.com<br>hgray@poc-law.com<br>simm@poc-law.com |
| Matthew S. Freedus, Esq.<br>FELDESMAN TUCKER LEIFER FIDELL LLP<br>1129 20th Street, NW, Suite 400<br>Washington, DC 20036 | *Attorneys for Defendants*<br>*EISNER HEALTH, KENDRA L.*<br>*SEGURA, M.D. and CATHERINE*<br>*L. JACOBS, CNM*<br>Office: (202) 466-8960<br>Fax: (202) 293-8103<br>Email:<br>mfreedus@feldesmantucker.com<br>kzimbro@feldesmantucker.com |

NOTICE OF ENTRY OF ORDER ON STIPULATION TO EXTEND TEMPORARY VOLUNTARY STAY OF
ACTION AND CONTINUANCE OF CASE MANAGEMENT CONFERENCE

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My e-mail address is gestevez@kellytrotter.com and my business address is Post Office Box 22636, Long Beach, CA 90801-5636.  On October 9, 2024, I served a true and correct copy of the following document on the list of interested parties attached:

4

5

6

**DEFENDANTS EISNER HEALTH, CATHERINE JACOBS, C.N.M., KENDRA SEGURA, M.D.'S NOTICE OF REMOVAL PURSUANT TO 42 U.S.C. § 233(*l*)(2), and 28 U.S.C. § 1442**

7

8

☐   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

9

10

11

12

☐   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

13

14

15

16

☐   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

17

18

19

20

☐   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

21

22

☒   **Electronic Mail [CCP §1010.6(e)]:** By electronically mailing the document(s) listed above to the e-mail address(es) set forth above, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure Section 1010.6(e).

23

24

25

I declare under the penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

26

Executed on October 9, 2024, at Long Beach, California.

27

_____

28

George Estevez

21

NOTICE OF REMOVAL

1

## PROOF OF SERVICE LIST

2

RE: AGUILAR V. EISNER HEALTH

3

LASC CASE NO.: 23STCV01190

4

Benjamin T. Ikuta, Esq.                          *Attorneys for Plaintiffs*
Nicholas J. Leonard, Esq.                        *VERONICA PAZ AGUILAR and*

5

IKUTA HEMESATH, LLP                              *ERNESTO ZEPEDA CORDOBA*
1327 North Broadway                              Office: (949) 229-5654

6

Santa Ana, CA 92706                              Fax: (949) 203-2162
                                                 Email:

7

                                                 nick@ih-llp.com

8

                                                 Service@ih-llp.com
                                                 Paria@ih-llp.com

9

                                                 rosa@ih-llp.com
                                                 angie@ih-llp.com

10

11

Robert B. Packer, Esq.                           *Attorneys for Defendant*
                                                 *DIGNITY COMMUNITY CARE*

12

John Aitelli, Esq.
PACKER, O'LEARY & CORSON                         *dba CALIFORNIA HOSPITAL*
505 N. Brand Blvd., Suite 1025                   *MEDICAL CENTER*

13

Glendale, CA 91203                               Office: (818) 796-4100
                                                 Fax: (818) 496-4920

14

                                                 Email:

15

                                                 jaitelli@poc-law.com
                                                 hgray@poc-law.com

16

                                                 simm@poc-law.com

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL