UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING THE UNITED STATES' MOTION TO REMAND [ECF 26]**

Before the Court is the United States' Motion to Remand (the "Motion"). ECF 26. The Court read and considered the moving, opposing, and reply papers and held a hearing on February 24, 2025. ECF 36. For the reasons stated herein, the Court **DENIES** the Motion.

## I.    BACKGROUND

Plaintiffs Veronica Paz Aguilar and Ernesto Zepeda Cordoba (collectively, "Plaintiffs") filed this medical malpractice suit in January 2023, in Los Angeles County Superior Court. ECF 1-1 (Compl.). Defendant Eisner Health ("Eisner") is a federally funded community "health center." Since 2007, it has operated a 24/7 on-call panel of physicians for hospital-based and emergency obstetrical and gynecological ("OBGYN") care at Defendant California Hospital Medical Center ("CHMC"). ECF 1-2 (Weinberg Decl.) ¶ 2, Ex. A. Eisner hired Defendants Kendra Segura, M.D., and Catherine Jacobs, CNM, as employees to staff the emergency OBGYN and related services at the time of the incident. ECF 1 ¶ 42; *see also* Weinberg Decl. ¶¶ 11-12, 14-15, Exs. J, K, M, N. Plaintiffs allege when Paz Aguilar presented to Defendants for treatment at CHMC on January 20, 2022, Defendants failed to provide proper treatment related to her pregnancy. Compl. ¶ 13. Specifically, she alleges that Defendants negligently discharged her without completing appropriate testing and without urgently delivering her baby on that date. *Id.* She delivered a stillborn child three days later. *Id.*

The Department of Health and Human Services ("HHS") deemed Eisner (and its officers, directors, and employees) employees of the Public Health Service ("PHS") for purposes of 42 U.S.C. § 233(a) for the 2021 and 2022 calendar years. Weinberg Decl. ¶ 4, Exs. C, D (ECF 1-2 at 117-122). Eisner was served with the Summons and Complaint on March 29, 2023, and Dr. Segura was served on March 22, 2023. ECF 1 at 21-26. A deemed entity is required to provide immediate notice of a lawsuit to HHS after that entity has been served. 42 U.S.C. § 233(b); 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

C.F.R. § 15.2(b). The government contends that Eisner, Segura, and Jacobs (collectively, "Eisner Defendants") did not do so here. ECF 26-1 (Chapman Decl.) ¶ 3. Instead, Plaintiffs' counsel informed HHS that Eisner Defendants had filed a motion for certification and substitution in state court on July 5, 2023. *Id.* ¶ 3, Ex. A; *see also* ECF 1-2.

The U.S. Attorney for the Central District of California, acting as the Attorney General's designee, (the "United States" or the "government") appeared in state court on July 19, 2023, pursuant to 42 U.S.C. § 233(*l*)(1), to advise the state court that whether Eisner Defendants were deemed PHS employees "with respect to the actions or omissions that are the subject of th[is lawsuit]" was "under consideration." Chapman Decl. ¶ 4, Ex. B. On April 17, 2024, the government sent a letter to Eisner Defendants' counsel informing them that their request for coverage was denied. *Id.* ¶ 5, Ex. C. That same day, the government provided an amended notice to the state court that Eisner Defendants "are *not* 'deemed' to be an 'employee of the [PHS]' for purposes of 42 U.S.C. § 233, with respect to the actions or omissions that are the subject of this civil action." *Id.* ¶ 6, Ex. D. The government had no further involvement in the state court action, and it was not served with any state court filings. *Id.* ¶ 7.

On October 9, 2024, six months after the filing of the amended notice, Eisner Defendants removed the case to federal court pursuant to 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442. ECF 1. They did not serve a copy of their Notice of Removal on the government. Chapman Decl. ¶ 7. Once more, the government received notice only through Plaintiffs. *Id.* On October 25, 2024, the government filed a Notice of Participation pursuant to 28 U.S.C. § 517, advising that it would move to remand this action to state court pursuant to 28 U.S.C. § 1447(c). ECF 21. The government filed the instant Motion on November 5, 2024. ECF 26. Eisner Defendants filed an Opposition on December 16, 2024. ECF 27. The government filed a Reply on December 20, 2024. ECF 28. The Court held a hearing on February 24, 2025, and thereafter took the Motion under submission. ECF 36.

## II.  DISCUSSION

### A.  Statutory Scheme

The Ninth Circuit has described the statutory and regulatory scheme surrounding 42 U.S.C. § 233 as "enormously complicated" and "hardly a model of clarity," *Blumberger v. Tilley*, 115 F.4th 1113, 1118, 1126 (9th Cir. 2024), and thus its interpretation must be approached "with caution," *id.* at 1126.

The PHS is a federal uniformed service within HHS. *Id.* at 1117. "When an employee of the PHS is sued for medical malpractice arising from acts or omissions within the scope of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

employment, the United States is substituted as the defendant, and the malpractice action proceeds against the government" under the Federal Tort Claims Act ("FTCA"). *Id.* (citing 42 U.S.C. § 233(a)). This remedy is "exclusive of any other civil action or proceedings," 42 U.S.C. § 233(a), and it "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment," *Hui v. Castaneda*, 559 U.S. 799, 806 (2010). To attract medical providers to federally funded community health centers, Congress passed the Federally Supported Health Centers Assistance Act (the "FSHCAA"). *See* 42 U.S.C. § 233(g)-(n). Under the FSHCAA, federally funded health centers and their employees can be "deemed" federal employees of the PHS for the purpose of malpractice liability. *Id.* § 233(g). "The immunity for deemed PHS employees is identical to the immunity for true PHS employees." *Blumberger*, 115 F.4th at 1117 (citing 42 U.S.C. § 233(g)(1)(A)). Thus, when a deemed community health center or its employees are sued for actions taken within the scope of their employment, "the United States is similarly substituted in as the defendant and the action proceedings as an FTCA suit." *Id.* (citing 42 U.S.C. § 233(a), (g)(1)(A)).

A federally funded health center "may file an application with the Secretary of HHS to be 'deemed an employee of the PHS.'" *Id.* at 1118 (citing 42 U.S.C. § 233(g)(1)(A), (D)); *see also* 42 U.S.C. § 233(h) (setting forth the deeming criteria). "Upon approval, the entity—along with its officers, board members, and employees—are deemed PHS employees for one calendar year." *Blumberger*, 115 F.4th at 1118 (citing 42 U.S.C. § 233(g)(1)(A)). "The Secretary's deeming determination is generally 'final and binding upon the Secretary and the Attorney General." 42 U.S.C. § 233(g)(1)(F). "The Secretary's prospective deeming decision, however, does not automatically immunize a covered entity or employee from a particular malpractice suit. Instead, to be eligible for FTCA immunity, the 'act or omission [giving] rise to the claim' must also have occurred while the defendant was 'acting within the scope of his office or employment.'" *Blumberger*, 115 F.4th at 1118 (quoting 42 U.S.C. § 233(a)). "Only then must the Attorney General defend a civil action against a deemed employee." *Id.* (citing 42 U.S.C. § 233(b)).

When "any person referred to in subsection (a)" is sued, he must deliver "all process served upon him . . . to his immediate superior or to whomever was designated by the Secretary to receive such papers." 42 U.S.C. § 233(b). Such notice shall be delivered "promptly." 28 C.F.R. § 15.2(b). The person to whom the defendant delivers that process must in turn "promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary." 42 U.S.C. § 233(b). After receiving notice of the proceeding, the Attorney General may certify "that a defendant was acting in the scope of his employment at the time of the incident out of which the suit arose." *Id.* § 233(c). "Upon making that certification, if the suit is filed in state court, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

Attorney General must remove the case to federal court, which he may do 'at any time before trial.'" *Blumberger*, 115 F.4th at 1119 (quoting 42 U.S.C. § 233(c)). On a timely motion to remand, the federal court "may hold a hearing as to whether the deemed employee was acting within the scope of his employment when he committed the allegedly tortious conduct." *Id.*

If the suit was filed in state court, the Attorney General "shall make an appearance" in state court "within 15 days" of receiving notice of the action. 42 U.S.C. § 233(*l*)(1). "At that appearance, the Attorney General must 'advise such court as to whether the Secretary has determined' that the entity or employee 'is deemed to be an employee of the [PHS] . . . with respect to the actions or omissions that are the subject of such civil action or proceeding." *Blumberger*, 115 F.4th at 1119 (quoting 42 U.S.C. § 233(*l*)(1)). "If the Attorney General notifies the state court that the Secretary has deemed the defendant a PHS employee with respect to the acts or omissions that gave rise to the suit, that advice 'satisf[ies] the provisions of subsection (c) that the Attorney General certify an entity[] . . . [or] employee . . . was acting within the scope of their employment or responsibility.'" *Id.* (quoting 42 U.S.C. § 233(*l*)(1)). "[A]n affirmative scope-of-employment certification under subsection (c) obligates the Attorney General to remove the case to federal court." *Id.* (citing 42 U.S.C. § 233(c)). "If the Attorney General fails to appear in State court within" 15 days, the case "shall be removed" to federal court "upon petition of any entity . . . [or] employee . . . of the entity." 42 U.S.C. § 233(*l*)(2). "In other words, if the Attorney General fails to make an appearance in state court, the defendant can remove the proceeding to federal court under subsection (*l*)(2) without action by the Attorney General." *Blumberger*, 115 F.4th at 1119. If the case is removed pursuant to subsection (*l*)(2), "the state court is deprived of jurisdiction, and the case is stayed until the federal court 'conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim.'" *Id.*

**B.    The Ninth Circuit's Opinion in *Blumberger*[1]**

The Ninth Circuit's recent opinion in *Blumberger v. Tilley*, 115 F.4th 1113, sheds light on the intricacies of 42 U.S.C. § 233 in an analogous context. In *Blumberger*, a doctor working at CHMC allegedly failed to provide proper medical care when delivering a baby. 115 F.4th at 1120. The patient filed a complaint in state court. *Id.* Within 15 days of receiving notice, the Attorney General appeared in state court, notifying the court that "whether [the defendant doctor] is deemed a [PHS] employee . . . with respect to the actions or omissions that are the subject of

---

[1] A petition for writ of certiorari to the Supreme Court was filed in *Blumberger* on April 9, 2025, seeking review of the Ninth Circuit's holdings in that case. Pet. for Writ of Cert., *Blumberger v. Tilley*, No. 24-1072 (Apr. 9, 2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

the [lawsuit], [wa]s *under consideration*." *Id.* (emphasis added). The Attorney General did not remove the case to federal court. *Id.* Approximately a year later, the Attorney General amended the notice stating that the defendant doctor "is *not* deemed to be an employee of the [PHS] . . . with respect to the actions or omissions that are subject of the [lawsuit]." *Id.* The defendant then removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1) and 42 U.S.C. § 233(*l*)(2). *Id.* On these facts, the Ninth Circuit considered, *inter alia*, whether "the Attorney General [was] required under § 233(*l*)(1) to inform the state court of the defendant's deemed status for [the relevant calendar year], such that the government was obligated to remove the case to federal court." *Id.* at 1126. The court held that "subsection (*l*)(1) requires the Attorney General to provide positive advice to the state court when the employee was deemed for the time period at issue and the lawsuit arises out of a class or category of medical conduct for which the employee was deemed." *Id.* at 1127.

In reaching this conclusion, the Ninth Circuit first examined "the distinction between the Secretary [of HHS]'s prospective *deeming* decision and the Attorney General's ex-post *coverage* determination." *Id.* (emphasis added). "Deemed" refers to "whether the Secretary has determined that a qualified entity's employees have PHS status for a 'calendar year,'" *id.* at 1128 (quoting 42 U.S.C. § 233(g)(1)(A)), whereas "covered" considers "whether the Attorney General has determined that a PHS employee was acting within the scope of his employment 'at the time of the incident out of which the suit arose,'" *id.* (quoting 42 U.S.C. § 233(c)). Based on this distinction, the Ninth Circuit clarified that § 233(*l*)(1) "obligates the Attorney General to report on the Secretary's *deeming* decision, not to report the Attorney General's *coverage* decision." *Id.* at 1129 (emphasis added). The court further found that because "deemed" is a "value-laden term in the context of the FSHCAA," *id.*, the "acts or omissions" referenced in subsection (*l*)(1) are "tethered to the class of services for which the employee was previously deemed," *id.* at 1130. "It is not a synonym for scope of employment but is instead a categorical, forward-looking phrase." *Id.* Lastly, "that the statute allots only 15 days for the Attorney General to make an appearance and give the required advice after receiving notice of the suit weighs against . . . [a] construction of § 233" requiring "a full-blown scope-of-employment assessment." *Id.* at 1133.

In sum, subsection (*l*)(1) is "a simple up-down certification" that "requires access to only two documents—the deeming notice issued by HHS and the complaint." *Id.* at 1133. The Ninth Circuit determined that because the Attorney General merely told the state court that the defendant's status was "under consideration," the Attorney General failed to meet the advice requirement of § 233(*l*)(1). *Id.* at 1139. "The Attorney General was obligated to advise the state court in the affirmative of [the defendant]'s deemed status with respect to the relevant actions or omissions, so it was also obligated to remove the case to federal court." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

### C. Application of *Blumberger*

Applying the reasoning in *Blumberger* here, the government proceeded incorrectly in this case. *See id.* at 1139; *see also L.J.C. v. Dignity Health*, No. 2:24-CV-04731 WLH (SKX), 2024 WL 4648147, at *3 (C.D. Cal. Oct. 31, 2024). Instead of merely stating that the status of Eisner Defendants was "under consideration," the Attorney General should have reviewed HHS's deeming notice and Plaintiffs' Complaint and informed the state court of the HHS Secretary's deeming designation. *L.J.C.*, 2024 WL 4648147, at *3 (citing *Blumberger*, 115 F.4th at 1133-34). Had the Attorney General reviewed the deeming notice and Complaint, the Attorney General would have observed that the HHS Secretary approved Eisner's deeming application for calendar years 2021 and 2022, Weinberg Decl. ¶ 4, Ex. D, and Plaintiffs' lawsuit arose out of conduct that was "medical" in nature during calendar year 2022, *see* Compl. ¶ 13. Thus, within the 15-day deadline, the Attorney General "was obligated to advise the state court in the affirmative" that Eisner Defendants had "deemed" status, *Blumberger*, 115 F.4th at 1139, and then remove the case to federal court, 42 U.S.C. § 233(c). "In most cases, the Attorney General is able to satisfy this removal requirement 'at any time before trial.'" *Blumberger*, 115 F.4th at 1139 (quoting 42 U.S.C. § 233(c)).

The question remains what the appropriate remedy is in this case to enforce the government's removal obligation. In *Blumberger*, the Ninth Circuit acknowledged that although the government's approach was "incorrect," "it is hard to fault the government; before our decision today, the advice requirement of § 233(*l*)(1) was subject to different interpretations, each one plausible." *Id.* But "[g]iven the significant time that has passed since the government should have advised the state court of [the defendant]'s deemed status," the Ninth Circuit chose to vacate the district court's order remanding the lawsuit to state court and remanded the case to the district court for further proceedings. *Id.* at 1139-40. In doing so, the court explicitly "decline[d] to consider whether [the defendant]'s removal under § 233(*l*)(2) was improper." *Id.* It also "decline[d] to consider whether the Attorney General's [initial] notice to the state court was so inadequate that we should consider the notice a failure to appear for purposes of § 233(*l*)(2)." *Id.* at 1140. "Nor d[id the court] decide whether even if § 233(*l*)(2) removal was available to him, [the defendant] was required to remove on that basis within 30 days of the government's deficient state-court notice." *Id.* (citing 28 U.S.C. § 1446(b)(3)).

The government argues that because the Attorney General appeared in the state court action, Eisner Defendants still had no right to remove the action pursuant to § 233(*l*)(2). ECF 26 at 13-16. Eisner Defendants respond that the government is "adhering to [its] pre-*Blumberger* position, despite the Ninth Circuit's expectation that [it] would discharge [its] obligations under [§] 233(*l*)(1) in 'good faith." ECF 27 at 8. Because the government has abdicated its duty to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

remove, they maintain that removal pursuant to 42 U.S.C. § 233(*l*)(2) was proper and Blumberger leaves "no doubt" that this Court has removal jurisdiction. *Id.* The Court is not convinced that either party accurately captures the current state of the law in this circuit. The government understates the remedy ordered in *Blumberger* in a near identical procedural posture. *See Blumberger*, 115 F.4th at 1139-40. Eisner Defendants ignore that the Ninth Circuit explicitly declined to expand a deemed defendant's right to removal pursuant to subsection (*l*)(2). *See id.* at 1140.

In any event, the Court need not reach whether Eisner Defendants' removal was proper pursuant to 42 U.S.C. § 233(*l*)(2) because, irrespective of whether removal was proper, the government was required to remove this action in the first instance. District courts that have waded into the thicket of § 233 post-*Blumberger* have proceeded under the same reasoning. *See, e.g.*, *L.J.C.*, 2024 WL 4648147, at *4 ("Nonetheless, the Court cannot grant Plaintiffs' and the Government's motions to remand, given that the case needed to be removed—specifically by the Government—months ago."); *Mixon v. WellSpace Health*, No. 2:24-CV-02290-DJC-CSK, 2025 WL 517676, at *7 (E.D. Cal. Feb. 18, 2025) ("[H]ad Defendant not already removed the case, the U.S. Attorney would have been obligated to remove the case to federal court. Given this conclusion, the Court finds that Defendant's early removal is ultimately moot."); *see also A.H. v. Khalifa*, No. 22-56061, 2024 WL 4119690, at *3 (9th Cir. Sept. 9, 2024) (in opinion issued concurrently with *Blumberger*, vacating the district court's remand order and remanding the case to the district court for further proceedings consistent with § 233 because the government was obligated to remove the case to federal court). The Court joins this consensus and finds that remand would be inappropriate under the circumstances. Accordingly, the Court **DENIES** the United States' Motion to Remand.[2]

Notwithstanding the Court's decision on the instant Motion, remand may still be proper under 42 U.S.C. § 233(c) if, upon a timely motion to remand, the district court determines that "the case so removed is one in which a remedy by suit within the meaning of subsection (a) . . . is not available against the United States[.]" *Blumberger*, 115 F.4th at 1140 (quoting 42 U.S.C. § 233(c)). At this hearing, the government is "free to contest" whether Eisner Defendants were "acting within the scope of their employment vis-à-vis the alleged acts of negligence." *Id.* Indeed, the government had made its ex-post coverage determination that Eisner Defendants were not acting within the scope of their employment. *See* Chapman Decl. ¶ 5, Ex. C. The parties agree that this action must be stayed in the interim. ECF 26 at 22-23; ECF 27 at 19 n.4; *see also*

---

[2] The Court need not address the parties' arguments regarding whether removal was permissible under 28 U.S.C. § 1442 because this case should have been removed under 42 U.S.C. § 233.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08715-MRA-MAR | Date | April 23, 2025 |
|---|---|---|---|
| Title | Veronica Paz Aguilar et al v. Catherine L. Jacobs, et al. | | |

42 U.S.C. § 333(*l*)(2) ("The civil action or proceeding shall be stayed . . . until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure" for the claims raised and "issues an order consistent with such determination").

### III. CONCLUSION

For the foregoing reasons, the Motion to Remand is **DENIED**. Thus, the Court hereby **STAYS** this action and **ORDERS** the parties to file within **30 days** of the date of this Order any motion to remand on the basis that Eisner Defendants were not acting within the scope of their employment.

**IT IS SO ORDERED.**

_ : _

Initials of Deputy Clerk    gga